Sheryl A. Traum (SBN 139328)
CHAPMAN & INTRIERI, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, California 94501-1090
Telephone: (510) 864-3600
Facsimile: (510) 864-3601

Attorneys for Defendants and Cross-Complainants
PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTELY, SR., ELLEN BRANTLEY,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10,<br><br>Defendants.<br>_____/<br>PRAVEEN CHANDRA, SCHWARTZ & FENSTER, P.C.,<br><br>Cross-Complainants,<br><br>LARRY TYRONE BRANTLEY, SR.; ELLEN BRANTLEY; GARRETT BOYD, ROBERT A. RASHEED, ACADEMY ESCROW, INC., MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC., and ROES 1-50,<br><br>Cross-Defendants.<br>_____/ | Civil Action No. 3:07-cv-06139-SC<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: December 4, 2007 |

Defendants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C. answer the complaint of Plaintiffs LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY as follows:

**RESPONSE TO PRELIMINARY ALLEGATIONS**

1. Answering paragraphs 1 to 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs and on that basis denies each and every allegation contained therein.

2. In answer to paragraph 5 of the complaint, defendants deny each and every allegation contained therein.

3. Answering paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In answer to paragraph 7 of the Complaint, Defendants admit that it is a professional law corporation doing business in Alameda County, and that it is serving as trustee and agent for Mr. Chandra in a foreclosure proceeding. Defendants deny all remaining allegations in this paragraph.

5. In answer to paragraph 9 of the complaint, defendants deny each and every allegation contained therein.

**RESPONSE TO FACTS COMMON TO ALL CAUSES OF ACTION**

6. Answering paragraphs 10 to 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Defendants admit that Mr. Chandra wired the loan monies with the cooperation of and according to the instructions provided by Academy Escrow.

7. In answer to paragraph 19 of the complaint, Defendants deny each and every remaining allegation in this paragraph.

8. In answer to paragraphs 20 to 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. In answer to paragraph 22 of the complaint, Defendants deny each and every allegation in this paragraph.

///

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

10. Answering paragraphs 23 and 24 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In answer to paragraphs 25 to 27 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**RESPONSE TO FIRST CAUSE OF ACTION**

12. Answering paragraph 28, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 11 of this answer.

13. Answering paragraphs 29 to 31, Defendants deny the allegations in these paragraphs.

**RESPONSE TO SECOND CAUSE OF ACTION**

14. Answering paragraph 32, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 13 of this answer.

15. Answering paragraphs 33 to 34, Defendants deny the allegations in these paragraphs.

**RESPONSE TO THIRD CAUSE OF ACTION**

16. Answering paragraph 35, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 15 of this answer.

17. Answering paragraphs 36 to 41, Defendants deny the allegations in these paragraphs.

**RESPONSE TO FOURTH CAUSE OF ACTION**

18. Answering paragraph 42, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 17 of this answer.

19. Answering paragraphs 43 to 46, Defendants deny the allegations in these paragraphs.

**RESPONSE TO FIFTH CAUSE OF ACTION**

20. Answering Paragraph 47, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 19 of this answer.

21. Answering paragraphs 48, Defendants admit the allegation in this paragraphs.

///

///

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

22. Answering paragraph 49, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraphs 50 to 51, Defendants deny the allegations in these paragraphs.

### RESPONSE TO SIXTH CAUSE OF ACTION

24. Answering paragraph 52, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 23 of this answer.

25. Answering paragraph 53 to 55, Defendants deny the allegations in these paragraphs.

### RESPONSE TO SEVENTH CAUSE OF ACTION

26. Answering paragraph 56, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 25 of this answer.

27. Answering paragraphs 57 to 59, Defendants deny the allegations in these paragraphs.

### RESPONSE TO EIGHTH CAUSE OF ACTION

28. Answering paragraph 60, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 27 of this answer.

29. Answering paragraphs 61 to 65, Defendants deny the allegations in these paragraphs.

### RESPONSE TO NINTH CAUSE OF ACTION

30. Answering paragraph 66, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 29 of this answer.

31. Answering paragraphs 67 to 70, Defendants deny the allegations in these paragraphs.

### RESPONSE TO REQUEST FOR INJUNCTIVE RELIEF

32. Answering paragraph 71, Defendants reallege and incorporate by referenced the admissions, allegations and denials in paragraphs 1 to 31 of this answer.

33. Answering the two paragraphs numbered 72, Defendants deny the allegations in these paragraphs.

### AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that this

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

complaint, and each cause of action thereof, does not state facts sufficient to constitute a cause of action against these answering Defendants.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that said complaint, and each cause of action thereof, is barred by the Statute of Limitations set forth in the California Code of Civil Procedure beginning with Section 335 and continuing through 349.4, more particularly, but not limited to, the following: Sections 338, 339, 340 and 343; and by Sections 2607(3)(a), 2725(1)-(2) of the California Commercial Code.

AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that said Plaintiffs were at fault in and about the matters referred to in the complaint and such fault on the part of the Plaintiffs and/or their agents proximately caused and contributed to the damages complained of, if any there were; and these answering Defendants further allege that any fault not attributable to said Plaintiffs and/or their agents was a result of fault on the part of persons and/or entities other than these answering Defendants. Such fault bars and/or proportionately reduces any recovery by Plaintiffs against these answering Defendants.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that should Plaintiffs recover from these answering Defendants, these answering Defendants are entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiffs' damages, if any there were.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that Plaintiffs and/or their agents directed, ordered, approved and ratified Defendants' conduct and Plaintiffs are therefore estopped from asserting any claim based thereon.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that

///

Plaintiffs and/or their agents failed and neglected to use reasonable care to minimize and mitigate the losses, injury and damages complained of, if any there were.

