Sheryl A. Traum (SBN 139328)
CHAPMAN & INTRIERI, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, California 94501-1090
Telephone: (510) 864-3600
Facsimile: (510) 864-3601

Attorneys for Defendant and Cross-Complainants
PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY, | Civil Action No. 3:07-cv-06139-SC |
| Plaintiff, | **CROSS-COMPLAINT OF PRAVEEN CHANDRA AND SCHWARTZ & FENSTER, P.C. for:** |
| vs. | |
| GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10, | **1. Equitable Indemnity**<br>**2. Apportionment of Fault**<br>**3. Declaratory Relief**<br>**4. General Negligence**<br>**5. Fraud, Deceit and Misrepresentation**<br>**6. Violation of Financial Code 17000**<br>**7. Professional Negligence**<br>**8. Conversion**<br>**9. Quiet Title**<br>**10. Equitable Lien**<br>**11. Unjust Enrichment**<br>**12. Breach of Contract** |
| Defendants. | |
| PRAVEEN CHANDRA, SCHWARTZ & FENSTER, P.C., | |
| Cross-Complainants, | **DEMAND FOR JURY TRIAL** |
| LARRY TYRONE BRANTLEY, SR.; ELLEN BRANTLEY; GARRETT BOYD, ROBERT A. RASHEED, ACADEMY ESCROW, INC., MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC., "and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Cross-Complaint adverse to Cross-Complaint's title or any cloud on Cross-Complaints' title thereto" and ROES 1-50, | Complaint Filed:   December 4, 2007 |
| Cross-Defendants. | |

Comes now Cross-Complainants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C. (hereinafter collectively referred to as "Cross-Complainants") and cross complain against Cross-Defendants, and each of them, as follows:

## PARTIES

1.    Defendant and Cross-Complainant PRAVEEN CHANDRA (hereinafter "CHANDRA") is, and at all relevant times was, an individual residing in Chatsworth, California.

2.    Defendant and Cross-Complainant SCHWARTZ & FENSTER P.C., (hereinafter "SCHWARTZ") is, and at all relevant times was, a professional law corporation authorized to do business and doing business in the State of California.

3.    Cross-Complainants are informed and believe and thereupon allege, that Plaintiffs and Cross-Defendants LARRY TYRONE BRANTLEY, SR. and ELLEN BRANTLEY (hereinafter "BRANTLEYS"), are and at all times mentioned herein reside at 3120 San Andreas Drive, Union City, California.

4.    Cross-Complainants are informed and believe and thereupon allege, that Cross-Defendant GARRETT BOYD (hereinafter "BOYD") is, and at all times mentioned herein was, a real estate salesperson licensed with the California Department of Real Estate operating under the real estate broker license of Robert A. Rasheed.  BOYD resides at 3818 Opal Street, Oakland, California 94611, and does business in Alameda County, California.

5.    Cross-Complainants are informed and believe and thereupon allege, that Cross-Defendant ROBERT A. RASHEED (hereinafter "RASHEED") is, and at all times mentioned herein was, a real estate broker licensed with the California Department of Real Estate and is the employing broker for Garrett Boyd.  RASHEED does business as PTI Realty & Business Acquisition, and is an entity of unknown type or form that is authorized to do business in California, with its principal place of business in San Ramon, California.

6.    Cross-Complainants are informed and believe and thereupon allege, that Cross-Defendant MODO REALTY, INC. (hereinafter "MODO") is, and at all times mentioned herein was, a real estate and mortgage brokerage company licensed with the California Department of Real Estate.

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

MODO is a California corporation authorized to do business in the State of California, with its principal place of business in Marina Del Rey, California.

7.    Cross-Complainants are informed and believe and thereupon allege, that Cross-Defendant ROYAL CROWN MORTGAGE, INC. (hereinafter "ROYAL") is, and at all times mentioned herein was, a real estate and mortgage brokerage company licensed with the California Department of Real Estate, doing business as Royal Crown Real Estate.  ROYAL is a California corporation authorized to do business in the State of California, with its principal place of business in Marina Del Rey, California.

8.    Cross-Complainants are informed and believe and thereupon allege, that Cross-Defendant ACADEMY ESCROW, INC. (hereinafter "ACADEMY") is, and at all times mentioned herein was, a California corporation authorized to do business and doing business in the State of California with its principal place of business in Burbank, California.  ACADEMY  is an escrow agency subject to California Financial Code section 17000, et seq.

