Sheryl A. Traum (SBN 139328)
CHAPMAN & INTRIERI, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, California 94501-1090
Telephone: (510) 864-3600
Facsimile: (510) 864-3601

Attorneys for Defendant and Cross-Complainants
PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10,<br><br>Defendants.<br>_____<br>AND RELATED CROSS-ACTIONS<br>_____ | Civil Action No. 3:07-cv-06139-SC<br><br>**CROSS-COMPLAINANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Complaint Filed: December 4, 2007** |

Defendants and Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C. ("Cross-Complainants") hereby submit the following separate case management statement. Cross-Complainants was unable, despite reasonable efforts, to obtain the cooperation of Plaintiffs counsel in the preparation of a joint case management statement. Academy Escrow, Inc. is the only other party who has appeared in this action. Its answer was filed on March 10, 2008. (See Declaration of Sheryl A. Traum filed herewith.)

///

///

**JURISDICTION AND SERVICE**

The basis for this Court's subject matter jurisdiction over this action is that Plaintiffs' complaint involves federal questions, therefore, this court has original jurisdiction pursuant to United States Code, Title 28, Section 1331. Plaintiffs' complaint includes causes of action alleging violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with 15 USC sections 1601, et seq. and section 1640.

There is no issue regarding personal jurisdiction as all parties reside or have their principal place of business in California.

Therefore, venue in this court is not proper.

Cross-Complainants have served all parties, except Garrett Boyd, with the summons for cross-complaint, the cross-complaint, Plaintiffs' complaint, and all other required pleadings and forms. Cross-Complainants have diligently attempted to serve Garrett Boyd, who it appears is evading service. Cross-Complainants are continuing to actively locate and attempt to serve Garrett Boyd. Cross-Complainants propose that the deadline to serve Garrett Boyd remain open while they continue their investigation and attempts to perfect service.

No response to the Cross-Complaint has been filed by Plaintiffs, Cross-Defendant Robert A. Rasheed, Cross-Defendant Modo Realty, Inc. or Cross-Defendant Royal Crown Mortgage. Academy Escrow, Inc. answered the Cross-Complaint on March 10, 2008.

It is unclear whether Plaintiffs have perfected service of the complaint on the other defendants. No party other than Cross-Complainants have filed a response to Plaintiffs' complaint.

**FACTS**

**PLAINTIFFS' FACTS**

According to Plaintiffs complaint, during the later part of 2006, "Garrett Boyd approached the Brantley's in person with what he described as an investment opportunity. Boyd represented that he was in the process of acquiring a piece of valuable property, that he had other investors, but needed one more. He further represented that all the Brantleys had to do was to refinance their home for $180,000.00, then hold the $180,000 in escrow for about 60 days. He assured the Brantleys that the

money in escrow would not be touched...and that at the end of escrow, the money would be released back to the Brantleys. He further stated that ...the Brantleys would get $25,000 for allowing him to use their equity for the acquisition. Boyd further stated that he would acquire the lender, real estate company and escrow company to handle the transaction."

It appears from the facts alleged in Plaintiffs' complaint that Boyd arranged for Academy Escrow, Inc. to serve as the escrow agent for the loan, and MoDo Realty, Inc. to broker the loan.

In May 2007, the Brantleys "signed a Short Form Second Deed of Trust on their home, and a Straight Note for $205,000 which was due on July 1, 2007." "In May 2007, Chandra...with the cooperation of Academy Escrow, bank-wired the monies he was suppose to have placed in escrow for the Brantleys directly to a private bank account at First Bank in Woodland Hills, California. Plaintiffs later learned that Boyd received their loan monies from this account." Boyd admitted to the Brantleys that "he used the loan funds to pay the housenotes on 4-5 properties he owns in the Eastbay."

"[I]n October, 2007, Schwartz & Fenster sent the Brantleys a Notice of Default on the loan which the Brantleys never received." "On October 23, 2007, Chandra and Schwartz & Fenster caused to be posted on the door of the Brantleys residence a Notice of Trustee Sale indicating that their home was going to be sold at public auction..." Plaintiffs obtained a temporary restraining order to stop the foreclosure and filed this action in Alameda Superior Court.

