Michael L. Smith, SBN 160305
Madonna A. Herman, SBN 221747
**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, California 94111
Telephone:  (415) 217-6990
Facsimile:  (415) 217-6999

Attorneys for Cross-Defendant,
ACADEMY ESCROW, INC.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION(S) | Civil Action No. 3:07-cv-06139-SC <br><br> **CROSS-DEFENDANT, ACADEMY ESCROW, INC.'S CASE MANAGEMENT CONFERENCE STATEMENT** |

## I.   JURISDICTION AND SERVICE

ACADEMY ESCROW, INC. (hereinafter sometimes referred to "ACADEMY" or "Cross-Defendant") served with Cross-Complaint from PRAVEEN CHANDRA and SCHWARTZ & FENSTER P.C. and filed a timely answer to the Cross-Complaint on March 10, 2008. ACADEMY has not been served with the Complaint. ACADEMY has not filed or served a cross-complaint.

///
///
///

## II. FACTS

### A. **Plaintiff's Facts**

Plaintiff's LARRY TYRONE BRANTLEY, Sr. and ELLEN BRANTLEY ("Plaintiffs") file a Complaint for damages containing the following causes of action:

1. Declaratory and Injunctive Relief for violations of the California Elder Abuse Independent Adult Civil Protection Act;
2. Federal Truth in Lending Act;
3. Rosenthal Fair Debt Collection Practices Act;
4. Wrongful foreclosure;
5. Quiet Title;
6. Intentional Infliction of Emotional Distress;
7. Fraud; and
8. Negligence.

Plaintiffs' allege they were defrauded out of $180,000 by Defendant, GARRETT BOYD ("BOYD"), a realtor and, at least at the time, boyfriend of their niece. Per the Complaint, BOYD convinced the Plaintiffs to take a loan out on their home secured by a Deed of Trust, the proceeds of which he appears to have been planning on using to improve his own perceived balance sheet in assisting him on a pending real estate investment. BOYD was the contact and designated agent of Plaintiffs in securing mortgage broker, lender and ACADEMY. Boyd acknowledges directing ACADEMY to wire the funds and has acknowledged disbursing those funds in contravention of his agreement with Plaintiffs.

### B. **Cross-Complainants' Facts**

PRAVEEN CHANDRA ("CHANDRA") the lender, and SCHWARTZ & FENSTER, P.C. ("SCHWARTZ") (CHANDRA and SCHWARTZ sometimes collective referred to as "Cross-Complainants"), the law firm he retained to move forward with the foreclosure when the Plaintiffs failed to repay the loan and filed a cross-complaint containing the following cause of actions:

1. Equitable Indemnity
2. Apportionment of Fault;

3. Declaratory Relief;

4. General Negligence;

5. Fraud, Deceit and Misrepresentation;

6. Violation of Financial Code 17000;

7. Professional Negligence;

8. Conversion;

9. Quiet Title;

10. Equitable Lien;

11. Unjust Enrichment; and

12. Breach of Contract.

CHANDRA loaned Plaintiffs $180,000 secured by a Note and Deed of Trust, it has not been paid pursuant to the terms of the Note and therefore CHANDRA seeks repayment of the Note, or leave to move forward with foreclosure proceedings on the security interest.

### III. PRINCIPAL FACTUAL ISSUES

**A. Supplementing Factual Issues Identified in CHANDRA/SCHWARTZ CMC Statement**

1. Whether BOYD was the Plaintiffs' express designated agent;

2. Whether BOYD was the Plaintiffs' constructive agent;

3. Whether BOYD was acting with knowledge and consent of the Plaintiffs in dealing with ACADEMY; and

4. Whether BOYD was authorized by the Plaintiffs to direct and provide instruction to ACADEMY.

### IV. LEGAL ISSUES

See Cross-Complainants' Statement.

### V. MOTIONS

None planned at this time.

///

///

## VI. AMENDMENT OF PLEADINGS

Cross-Defendants may file a Cross-Complaint against Garrett Boyd at the conclusion of initial investigation and discovery if warranted.

## VII. EVIDENCE PRESERVATION

Cross-Defendant had produced a complete copy of its file, including email for preservation during the discovery phase of the case.

## VIII. DISCLOSURES

Cross-Defendant requests the deadline for the parties to produce their Rule 26 Disclosures to be April 18, 2008.

## IX. DISCOVERY

All parties have not appeared; Cross-Defendant will meet and confer as soon as all parties have appeared to produce a proposed discovery plan to be submitted in the Court.

## X. RELATED CASES

See Cross-Complainants' statement.

## XI. RELIEF

Presently, Cross-Defendant has no complaint or cross-complaint on file.

## XII. SETTLEMENT

Cross-Defendant will agree to participate in a court-sponsored Mediation provided all parties appear and stipulate and agree to participate in Mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Cross-Defendant does not consent to a Magistrate Judge for all purposes.

## XIV. NARROWING OF ISSUES

None at this time.

## XV. EXPEDITED SCHEDULE

None at this time.

## XVI. SCHEDULING

Cross-Defendant requests the Case Management Conference be continued to afford all parties an opportunity to appear and participate in the scheduling and discussions.

**XVII. TRIAL**

Cross-Defendant requests a jury trial.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Cross-Defendant has no knowledge of any other interested persons.

Dated: March 17, 2008

                          **MANNING & MARDER
KASS, ELLROD, RAMIREZ** LLP

                          By:_____
                              Michael L. Smith

                          Attorneys for Cross-Defendant,
                          ACADEMY ESCROW, INC.