1  Edward McCutchan (SBN 119376)
2  Michael D. Maloney (SBN 208297)
   **SUNDERLAND | McCUTCHAN, LLP**
3  412 Aviation Boulevard, Suite D
   Santa Rosa, California 95403
4  Telephone: (707) 284-5524
   Facsimile:  (707) 284-5527
5
6  Attorneys for Defendant/Cross-Defendant
   MODO REALTY, INC.
7
8      UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

9  LARRY TYRONE BRANTLEY, SR.,              )  CASE NO.  C 07-06139 SC
   ELLEN BRANTLEY,                          )
10                                          )  **MODO REALTY, INC.'S ANSWER TO**
                                            )  **COMPLAINT**
11          Plaintiffs,                     )
                                            )
12     vs.                                  )
                                            )
13 GARRETT BOYD, ROBERT A. RASHEED,         )
   MODO REALTY, INC., PRAVEN                )
14 CHANDRA, ACADEMY ESCROW,                 )
   SCHWARTZ & FENSTER, P.C., and DOES       )
15 1-10,                                    )
                                            )
16                                          )
17          Defendants.                     )
                                            )
   _____       )
18 PRAVEEN CHANDRA, SCHWARTZ &              )
   FENSTER, P.C.,                           )
19                                          )
                                            )
20          Cross-Complainants,             )
                                            )
21     vs.                                  )
                                            )
22 LARRY TYRONE BRANTLEY, SR.;              )
   ELLEN BRANTLEY; GARRETT BOYD,            )
23 ROBERT A. RASHEED, ACADEMY               )
   ESCROW, INC., MODO REALTY, INC.,         )
24 ROYAL CROWN MORTGAGE, INC., "and         )
   all persons unknown claiming any legal or )
25 equitable right, title, estate, lien, or interest in )
   the property described in the Cross-Complaint )
26 adverse to Cross-Complaint's title or any cloud )
   on Cross-Complaints' title thereto" and ROES )
27 1-50,                                    )
                                            )
28          Cross-Defendants.               )
                                            )

1    Comes now defendant, MODO REALTY, INC. (hereinafter collectively "defendant"),

2    and in response to the Complaint of plaintiffs, LARYY TYRONE BRANTLEY, SR. and

3
4    ELLEN BRANTLEY(hereinafter collectively "plaintiffs") on file herein, deny and allege as

5    follows:

6        1.      In answer to the allegations of paragraph 1, 2 and 3 of plaintiffs' Complaint,

7    answering defendant has insufficient information or belief to enable them to admit or deny these

8    allegations and due to said inability to do so, answering defendant denies each and every

9
10   allegation of said paragraphs.

11       2.      In answer to the allegations of paragraph 4 of plaintiffs' Complaint, answering

12   defendant admits said paragraph.

13       3.      In answer to the allegations of paragraph 5, 6, 7, 8, and 9 of plaintiffs' Complaint,

14   answering defendant has insufficient information or belief to enable them to admit or deny these
15
16   allegations and due to said inability to do so, answering defendant denies each and every

17   allegation of said paragraphs.

18       4.      In answer to the allegations of paragraph 10, 11, 12, 13 and 14 of plaintiffs'

19   Complaint, answering defendant has insufficient information or belief to enable them to admit or
20
21   deny these allegations and due to said inability to do so, answering defendant denies each and

22   every allegation of said paragraphs.

23       5.      In answer to the allegations of paragraphs 15 of plaintiffs' Complaint, answering

24   defendant denies each and every allegation of said paragraph.

25       6.      In answer to the allegations of paragraph 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25
26
27   of plaintiffs' Complaint, answering defendant has insufficient information or belief to enable

28   them to admit or deny these allegations and due to said inability to do so, answering defendant

1  denies each and every allegation of said paragraphs.

2        7.      In answer to the allegations of paragraphs 26 and 27 of plaintiffs' Complaint,

3
4  answering defendant denies each and every allegation of said paragraphs.