AS AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that the complaint is barred by virtue of the Plaintiffs' conduct, conduct of Plaintiffs' agents, and "unclean hands."

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all duties and obligations that they may have owed to the Plaintiffs arising out of any and all agreements, representations or contracts made by them or on behalf of these answering Defendants, and this action is therefore barred by the provision of the California Civil Code Section 1473.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that these answering defendants' conduct was not the legal proximate cause of Plaintiffs' injury because Plaintiffs' injury was caused by superseding intentional and/or criminal conduct of Defendant Garrett Boyd and/or his agents, and/or persons other than these answering Defendants which could not have been reasonably foreseen by these answering defendants.

AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that this complaint does not state facts sufficient to constitute the claims made in Plaintiffs' First and Second Causes of Action under the Federal Truth in Lending Act against Defendant PRAVEEN CHANDRA because the loan transaction between PRAVEEN CHANDRA and Plaintiffs did not involve consumer credit or any other type of credit regulated by the Federal Truth in Lending Act.

AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that this complaint does not state facts sufficient to constitute a claims made in Plaintiffs' First and Second Causes of Action under the Federal Truth in Lending Act against

Defendant PRAVEEN CHANDRA because PRAVEEN CHANDRA was not and never has been subject to regulation by the Federal Truth in Lending Act.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that Plaintiffs acted with the full knowledge of all the facts and circumstances surrounding their alleged injuries and thus assumed the risk of injury, if any.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that Plaintiffs were negligent and careless in and about the matters and events referred to in the complaint, which negligence and carelessness proximately caused and/or contributed to the liability, damages, or injuries sustained by Plaintiffs, if any there were or are. Said negligence and carelessness completely bars and/or reduces to the proportional extent of said negligence and carelessness, any decision, verdict or recovery to which Plaintiffs may be entitled.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CROSS-COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that if Plaintiffs, in fact sustained any damages or injuries by reason of any alleged act, omission or negligence on the part of these answering Defendants, such acts, omissions or negligence were passive or secondary in character; as a result of which Plaintiffs are not entitled to indemnity from these Defendants.

AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that this complaint does not state facts sufficient to constitute the claims made in Plaintiffs' Sixth Cause of Action for violation of the Rosenthal Fair Debt Collection Practices Act ("FDCPA") against these answering Defendants because the loan transaction between PRAVEEN CHANDRA and Plaintiffs is not a consumer credit transaction or any other type of transaction regulated by the FDCPA. Any conduct by these answering Defendants' related to Plaintiffs' failure to repay the $180,000.00 loan is not conduct regulated by the FDCPA.

///

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, these answering Defendants allege that this complaint, and each cause of action thereof, does not state facts sufficient to constitute a cause of action against these answering Defendants because Defendant SCHWARTZ & FENSTER, P.C. had no involvement in Plaintiffs' loan transaction at issue. Defendant SCHWARTZ & FENSTER, P.C. first became aware of the Plaintiffs' loan transaction after Plaintiffs had defaulted on their loan and was retained by Mr. Chandra to serve as the trustee in the nonjudicial foreclosure action involving Plaintiffs' property. Plaintiffs cannot allege any causal relationship between Defendant SCHWARTZ & FENSTER, P.C. and any alleged injury that was caused before Mr. Chandra retained SCHWARTZ & FENSTER, P.C.

WHEREFORE, these Defendants pray that Plaintiffs take nothing against them by way of their verified complaint, that Defendants have judgment for their costs of suit herein incurred, together with such other and further relief as the Court deems just and reasonable.

DATED: January 24, 2008                    CHAPMAN & INTRIERI, L.L.P.


                                           By:      / s / *Sheryl A. Traum*
                                                Sheryl A. Traum
                                                Attorneys for Defendant and Cross-
                                                Complainants

P:\DATA\Open Cases\85301\Pleadings\Answer.1.23.08.wpd

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

*Larry Tyrone Brantley, Sr. v. Garrett Boyd, et al*
**USDC, Case No. 3:07-cv-06139-SC**

**Our File # 853.01**

Proof of Service

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. I am employed by Chapman & Intrieri, L.L.P., and my business address is 2236 Mariner Square Drive, Third Floor, Suite 300, Alameda, California 94501-1090.

On **January 24, 2008,** I served the within:

**ANSWER TO COMPLAINT**

on the parties in this action, by transmitting a true copy of the foregoing document(s) in the following manner:

**XX**  **(BY ELECTRONIC SERVICE)** I caused to be delivered thorough the United States District Court's Pacer Website this date the above documents, for which our office will maintain the Pacer filing receipt, to the following:

| | |
|---|---|
| Dorothy D. Guillory, Esq. | Tel: (510) 639-2959 |
| 1271 Washington Avenue, Suite 380 | Fax: (510) 639-2961 |
| San Leandro, California 94577 | Attorneys for: Plaintiffs |

___  **(BY PERSONAL SERVICE)** I caused to be delivered by hand this date each of the above documents, to the following:

___  **(BY FACSIMILE)** I caused each of the above documents to be faxed this date to the offices of the following:

I declare under penalty of perjury that the foregoing is true and correct. Executed on **January 24, 2008,** at Alameda, California.

/ s / *Pamela Thompson*
Pamela Thompson