9.    Cross-Complainants are ignorant of the true names and capacities of the Cross-Defendants sued herein as ROES 1 through 50, inclusive, and therefore sues such Cross-Defendants by such fictitious names.  Cross-Complainants will amend this Cross-Complaint to allege their true names and capacities when they have been identified.  Cross-Complainants are informed and believe and thereupon allege that each such fictitiously named Cross-Defendant is responsible in some manner for the acts hereinafter alleged.  Cross-Complaints  hereby name "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the cross-complaint adverse to Cross-Complainant's title, or any cloud on Cross-Complainant's title thereto" (the "unknown defendants") who are unknown to Cross-Complainants.  These unknown Cross-defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Cross-Complainant and his claims, and each of them, constitute a cloud on Cross-Complainant's' title to that property.

10.    Cross-Complainants are further informed and believe and on that basis allege that each Cross-Defendant was the agent, servant or employee of each other Cross-Defendant and acted within the scope of such agency, service or employment in performing the acts hereinafter alleged.

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

## **FACTUAL BACKGROUND**

11.     MoDo REALTY, INC. and/or ROYAL CROWN MORTGAGE, INC. (hereinafter "BROKER DEFENDANTS") approached PRAVEEN CHANDRA about providing a short term real estate loan to the BRANTLEYS.  The BROKER DEFENDANTS represented to PRAVEEN CHANDRA that the loan was risk free and a good investment.  The BROKER DEFENDANTS transmitted to CHANDRA the title documents, the loan documents and all other documents related to the escrow of the BRANTLEYS loan.

12.     BRANTLEYS selected ACADEMY as the escrow agent for the loan which they were to receive from CHANDRA.

13.     In or about May, 2007, after reviewing the loan documents prepared by BROKER DEFENDANTS, and after reviewing the information provided to him by the BRANTLEYS and BROKER DEFENDANTS substantiating the value of the BRANTLEYS' security for the loan, CHANDRA agreed to lend the BRANTLEYS the sum of $180,000.00, and the BRANTLEYS agreed to abide by the terms of the loan documents which were prepared by BROKER DEFENDANTS (this transaction will hereinafter be referred to as "the loan.")  The loan was secured by a second deed of trust on Plaintiffs' real property located at 3120 San Andreas Drive, Union City, California.  That second deed of trust was executed on April 26, 2007 and recorded on May 4, 2007.  The loan was to be repaid in one installment of $180,000.00 with a one time only interest payment of $25,000.00, to be paid by July 1, 2007.

14.     After all loan documents were duly executed and notarized, CHANDRA received wiring instructions from ACADEMY and/or BROKER DEFENDANTS; immediately thereafter, CHANDRA wired the funds according to the instructions provided to him by Angie Lyon and/or Ann M. Nguyen, employees of ACADEMY.  CHANDRA was told the funds were being directed into the BRANTLEYS' escrow account with ACADEMY.

15.     Cross-Complainants are informed and believe that the BRANTLEYS obtained the loan from CHANDRA for the purpose of participating in an investment transaction with BOYD, and not for personal, family or household purposes.  Cross-Complainants are informed and believe that the BRANTLEYS did not intend to use the $180,000.00 themselves or for their household use, but

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

rather, they intended to allow the funds to remain in the escrow account for the duration of term of the loan so that BOYD could use the existence of these funds as collateral for another investment opportunity from which the BRANTLEYS intended to benefit; more specifically, at the conclusion of the afore-mentioned investment transaction which was purportedly being orchestrated by BOYD, BOYD promised that the BRANTLEYS would collect a $25,000.00 return on their investment from BOYD after the loan (and the agreed upon interest) had been repaid to CHANDRA.

16.    Cross-Complainants are informed and believe that at some point after CHANDRA wired the funds pursuant to the terms of the loan he made to the BRANTLEYS, ACADEMY caused the funds to be distributed to GARRETT BOYD rather than Plaintiffs. Cross-Complainant is further informed and believes that ACADEMY transferred the fund to BOYD based on verbal instructions from someone other than CHANDRA.

17.    Cross-Complainants are informed and believe that BOYD was acting as the agent for the BRANTLEYS for some or all of the loan transaction in which CHANDRA loaned the $180,000 to the BRANTLEYS. In addition, Cross-Complainants are informed and believe that BOYD, either acting on his own or under the authority of the BRANTLEYS, caused the funds to be distributed to himself and not the BRANTLEYS.