**CROSS-COMPLAINANTS' FACTS**

MoDo Realty, Inc., also known as Royal Crown Mortgage, Inc. (hereinafter the "Broker Defendants") approached Defendant and Cross-Complainant Praveen Chandra (hereinafter "Chandra") about providing a short term real estate loan to Plaintiffs. The Broker Defendants prepared and transmitted to Chandra all the necessary documents for the loan. The escrow agent for the loan was Academy Escrow, Inc. (hereinafter "Academy"). In and around May 2007, Chandra wired the $180,000 loan monies according to the instructions provided to him by the Broker Defendants and/or Academy Escrow, Inc. Chandra entrusted the loan funds to Academy and the Broker Defendants to transmit them to the Brantleys, who were the borrowers under the loan documents. The loan became due on July 1, 2007; however, the Plaintiffs did not and have not repaid

the loan. Soon thereafter, Chandra hired Schwartz & Fenster, P.C. to assist in the non-judicial foreclosure process and the related trustee's sale proceeding of the Plaintiffs' real property, which was used as security for the loan. Although the trustee's sale was commenced, it has been stayed pursuant to a temporary restraining order related to the lawsuit filed by Plaintiffs, who claim they did not receive the loan funds. It appears the funds may have been directed to Garret Boyd for some reason, who has failed to account for the funds.

**PRINCIPAL FACTUAL ISSUES**

The principal factual issues in dispute are:

1) Who is responsible for the misappropriation of the funds loaned by Mr. Chandra.

2) Did Academy intentionally or negligently cause the loan monies to be released to Garrett Boyd.

3) Did the Broker Defendants intentionally or negligently cause the loan monies to be released to Garrett Boyd.

4) Did Plaintiffs intentionally or negligently cause the loan monies to be released to Garrett Boyd.

5) When will funds be repaid to Chandra.

6) Did anyone participant in "Elder Financial Abuse" during the course of this transactions.

7) Did the Broker Defendants prepare appropriate loan documents.

**LEGAL ISSUES**

Federal Truth in Lending Act

Plaintiffs complaint includes causes of action against Chandra alleging violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with 15 USC sections 1601, et seq. and section 1640 ("TILA"). A legal issue exists as to whether Chandra is a "lender" or "creditor" subject to TILA. A legal issue also exists as to whether the loan transaction, which was for investment purposes, is regulated by TILA.

///

///

### Rosenthal Fair Debt Collection Practices Act

Plaintiffs have alleged that Chandra and Schwartz & Fenster, P.C. have violated California Civil Code section 1788 et. seq., known as the Rosenthal Fair Debt Collections Practices Act ("FDCPA"). A legal issue exists as to whether Chandra and Schwartz & Fenster, P.C. are "debt collectors" or "creditors" as defined by FDCPA and therefore whether they are subject to the Act. An additional legal issue exists as to whether the FDCPA applies to this loan transaction and whether it meets the definition of "consumer credit."

### California Elder Abuse and Dependent Adult Civil Protection Act

Plaintiff Larry Brantley, Sr. has alleged that he is a victim of elder abuse as defined by California Welfare and Institutions Code sections 15600, et seq. Plaintiff alleges that Cross-Complainants had a fiduciary relationship with Plaintiff such that there is a presumption of fraud. A legal issue exists as to whether a fiduciary relationship existed between Plaintiff and Cross-Complainants, and therefore, whether fraud may be presumed.

**MOTIONS**

There are no prior or pending motions. Cross-Complainants anticipate filing a motion for summary judgment at sometime in the future.

**AMENDMENT OF PLEADINGS**

The pleadings may need to be amended to add Doe defendants and causes of action if discovery reveals new facts. Because not all parties have answered or been served, the Cross-Complainants request that the deadline for amending the pleadings be left open at this time.

**EVIDENCE PRESERVATION**

Cross-Complainants have taken steps to preserve relevant evidence, including obtaining paper copies all relevant email. Once the other parties to this action have appeared, Cross-Complainant will inquire into their evidence preservation efforts.

**DISCLOSURES**

5
Case Management Statement 3:07-cv-06139-SC

Cross-Complainants have made a disclosure pursuant to Fed. R. Civ. P. 269(f), to the extent that they were able given that not all parties have appeared or been served. Once other parties have appeared, the parties will confer to complete the required initial disclosures.

## DISCOVERY

No discovery has taken place to date. Once other parties have been served and appear, the parties will confer and a discovery plan can be agreed upon pursuant to Fed. R. Civ. P. 26(f).