5                              FIRST CAUSE OF ACTION

6        8.      As plaintiffs make no allegations in paragraph 28 of the Complaint, no response is

7  required.

8        9.      In answer to the allegations of paragraph 29, 30 and 31 of plaintiffs' Complaint,

9
10 as said cause of action does not contain allegations against this answering defendant, no response

11 is required by this answering defendant.

12                            SECOND CAUSE OF ACTION

13       10.     As plaintiffs make no allegations in paragraph 32 of the Complaint, no response is

14
15 required.

16       11.     In answer to the allegations of paragraph 33 and 34 of plaintiffs' Complaint, as

17 said cause of action does not contain allegations against this answering defendant, no response is

18 required by this answering defendant.

19                             THIRD CAUSE OF ACTION

20       12.     As plaintiffs make no allegations in paragraph 35 of the Complaint, no response is

21
22 required.

23       13.     In answer to the allegations of paragraph 36, 37, 38, 39, 40 and 41 of plaintiffs'

24 Complaint, as said cause of action does not contain allegations against this answering defendant,

25 no response is required by this answering defendant.

26                            FOURTH CAUSE OF ACTION

27
28       12.     As plaintiffs make no allegations in paragraph 42 of the Complaint, no response is

required.

13.    In answer to the allegations of paragraph 43, 44, 45 and 46 of plaintiffs' Complaint, as said cause of action does not contain allegations against this answering defendant, no response is required by this answering defendant.

FIFTH CAUSE OF ACTION

14.    As plaintiffs make no allegations in paragraph 47 of the Complaint, no response is required.

15.    In answer to the allegations of paragraph 48, 49, 50 and 51 of plaintiffs' Complaint, as said cause of action does not contain allegations against this answering defendant, no response is required by this answering defendant.

SIXTH CAUSE OF ACTION

16.    As plaintiffs make no allegations in paragraph 52 of the Complaint, no response is required.

17.    In answer to the allegations of paragraph 53, 54 and 55 of plaintiffs' Complaint, as said cause of action does not contain allegations against this answering defendant, no response is required by this answering defendant.

SEVENTH CAUSE OF ACTION

18.    As plaintiffs make no allegations in paragraph 56 of the Complaint, no response is required.

19.    In answer to the allegations of paragraphs 57, 58 and 59 of plaintiffs' Complaint, answering defendant denies each and every allegation of said paragraphs.

EIGHTH CAUSE OF ACTION

20.    As plaintiffs make no allegations in paragraph 60 of the Complaint, no response is

required.

21.    In answer to the allegations of paragraphs 61, 62, 63, 64 and 65 of plaintiffs' Complaint, answering defendant denies each and every allegation of said paragraphs.

NINTH CAUSE OF ACTION

22.    As plaintiffs make no allegations in paragraph 66 of the Complaint, no response is required.

23.    In answer to the allegations of paragraphs 67, 68, 69 and 70 of plaintiffs' Complaint, answering defendant denies each and every allegation of said paragraphs.

REQUEST FOR INJUNCTIVE RELIEF

24.    As plaintiffs make no allegations in paragraph 71 of the Complaint, no response is required.

25.    In answer to the allegations of paragraph 72 and 73 of plaintiffs' Complaint, as said cause of action does not contain allegations against this answering defendant, no response is required by this answering defendant.

AFFIRMATIVE DEFENSES

1.    As defendant's first distinct and separate affirmative defense to the Complaint herein, defendant asserts that plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant under CCP § 430.10(e) in that plaintiffs' cannot demonstrate that any of said alleged conduct of responding defendants proximately caused any of plaintiffs' alleged damages.

2.    As defendant's second distinct and separate affirmative defense to the Complaint herein, defendant asserts that plaintiffs are barred by the equitable doctrines of waiver, estoppel and unclean hands.

3.    As defendant's third distinct and separate affirmative defense to the Complaint herein, defendant asserts that said action is brought without any legal and factual basis and request monetary sanctions against plaintiffs, and their attorney of record as set forth within California Code of Civil Procedure § 128.7.  Moreover, under <u>Zamos v. Stroud</u> (2004) 32 Cal. 4th 958, this action by plaintiffs and their counsel is without factual and legal basis and is with malicious intent and ill will.