18.    Cross-Complainants are informed and believe that once the funds from the loan were distributed to BOYD, instead of using the funds as collateral for an investment opportunity (as he allegedly promised the BRANTLEYS he would do), BOYD subsequently used these loans funds for his own purposes in real estate transactions unrelated to the BRANTLEYS. Cross-complainants are further informed and believe that BOYD has not returned the funds to the BRANTLEYS, nor did BOYD pay the BRANTLEYS the return on their investment that BOYD had promised.

19.    Cross-Complainants are informed and believe that when the repayment of the loan between CHANDRA and the BRANTLEYS became due on July 1, 2007, the BRANTLEYS did not repay the loan in a timely manner as called for in the loan documents, and refused to have any contact with CHANDRA when he made inquiries about the BRANTLEYS intentions for repaying the loan. At that point, CHANDRA retained the legal services of SCHWARTZ & FENSTER, P.C. to assist in the non-judicial foreclosure process and the related trustee's sale proceedings of the BRANTLEYS'

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

above-described real property, which real property was used as security for the loan under the Deed of Trust executed as part of the loan documents. That trustee's sale proceeding was commenced, however, has been stayed. That proceeding has been stayed pursuant to a temporary restraining order related to the lawsuit filed by the BRANTLEYS in this action.

20.    Cross-Complainants are informed and believe that unbeknownst to Cross-Complainants the "Roe" Cross-Defendants and their agents were in some way involved in CHANDRA'S loan transaction with the BRANTLEYS, and that their involvement led, in some way, to the BRANTLEYS' failure to repay the loan, and subsequent forfeiture by the BRANTLEYS of their security under the loan obligation to CHANDRA.

21.    On or about November 8, 2007, Plaintiffs filed a complaint for damages in the California Superior Court for the county of Alameda, case no. RG07355554, against CHANDRA and SCHWARTZ and other Cross-Defendants Subsequently, Cross-Complainants removed the action to federal court on the grounds that the complaint alleges violations of the Federal Truth in Lending Act, which gives rise to a federal question, thus creating jurisdiction in the Federal Court.

### FIRST CAUSE OF ACTION
### Equitable Indemnity
### (As against all Cross-Defendants and Roes 1-50)

22.    Cross-Complainants incorporates by reference as though fully set forth herein Paragraphs 1 through 21.

23.    Cross-Complainants are informed and believe and thereon allege that if Cross-Complainants are determined to be liable to any party herein as a result of the incidents described in either Plaintiffs' (the BRANTLEYS') complaint or any cross complaint filed in this action, which liability Cross-Complainants deny, Cross-Complainants' liability would be based solely on a derivative form of liability not resulting from their conduct, but only from an obligation imposed by law based on the direct and primary acts or omissions of Cross-Defendants, and each of them are obligated to indemnify Cross-Complainants for costs incurred in defending this action and for any sum which

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

Cross-Complainants become obligated to pay to any party in the event of judgment against Cross-Complainants or settlement.

24.     Cross-Complainants further allege that in the event Cross-Complainants are held liable to any party in this action, which liability Cross-Complainants deny, such liability would be predicated upon concurrent acts and omissions of Cross-Defendants, and each of them.  Thus, Cross-Complainants are entitled to partial or total equitable indemnity from Cross-Defendants, and each of them, in the amount proportionate to their share of respective fault in connection with the underlying Plaintiffs' alleged damages.


**SECOND CAUSE OF ACTION**
**Apportionment of Fault**
**(As against all Cross-Defendants and Roes 1-50)**

25.     Cross-Complainants reallege and incorporate by reference as though fully set forth herein Paragraphs 1 through 24.

26.     Cross-Complainants are informed and believe and thereon allege that each Cross-Defendant was responsible, in whole or in part, for the injuries, if any, suffered by Plaintiffs (the BRANTLEYS.)  If Plaintiffs recover a judgment against Cross-Complainants and Cross-Defendants herein named, or any of them in the principal action, such judgment should be apportioned between Cross-Complainants and the Cross-Defendants, and each of them, on theories of relative fault, equitable indemnity, partial or total indemnity.


**THIRD CAUSE OF ACTION**
**Declaratory Relief**
**(As against all Cross-Defendants and Roes 1-50)**

27.     Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 26.