## RELATED CASES

Cross-Complainants initiated a non-judicial foreclosure and trustee's sale proceeding of the Plaintiffs' real property which was used to secure the loan that is the subject of this litigation. Plaintiffs caused the proceeding to be stayed pursuant to a temporary restraining order issued by the Family Law Division of Alameda Superior Court, in case number RF07355570.

## RELIEF

### Cross-Complainants

1) Compensatory damages not less than $180,000, plus attorneys' fees and prejudgment interest. These damages are calculated on the basis of the amount Chandra loaned to the Brantleys and which has not been repaid.

2) Equitable lien on all real property owned by Garrett Boyd as security to assure that Garrett Boyd repays the funds loaned by Chandra to Plaintiffs.

3) Equitable indemnity and/or contribution from all cross-defendants including attorneys fees and costs.

4) Declaratory Relief to determine Cross-Complainants' rights to equitable indemnity and/or contribution according to the principals of comparative fault; and to declare the rights, duties and obligations of the parties.

5) Attorneys fees and costs pursuant to *Prentice v. North Am Title Guar. Corp.* 59 Cal.2d.618.

6) Exemplary and punitive damages.

7) Enforcement of lien on Brantley's property as provided in the Deed of trust relating to the subject loan as soon as appropriate and/or as court allows.

**SETTLEMENT**

Plaintiffs and Cross-Complainants have stipulated to participate in a court sponsored mediation. Pursuant to the order of the court, that mediation must be completed by June 2, 2008. In order to position the parties to negotiate a resolution, the following discovery will be necessary: 1) discovery regarding the involvement of Academy Escrow, Inc. and the Broker Defendants in the loan transaction and escrow of the loan; and, 2) discovery regarding the relationship between Robert A. Rasheed and Garrett Boyd.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Cross-Complainant does not consent to a magistrate judge for all purposes, but are willing to work with a magistrate for settlement negotiations.

**NARROWING OF ISSUES**

The legal issues discussed above may be resolved by way of motion or agreement allowing one or more cause(s) of action to be dismissed.

**EXPEDITED SCHEDULE**

Once all parties appear and have been served, Cross-Complainants believe at this time that this case can be handled on an expedited basis.

**SCHEDULING**

Given that not all parties have appeared or been served, Cross-Complainant requests that the proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial be postponed until all parties can confer.

**TRIAL**

Plaintiffs and Cross-Complainants have requested a jury trial. Cross-Complainants anticipate that this trial will require six to ten court days.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L. R. 3-16, other than the named parties, Cross-Complainants know of no other interested entities or persons.

DATED: March 14, 2008                             CHAPMAN & INTRIERI, L.L.P.

By:    /s/ *Sheryl A. Traum*
Sheryl A. Traum
Attorneys for Defendants and Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C.

P:\DATA\Open Cases\85301\Pleadings\CMC Statement.wpd

*Larry Tyrone Brantley, Sr. v. Garrett Boyd, et al*
**USDC, Case No. 3:07-cv-06139-SC**

**Our File # 853.01**
_____

Proof of Service

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. I am employed by Chapman & Intrieri, L.L.P., and my business address is 2236 Mariner Square Drive, Third Floor, Suite 300, Alameda, California 94501-1090.

On **March 14, 2008,** I served the within:

**CROSS-COMPLAINANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

on the parties in this action, by transmitting a true copy of the foregoing document(s) in the following manner:

  **XX**   **(BY ELECTRONIC SERVICE)**  I caused to be delivered thorough the United States District Court's Pacer Website this date the above documents, for which our office will maintain the Pacer filing receipt, to the following:

| | |
|---|---|
| Dorothy D. Guillory, Esq. | Michael L. Smith, Esq. |
| 1271 Washington Avenue, Suite 380 | Madonna A. Herman, Esq. |
| San Leandro, California 94577 | Manning & Marder, Kass, et al. |
| (510) 639-2959 | One California Street, Suite 1100 |
| (510) 639-2961 | San Francisco, CA  94111 |
| Attorneys for Plaintiffs | (415) 217-6990 |
| | (415) 217-6999 |
| | Attorneys for Cross-Defendant Academy Escrow, inc. |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on **March 14, 2008,** at Alameda, California.

　　　　　　　　　　　　　　　   / s / *Pamela Thompson*
　　　　　　　　　　　　　　　     Pamela Thompson