4.    As defendant's fourth distinct and separate affirmative defense to the Complaint herein, defendant asserts that plaintiffs are barred from any recovery on the basis that their own negligence was the sole and proximate cause of any damages they have sustained or will sustain by plaintiffs' own negligence.

5.    As defendant's fifth distinct and separate affirmative defense to the Complaint herein, defendant asserts that each allegation and every cause of action alleged against this answering defendant is barred under the Doctrine of Laches.

6.    As defendant's sixth distinct and separate affirmative defense to the Complaint herein, defendant asserts that each and every cause of action alleged against this answering defendant is barred by the lack of any consideration.

7.    As defendant's seventh distinct and separate affirmative defense to the Complaint herein, defendant asserts that the damages alleged in each cause of action were exclusively caused or contributed to by negligence or other acts or omissions of other defendants, persons or entities, whether parties to this action or not, and that said negligence or other omissions were intervening actions breaking the chain of causation and barring recovery by the plaintiffs and as such, the claims against this answering defendant were not the proximate cause of plaintiffs' damages as alleged herein, and as such, plaintiffs have no "out of pocket" damages as a matter of

law, let alone actual damages in that plaintiffs' damage claims are speculative.

8.    As defendant's eighth distinct and separate affirmative defense to the Complaint herein, defendant asserts that had plaintiffs taken reasonable steps toward mitigating their losses, they would not have suffered the damages they allegedly sustained by reason of defendant's alleged acts and omissions and plaintiffs' rights to recover damages is barred or diminished accordingly.

9.    As defendant's ninth distinct and separate affirmative defense to the Complaint herein, defendant asserts that plaintiffs were aware of and appreciated the risks inherent in attempting to purchase the subject property but nevertheless assumed the risk of potential liability by failing to take the necessary precautions in their performance and their obligations/duties.  Plaintiffs' assumption of said risk bars any recovery herein or diminishes plaintiffs' recovery to the extent the plaintiffs' damages are attributed to plaintiffs' assumption of the risk under Civil Code § 2079.5 and despite such knowledge of the risks, plaintiffs closed escrow nonetheless.

10.    As defendant's tenth distinct and separate affirmative defense to the Complaint herein, defendant asserts that the plaintiffs are estopped from seeking relief therein due to their own acts or omissions with reference to the subject matter of the complaint consisting of, but not limited to, their own comparative negligence, delay and waiver.

11.    As defendant's eleventh distinct and separate affirmative defense to the Complaint herein, defendant asserts that at all times and places set forth in the complaint, certain parties/ defendant(s)/co-defendant(s), other than this answering defendant, named or unnamed herein, whether served or unserved, failed to exercise ordinary care on their behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the

whole thereof, of the injuries and damages complained of by plaintiffs in this action. The fault, if

any, of this answering defendant should be compared with the fault or contributory negligence of

other defendant(s), and damages, if any, should be apportioned among the same in direct relation

to each such defendant(s)' comparative fault. This answering defendant should be obligated to

pay only such damages, if any, which are directly attributable to its percentage of comparative

fault. To require this answering defendant to pay any more than its percentage of comparative

fault violates the Equal Protection and Due Process Clauses of the Constitution of the United

States and the Constitution of the State of California.

12.    As defendant's twelfth distinct and separate affirmative defense to the Complaint

herein, defendant asserts that this answering defendant is not legally responsible for the acts

and/or omissions of those defendant(s) named herein as DOES, inclusive or those specifically

named in the Complaint.

13.    As defendant's thirteenth distinct and separate affirmative defense to the

Complaint herein, defendant asserts that the plaintiffs have engaged in conduct and activities

sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other

tortious conduct, if any, as set forth in the Complaint.