28.     A dispute has arisen and an actual controversy exists between Cross-Complainants and Cross-Defendants, and each of them.  Cross-Complainants contends that responsibility, if any, for the damages alleged by the underlying Plaintiffs in the complaint, rests entirely or partially on Cross-Defendants, and each of them, and thus Cross-Defendants are obligated to partially or fully

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

indemnify Cross-Complainant for sums Cross-Complainant may expend in the defense of this matter and/or may be compelled to pay to any party herein, including all attorney's fees and costs incurred.

29.    Cross-Complainant desires a judicial determination of the respective rights and the duties of Cross-Defendants in connection with the matters herein alleged, and a judgment in Cross-Complainant's favor, as to any obligations by said Cross-Defendants, and each of them, to Cross-Complainant herein.

**FOURTH CAUSE OF ACTION**
**General Negligence**
**(As against all Cross-Defendants and Roes 1-50)**

30.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 29.

31.    Cross-Complainants are informed and believe and thereon allege that Cross-Defendants owed a duty of care to CHANDRA with regard to their involvement in the loan transaction to prevent harm to CHANDRA.

32.    Cross-complainants are informed and believe and thereon allege  that Cross-Defendants also owed a duty of care to CHANDRA created by federal and/or state statutes.

33.    Cross-complainants are informed and believe and thereon allege  that Cross-Defendants breached their duty of care as alleged above, causing injury and damages to CHANDRA .

34.    Cross-complainants are informed and believe and thereon allege  that as the proximate result of Cross-Defendants' negligence, CHANDRA has been damaged in the sum not less than $180,000.00, being the entire amount deposited by Cross-Complainant PRAVEEN CHANDRA in the escrow, and the interest owed on said sum, which is not less than the amount agreed upon in the loan transaction with the BRANTLEYS up to the end of the term of the loan, and thereafter, not less than 10% per annum from the date of the breach to the date when CHANDRA is repaid the outstanding amount owed on the loan (including interest.)

///

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

## FIFTH CAUSE OF ACTION
### Fraud, Deceit and Misrepresentation
### (Against all Cross-Defendants and Roes 1-50.)

35.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 34.

36.    Cross-Complainants are informed and believe and thereon allege that Cross-Defendants were in a fiduciary relationship with Cross-Complainant CHANDRA as brokers, escrow companies, and/or borrowers.

37.    Cross-complainants are informed and believe and thereon allege that Cross-Defendants and/or their agents and employees, falsely represented to Cross-Complainant CHANDRA that the loan funds would be distributed to the BRANTLEYS and repaid to CHANDRA pursuant to the terms of the loan documents.  In addition, Cross-complainants are informed and believe that Cross-Defendants intentionally, and with knowledge of the irregularity and unlawfulness of the transaction, allowed the funds loaned by CHANDRA to the BRANTLEYS to be distributed to BOYD.

38.    Cross-complainants are informed and believe and thereon allege that Cross-Defendants intended CHANDRA to rely on their fraudulent representations in leading him to enter into the loan transaction with the BRANTLEYS, and that CHANDRA did, in fact, rely on those representations to his detriment.  Moreover, it was reasonable for CHANDRA to rely on their representations in this loan transaction in which he transmitted his $180,000.00 according to the written instructions provided to him by ACADEMY, and he reasonably relied on the express and implied representations of Cross-defendants that the funds would be lawfully transmitted  to the BRANTLEYS according to the terms of the loan agreement, and according to the standard procedures and legal obligations which escrow officers and loan brokers are required to follow.  Moreover, CHANDRA's reasonable reliance on Cross-Defendants' false representations resulted  in the BRANTLEYS defaulting on their loan and subsequently bringing this lawsuit against Cross-Complainant, all of which is a grave detriment to CHANDRA.

///

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

**SIXTH CAUSE OF ACTION**
**Negligence Per Se - Violation of Financial Code section 17000 et seq.**
**(As against all ACADEMY ESCROW, INC. and Roes 1-50)**

39.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 38.

40.    Cross-complainants are informed and believe and thereon allege that Cross-Defendant ACADEMY  is an escrow agency subject to California Financial Code section 17000, et seq.