14.    As defendant's fourteenth distinct and separate affirmative defense to the

Complaint herein, defendant asserts that the plaintiffs should be estopped from seeking any relief

because of their wrongful/willful conduct or unjustifiable conduct.

15.    As defendant's fifteenth distinct and separate affirmative defense to the

Complaint herein, defendant asserts that the plaintiffs are prosecuting this litigation in bad faith

and for an improper purpose; in fact, as extortion; the claims of plaintiffs are frivolous and entitle

this answering defendant to an award of reasonable expenses and attorneys' fees under CCP §

128.7.

16.    As defendant's sixteenth distinct and separate affirmative defense to the Complaint herein, defendant asserts that the plaintiffs are prosecuting this litigation without probable cause and with malicious intent.

17.    As defendant's seventeenth distinct and separate affirmative defense to the Complaint herein, defendant asserts that any and all damages or injuries alleged by plaintiffs were not and are not the result of acts or omissions by this answering defendant actually causing said damages or injuries per Civil Code Section 2079.3.

18.    As defendant's eighteenth distinct and separate affirmative defense to the Complaint herein, defendant asserts that any and all damages or injuries alleged by plaintiffs were not and are not the result of acts or omissions by this answering defendant proximately causing said damages or injuries.

19.    As defendant's nineteenth distinct and separate affirmative defense to the Complaint herein, defendant asserts that the Complaint and each cause of action thereof is barred by Code of Civil Procedure § 335 et seq., as well as all other applicable statutes of limitations.

20.    As defendant's twentieth distinct and separate affirmative defense to the Complaint herein, defendant asserts that all of the acts and/or omissions alleged in the Complaint were solely, entirely, and fully those of other defendant(s) and/or parties named or unnamed therein, other than this answering defendant and, therefore, such parties are fully and solely liable to plaintiff. As a result, this answering defendant is entitled to total indemnification from said parties including, but not limited to, any and all damages, costs, and attorneys' fees that this answering defendant may sustain as a result of plaintiffs' claims. In the alternative, if it should be found that this answering defendant is in some manner legally responsible for injuries or

damages sustained by plaintiffs, if any, and if it should be found that plaintiffs' injuries or damages were proximately caused or contributed to by other defendant(s) in this case, whether served or unserved, and/or other persons or entities not parties to this action, then this answering defendant are entitled to a finding that the negligence and fault of each of the aforesaid person and/or parties, whether parties to this action or not, shall be determined, apportioned and prorated, and that any judgment rendered against this answering defendant shall be reduced not only by the degree of comparative negligence of the plaintiffs, not only by their own conduct or omissions, but also those of their own agents and their own attorneys, but also shall be reduced by the percentage of negligence and/or fault and/or unreasonable conduct attributed to the aforesaid other defendant(s) and/or third persons or entities, whether parties to this action or not. Under the doctrine of <u>Li v. Yellow Cab</u>, plaintiff's contributory negligence and/or fault shall reduce any and all damages sustained by plaintiffs.

21.     As defendant's twenty-first distinct and separate affirmative defense to the Complaint herein, defendant asserts that the plaintiffs are barred from asserting each and all of their causes of action by reason of their ratification of the conduct of this answering defendant and failure to mitigate any of their claimed damages.

22.     As defendant's twenty-second distinct and separate affirmative defense to the Complaint herein, defendant asserts that this answering defendant at all times acted in a proper, lawful, and legally permitted fashion without malice or oppression. It exercised and possessed that degree of skill, care, and knowledge required of a real estate licensee.

23.     As defendant's twenty-third distinct and separate affirmative defense to the Complaint herein, defendant asserts that upon information and belief, the act of plaintiffs and/or other parties prevented and precluded this answering defendant from performing its obligations,

1   if any were unperformed at all.

2       24.    As defendant's twenty-fourth distinct and separate affirmative defense to the

3   Complaint herein, defendant asserts that at all times herein mentioned, this answering defendant

4

5   fully complied with Civil Code § 2079 et seq., and this answering defendant is therefore immune

6   from liability for any error, inaccuracy or omission of any information delivered to plaintiffs,

7   which were not within the personal knowledge of this answering defendant.