41.    Cross-complainants are informed and believe and thereon allege that Cross-Defendant ACADEMY violated Financial Code section 17000, et seq, when it failed to deliver the loan funds placed in escrow by CHANDRA directly to the BRANTLEYS according to the escrow instructions, and when it transferred escrow funds based on verbal instructions from an unknown third party, possibly one of the Cross-defendants herein.

42.    Cross-complainants are informed and believe and thereon allege that Cross-Defendant ACADEMY's violation of section 17000 et seq  was a substantial factor in bringing about Cross-Complainant's harm because it caused the loan funds to be diverted to BOYD and not to the BRANTLEYS.  Cross-complainants are informed and believe and thereon allege that this unlawful act and/or omission by ACADEMY caused and/or contributed to the default by the BRANTLEYS on their loan obligation to CHANDRA, and has deprived Cross-Complainant CHANDRA of the funds he loaned to the BRANTLEYS.

43.    Cross-complainants are informed and believe and thereon allege that as a proximate result of Cross-Defendants' conduct, PRAVEEN CHANDRA has been damaged in the sum not less than $180,000.00, plus interest, being the entire amount deposited by Cross-Complainant CHANDRA in the escrow account, and the interest he would have earned on that amount but for the unlawful conduct of Cross-defendants.

///

///

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

**SEVENTH CAUSE OF ACTION**
**Professional Negligence**
**(As against ACADEMY ESCROW, INC., MODO REALTY, INC.**
**AND ROYAL CROWN MORTGAGE, INC., and Roes 1-50)**

44.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 43.

45.    Cross-complainants are informed and believe and thereon allege that Cross-Defendant ACADEMY and/or other Cross-Defendants served as the escrow officer for the subject loan transaction between CHANDRA and the BRANTLEYS, and therefore had a duty of care to CHANDRA and the BRANTLEYS to use such skill, care, and diligence as other professional escrow officers commonly possess and exercise. Cross-complainants are informed and believe and thereon allege that Cross-Defendants negligently and careless performed the duties of escrow officer in regard to the loan transaction between CHANDRA and the BRANTLEYS, to wit, Cross-Defendants, and each of them, failed to exercise reasonable skill and diligence in carrying out the escrow instructions for transfer of the loaned funds to the BRANTLEYS. Cross-complainants are informed and believe and thereon allege that as a proximate result thereof, CHANDRA has been damaged in the sum of $180,000, plus interest, being the entire amount deposited by Mr. Chandra in the escrow, together with the interest owed on the transaction by the BRANTLEYS for the term of the loan, and interest for all the time thereafter when the loan remains unpaid at the legal rate of interest thereon per annum.

46.    Cross-complainants are informed and believe and thereon allege that Cross-Defendants MODO and/or ROYAL were the mortgage broker(s) for the subject loan between CHANDRA and the BRANTLEYS. Cross-complainants are informed and believe and thereon allege that Cross-Defendants failed to act as reasonably careful professional mortgage brokers have a duty to act under the same or similar circumstances.

47.    Cross-complainants are informed and believe and thereon allege that as a proximate result of the professional negligence of MODO and/or ROYAL, CHANDRA has been damaged in the sum of $180,000, plus interest, being the entire amount deposited by Mr. Chandra in the escrow,

together with the interest owed on the transaction by the BRANTLEYS for the term of the loan, and interest for all the time thereafter when the loan remains unpaid at the legal rate of interest thereon per annum.

**EIGHTH CAUSE OF ACTION**
**Conversion of Money**
**(As Against GARRETT BOYD and Roes 1-50)**

48.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 47.

49.    Cross-complainants are informed and believe and thereon allege that Cross-Complainant CHANDRA caused $180,000.00 of his monies to be wired into an escrow account in accordance with the terms of a loan contract with Plaintiffs as alleged herein, and in accordance with escrow instructions CHANDRA received from ACADEMY and/or other Cross-Defendants. Cross-complainants are informed and believe and thereon further allege that Cross-Defendant BOYD intentionally and without the consent of CHANDRA (but possibly with the consent of the BRANTLEYS) caused said loan funds to be disbursed to himself (BOYD) rather than the BRANTLEYS (the intended recipients of the funds), thereby detaining and converting said funds for BOYD's own use.

50.    Cross-complainants are informed and believe and thereon allege that CHANDRA has been damaged in the sum of $180,000, plus interest, being the entire amount deposited by Mr. Chandra in the escrow, together with the interest owed on the transaction by the BRANTLEYS for the term of the loan, and interest for all the time thereafter when the loan remains unpaid at the legal rate of interest thereon per annum.