8       25.    As defendant's twenty-fifth distinct and separate affirmative defense to the

9   Complaint herein, defendant asserts that Code of Civil Procedure §128.7 provides that an

10  attorney or party who presents a document (including complaint) to the Court certifies, the best

11

12  of his/her knowledge, that after a reasonable inquiry, that certain conditions have been met,

13  namely, that this action is not totally and completely without merit, the sole purpose of harassing

14  an opposing party. As such, *sanctions* under §128.7 of the Code of Civil Procedure are

15  appropriate in an amount sufficient to deter repetition, and further, the subject Court herein

16  should award to this answering defendant, if they are the prevailing parties, the *reasonable*

17

18  *expenses* and *attorney's fees* incurred in presenting any such motion contemplated under said

19  statute.

20      26.    As defendant's twenty-sixth distinct and separate affirmative defense to the

21  Complaint herein, defendant asserts that the fraud, breach of contract or other tortious conduct of

22  all other defendants including DOES constitutes a supervening and intervening factor with

23  respect to plaintiff's damages and as such, precludes plaintiffs' claims for damages against this

24  answering defendant.

25

26      27.    As defendant's twenty-seventh distinct and separate affirmative defense to the

27  Complaint herein, defendant reserves its right to amend its answer to the complaint to assert

28

1  additional defenses as they may become warranted through discovery.

2      28.     As defendant's twenty-eighth distinct and separate affirmative defense to the

3  Complaint herein, assert that plaintiffs claims herein are barred by the Parole Evidence Rule and

4

5  the Statutes of Frauds per CCP § 1856 et. seq. and Civil Code § 1624.

6      29.     As defendant's twenty-ninth distinct and separate affirmative defense to the

7  Complaint herein, plaintiffs' claims herein are subject to "out of pocket loss" with respect to the

8  subject real property.  As a result of plaintiffs' claims herein, they have suffered no compensable

9

10 damages as a matter of law.

11     30.     As defendant's thirtieth distinct and separate affirmative defense to the Complaint

12 herein, upon information and belief, plaintiffs received money or will receive money regarding

13 the claims in this action.  Therefore, this answering defendant is entitled to an offset as to such

14

15 monies of plaintiffs' claims against this answering defendant.

16     WHEREFORE, this answering defendant prays for judgment in their favor and against

17 plaintiffs as follows:

18     1.     That plaintiffs take nothing by way of their Complaint;

19     2.     For all costs of suit herein;

20

21     3.     For reasonable attorneys' fees; and,

22     4.     For such other and further relief as the Court may deem just and proper

23

24 Date:  April __10__, 2008          **SUNDERLAND | McCUTCHAN, LLP**

25

26                                   _[signature]_

27                                   Edward McCutchan
                                     Michael D. Maloney
28                                   Attorneys for Defendant/Cross-Defendant
                                     MODO REALTY, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On April _10_, 2008, I served the foregoing documents described as **MODO REALTY, INC.'S ANSWER TO COMPLAINT** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

_XX_    By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

___    By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

___    By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

___    By Certified Mail, Return Receipt Requested, to the addressee(s) as stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April _10_, 2008, at Santa Rosa, California.

Kathleen M. Dahl

*Brantley v. Boyd, et al.*
Northern District of California Court Case No. C 07-06139 SC

Attorney for Plaintiffs/Cross-Defendants:  Larry Tyrone Brantley, Sr., Ellen Brantley

Dorothy D. Guillory, Esq.
1271 Washington Avenue, Suite 380
San Leandro, CA 94577

Tel:  (510) 639-2959
Fax:  (510) 639-2961

Attorneys for Defendants/Cross-Complainants:  Praveen Chandra, Schwartz & Fenster, P.C.

Sheryl A. Traum, Esq.
Chapman & Intrieri, LLP
2236 Mariner Square Drive, Suite 300
Alameda, CA 94501

Tel:  (510) 864-3600
Fax:  (510) 864-3601