**NINTH CAUSE OF ACTION**
**Quiet Title**
**(As against the BRANTLEYS and any other parties claiming title to the real property known as 3120 San Andreas Drive, Union City, California, and Roes 1-50)**

51.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 50.

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

52.    Cross-complainants are informed and believe and thereon allege that the property which the BRANTLEYS pledged as security for the subject loan transaction, and which is the subject of this action, is located at 3120 San Andreas Drive, Union City, California in the county of Alameda, assessors parcel number 483 00460 036, and legally described as follows:  Lot 204, Map of Tract 3111, Casa Verde Unit No. 5, Filed in Map Book 65 Pages 21 to 23, inclusive, Alameda County Records. [and which is described in "Exhibit A" to the relevant loan documents, which is also attached hereto as "Exhibit A" to this Cross-Complaint.]

53.    Cross-complainants are informed and believe and thereon allege that the BRANTLEYS (Plaintiffs Larry Brantley and Ellen Brantley, husband and wife, as joints tenants) were the original Trustors of the property.  CHANDRA became the beneficiary and trustee of that certain second deed of trust alleged above.  By the terms of second deed of trust,  and as a result of the BRANTLEYS' default on their loan obligations under the loan from CHANDRA, CHANDRA now lawfully holds title to the property.

54.    On or about July 3, 2007, CHANDRA substituted the law firm of Cross-Complainant SCHWARTZ & FENSTER, P.C. as trustee of said second deed of trust.

55.    Cross-Complainants ask the Court for a determination that the second deed of trust is valid and lawfully obtained, and  not obtained fraudulently, and that the BRANTLEYS have defaulted on their loan obligation to CHANDRA, and therefore, that CHANDRA, and not the BRANTLEYS, holds title to the property described.

**TENTH CAUSE OF ACTION**
**Equitable Lien**
**(As against BOYD and Roes 1-50)**

56.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 55.

57.    Cross-complainants are informed and believe and thereon allege that Cross-Defendant BOYD holds title to the following properties:

2484 Inez Way, Antioch, California

2488 Inez Way, Antioch, California

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

CROSS-COMPLAINT OF PRAVEEN CHANDRA AND SCHWARTZ & FENSTER, P.C. 3:07-cv-06139-SC

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

5125 Deerspring Way, Antioch, California

2443 Anita Court, Antioch, California

58.    Cross-complainants are informed and believe and thereon allege that that BOYD used the proceeds of the loan between the BRANTLEYS and CHANDRA ($180,000.00) toward the purchase and/ or improvement of one or more of the above-listed properties. Cross-Complaints desire that the court create an equitable lien on these properties in order to allow CHANDRA to use those properties as security to aid in the recovery of the funds loaned by CHANDRA to the BRANTLEYS under the subject loan agreement.

## ELEVENTH CAUSE OF ACTION
### Unjust Enrichment
### (As against BRANTLEYS, BOYD and Roes 1-50)

59.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 58.

60.    Cross-Complainants are informed and believe and thereon allege that the conduct of Cross-Defendants, as alleged in more detail above, included, but is not limited to, negligent and /or false representations and promises made to CHANDRA without the intention to perform them. Cross-Complaints allege that Cross-Defendants' conduct did, in fact, result in manifest unfairness and oppression to Cross-Complainants because CHANDRA has wired $180,000 of his monies to the BRANTLEYS which Cross-Complainants are informed and believe were received by BOYD and/or the BRANTLEYS. The Cross-Defendants have become unjustly enriched by refusing to repay the loan monies to CHANDRA and by restraining Cross-Complainants from foreclosing on the property that secured the loan.

61.    Therefore, in addition to the other claims and causes of action stated herein, Cross-Complainants request that the Court, in equity and justice, make such orders as will prevent Cross-Defendants from being unjustly enriched by their wrongful actions, and which will compensate Cross-Complainants for the loan monies received by the Cross-Defendants, which would otherwise inure to become an unjust enrichment to Cross-Defendants.

**Twelfth  CAUSE OF ACTION**
**Breach of Contract**
**(As against BRANTLEYS and Roes 1-50)**

62.    Cross-Complainants re allege and incorporate by reference as though fully set forth herein Paragraphs 1 through 61.

63.    As a result of all the acts, and omissions and events alleged in detail above, Cross-Complainants are informed and believe and thereon allege that Cross-Defendants have breached the contracts involved in this transaction, including but not limited to the Short Form Deed of Trust and Assignment of Rents and the Straight Note secured by the second deed of trust on the BRANTLEYS property. Moreover, Cross-Complainants allege that as a result of the conduct of Cross-Defendants described in detail above, Cross-Defendants have breached the covenant of good faith and fair dealing, among other legal duties owed to Cross-Complainants, including but not limited to refusing to repay the loan, obtaining a restraining order preventing the foreclosure of the second of trust, and other negligent and/or wrongful and/or fraudulent and deceitful conduct which was performed with the intention of causing undue harm and prejudice to Cross-Complainants while at the same time causing unjust enrichment to Cross-Defendants.

64.    Cross-Complainants are informed and believe and thereon allege that as a result of the Cross-Defendants' improper conduct and breaches of contract, Cross-Complainants are entitled to all damages as a result of said breaches, and damages for restoring Cross-Complainants to the position he would have occupied had the breaches not occurred, including but not limited to the damages for interference with prospective economic advantage caused by the breaches, damages for actual consequential damages and any other damage which may, as yet, be unknown to Cross-Complainants.

**PRAYER FOR RELIEF**

WHEREFORE, this Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as follows:

1.    On the First Cause of Action, complete equitable indemnity from any liability and/or judgment in favor of any party herein, against Cross-Complainant, including, as determined by the

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

Court to be proper, all attorneys' fees and costs incurred herein by Cross-Complainants;

2.    On the Second Cause of Action, a determination of Cross-Complainants' rights to equitable indemnity and/or contribution according to the principles of comparative fault;

3.    On the Third Cause of Action for declaratory relief, that the Court declare the rights, duties and obligations of Cross-Complainants and Cross-Defendants, and each of them;

4.    On the Fourth Cause of Action for General Negligence, for compensatory damages according to proof, along with prejudgment interest;

5.    On the Fifth Cause of Action for Fraud and Deceit, for compensatory damages according to proof, and for exemplary and punitive damages for malicious and fraudulent conduct as described herein and further proved after discovery in this action;

6.    On the Sixth Cause of Action for escrow violations,  for consequential damages, prejudgment interest, and, attorneys fees and costs, pursuant to Prentice v. North Am Title Guar. Corp, 59 Cal.2d 618.

7.    On the Seventh Cause of  Action for professional negligence, for compensatory damages, prejudgment interest, and attorneys fees and costs, pursuant to Prentice v. North Am Title Guar. Corp, 59 Cal.2d 618.

8.    On the Eighth Cause of Action for Conversion, for an order of the Court that the Cross-Defendants who are found to have converted funds loaned by CHANDRA must repay said funds within a certain time frame, to be set by the court, along with the interest called for in the loan agreement, and prejudgment interest for the time period after the loan was to be repaid under the terms of the loan, and any other damages which the Court deems proper, including enhanced, exemplary and punitive damages for the intentional wrongful conduct of converting said funds.

9.    On the Ninth Cause of Action  for Quiet Title, for an order of this court stating that the legal title and interest in the BRANTLEYS' real property located at 3120 San Andreas Drive, Union City, California in the county of Alameda, assessors parcel number 483 00460 036, which property was pledged as security for the loan from CHANDRA, is now vested in CHANDRA due to the fact that the BRANTLEYS have defaulted on the loan from CHANDRA.

10.    On the Tenth Cause of Action for  Equitable Lien, for an order from the Court that

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

CHANDRA shall have an equitable lien on all of the properties listed in that cause of action to hold as security to assure that BOYD repays the funds loaned by CHANDRA to the BRANTLEYS, which funds were used and/or converted by BOYD and/or other Cross-Defendants somehow involved with BOYD's investment scheme.

11.    On the Eleventh Cause of Action for Unjust Enrichment, for all allowable damages on all causes of action in excess of the minimum jurisdictional limit of the court, according to proof at trial; for prejudgment interest on all sums awarded at the maximum legal rate; for an Order granting restitution for all sums by which Cross-Defendants have been unjustly enriched; for such other and further relief as the Court may deem just and proper.

12.    On the Twelfth Cause of Action for Breach of Contract, for all allowable damages on all causes of action in excess of the minimum jurisdictional limit of the court, according to proof at trial; for prejudgment interest on all sums awarded at the maximum legal rate; for professional and technical fees and costs spent in investigating and analyzing the damages caused by Cross-Defendants' conduct alleged herein; and  for such other and further relief as the Court may deem just and proper.

13.    For such other and further relief as the Court may deem just and proper.

DATED: January 24, 2008                    CHAPMAN & INTRIERI, L.L.P.


By:    _/ s / Sheryl A. Traum_____
        Sheryl A. Traum
        Attorneys for Defendants

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

P:\DATA\Open Cases\85301\Pleadings\CROSS COMPLAINT.wpd

ALTA RESIDENTIAL LIMITED COVERAGE
JUNIOR LOAN POLICY (10/19/96)

Policy No.:  **EX638629**
Order No.:  **00362439-MSI**

# EXHIBIT "A"

# LEGAL DESCRIPTION

All that certain real property situated in the County of **Alameda**, State of California, described as follows:

LOT 204, MAP OF TRACT 3111, CASA VERDE UNIT NO. 5, FILED IN MAP BOOK 65 PAGES 21 TO 23, INCLUSIVE, ALAMEDA COUNTY RECORDS.

**APN:  483-0046-036**

**MMS:9/11/07**

*Larry Tyrone Brantley, Sr. v. Garrett Boyd, et al*
**USDC, Case No. 3:07-cv-06139-SC**

VERIFICATION

I, Stephen Fenster, am a principal in the law firm of Schwartz & Fenster, P.C. and am authorized to make this verification on its behalf. Schwartz & Fenster, P.C. is a Defendant and Cross-Complainant is this action. I have read the foregoing Cross-Complaint which includes a Cause of Action to Quite Title. I am informed and believe that the matters in it are true and on that ground allege that the matters stated in the Cross-Complaint are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 23 day of JANUARY, at Woodland Hills California.

Stephen Fenster

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE LOOP
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE (510) 864-3600
FACSIMILE (510) 864-3601

*Larry Tyrone Brantley, Sr. v. Garrett Boyd, et al*
USDC, Case No. 3:07-cv-06139-SC

## VERIFICATION

I, PRAVEEN CHANDRA, am a          Defendant and Cross-Complainant is this action. I have read the foregoing Cross-Complaint which includes a Cause of Action to Quite Title.   I am informed and believe that the matters in it are true and on that ground allege that the matters stated in the Cross-Complaint are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this  2 3  day of January , at Chatsworth , California.

Praveen Chandra

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2105 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 200
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601

VERIFICATION OF PRAEEN CHANDRA TO CROSS-COMPLAINT - USDC, Case No. 3:07-cv-06139-SC

*Larry Tyrone Brantley, Sr. v. Garrett Boyd, et al*
**USDC, Case No. 3:07-cv-06139-SC**

**Our File # 853.01**
_____

Proof of Service

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. I am employed by Chapman & Intrieri, L.L.P., and my business address is 2236 Mariner Square Drive, Third Floor, Suite 300, Alameda, California 94501-1090.

On **January 24, 2008,** I served the within:

**CROSS-COMPLAINT OF PRAVEEN CHANDRA AND SCHWARTZ & FENSTER, P.C.**

on the parties in this action, by transmitting a true copy of the foregoing document(s) in the following manner:

  **XX**    **(BY ELECTRONIC SERVICE)**  I caused to be delivered thorough the United States District Court's Pacer Website this date the above documents, for which our office will maintain the Pacer filing receipt, to the following:

Dorothy D. Guillory, Esq.                        Tel:      (510) 639-2959
1271 Washington Avenue, Suite 380       Fax:     (510) 639-2961
San Leandro, California 94577               Attorneys for: Plaintiffs

____    **(BY PERSONAL SERVICE)** I caused to be delivered by hand this date each of the above documents, to the following:

____    **(BY FACSIMILE)** I caused each of the above documents to be faxed this date to the offices of the following:

I declare under penalty of perjury that the foregoing is true and correct.  Executed on **January 24, 2008,** at Alameda, California.

        _/ s / Pamela Thompson_
            Pamela Thompson

CHAPMAN & INTRIERI, L.L.P.
ATTORNEYS AT LAW
2236 MARINER SQUARE DRIVE
THIRD FLOOR, SUITE 300
ALAMEDA, CALIFORNIA 94501
TELEPHONE: (510) 864-3600
FACSIMILE: (510) 864-3601