1  Edward McCutchan (SBN 119376)
2  Michael D. Maloney (SBN 208297)
   **SUNDERLAND | McCUTCHAN, LLP**
3  412 Aviation Boulevard, Suite D
   Santa Rosa, California 95403
4  Telephone: (707) 284-5524
5  Facsimile: (707) 284-5527

6  Attorneys for Defendants/Cross-Defendants
7  MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC.

8      UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY, | ) CASE NO. C 07-06139 SC |
| 10 | ) |
| 11     Cross-complainants, | ) **MODO REALTY, INC. AND ROYAL CROWN MORTGAGE, INC.'S ANSWER TO CROSS-COMPLAINT** |
| 12   vs. | ) |
| 13 GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10, | ) |
| 17     Defendants. | ) |
| 18 PRAVEEN CHANDRA, SCHWARTZ & FENSTER, P.C., | ) |
| 20     Cross-Complainants, | ) |
| 21   vs. | ) |
| 22 LARRY TYRONE BRANTLEY, SR.; ELLEN BRANTLEY; GARRETT BOYD, ROBERT A. RASHEED, ACADEMY ESCROW, INC., MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC., "and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Cross-Complaint adverse to Cross-Complaint's title or any cloud on Cross-Complaints' title thereto" and ROES 1-50, | ) |
|     Cross-Defendants. | ) |

Comes now cross-defendants, MODO REALTY, INC. and ROYAL CROWN MORTGAGE, INC. (hereinafter collectively "cross-defendants"), and in response to the Cross-Complaint of PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C. (hereinafter collectively "cross-complainants") on file herein, deny and allege as follows:

1. As cross-complainants make no allegations in paragraph 1 of the Cross-Complaint, no response is required.

2. As cross-complainants make no allegations in paragraph 2 of the Cross-Complaint, no response is required.

3. In answer to the allegations of paragraph 3 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny that the BRANTLEYS are owners-in-fact of the real property located in Alameda County.

4. In answer to the allegations of paragraph 4 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny that that BOYD is a currently licensed salesperson with the California Department of Real Estate under the license of broker Robert A. Rasheed. Further, cross-defendants have insufficient information or belief to enable them to admit or deny that that BOYD is a resident of Alameda County.

5. In answer to the allegations of paragraph 5 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny that that RASHEED is a currently licensed broker with the California Department of Real Estate. Further, cross-defendants have insufficient information or belief to enable them to admit or deny that that RASHEED is a resident of San Ramon, California.


6. In answer to the allegations of paragraph 6 and 7 of cross-complainants' Cross-Complaint, answering cross-defendants admit such paragraphs.

7. In answer to the allegations of paragraph 8 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny that that ACADEMY is a currently a California Corporation licensed to do business in California.

8. In answer to the allegations of paragraph 9 and 10 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny said paragraphs and due to said inability to do so, deny each and every allegation of such paragraphs.

9. In answer to the allegations of paragraph 11 of cross-complainants' Cross-Complaint, answering cross-defendants admit that cross-defendants admit that they approached PRAVEEN CHANDRA about providing a short-term real estate loan to the BRANTLEYS. With respect to the remaining allegations in paragraph 11 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny said remaining allegations and due to said inability to do so, deny each and every remaining allegation of said paragraph.

10. In answer to the allegations of paragraph 12, 13, 14, 15, 16, 17, 18, 19 and 20 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny said paragraphs and due to said inability to do so, deny each and every allegation of such paragraphs.

11. In answer to the allegations of paragraph 21 of cross-complainants' Cross-Complaint, answering cross-defendants admit such paragraph.

## FIRST CAUSE OF ACTION

12. As cross-complainants make no allegations in paragraph 22 of the Cross-Complaint, no response is required.

13. In answer to the allegations of paragraph 23 and 24 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraphs.

## SECOND CAUSE OF ACTION

14. As cross-complainants make no allegations in paragraph 25 of the Cross-Complaint, no response is required.

15. In answer to the allegations of paragraph 26 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraph.

## THIRD CAUSE OF ACTION

16. As cross-complainants make no allegations in paragraph 27 of the Cross-Complaint, no response is required.

17. In answer to the allegations of paragraph 28 and 29 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraphs.

## FOURTH CAUSE OF ACTION

18. As cross-complainants make no allegations in paragraph 30 of the Cross-Complaint, no response is required.

19. In answer to the allegations of paragraph 31 of cross-complainants' Cross-Complaint, answering cross-defendants admit such paragraph.

20. In answer to the allegations of paragraph 32 of cross-complainants' Cross-Complaint, answering cross-defendants have insufficient information or belief to enable them to admit or deny said paragraph and due to said inability to do so, deny each and every allegation of

such paragraph.

21. In answer to the allegations of paragraph 33 and 34 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraphs.

## FIFTH CAUSE OF ACTION

22. As cross-complainants make no allegations in paragraph 35 of the Cross-Complaint, no response is required.

23. In answer to the allegations of paragraph 36 of cross-complainants' Cross-Complaint, answering cross-defendants admit such paragraph.

24. In answer to the allegations of paragraph 37 and 38 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraphs.

## SIXTH CAUSE OF ACTION

25. As cross-complainants make no allegations in paragraph 39 of the Cross-Complaint, no response is required.

26. As cross-complainants make no allegations against these cross-defendants in paragraph 40, 41, 42 and 43 of the Cross-Complaint, no response is required.

## SEVENTH CAUSE OF ACTION

27. As cross-complainants make no allegations in paragraph 44 of the Cross-Complaint, no response is required.

28. As cross-complainants make no allegations against these cross-defendants in paragraph 45 of the Cross-Complaint, no response is required.

29. In answer to the allegations of paragraph 46 and 47 of cross-complainants' Cross-Complaint, answering cross-defendants deny each and every allegation of such paragraphs.

///

## EIGHTH CAUSE OF ACTION

30. As cross-complainants make no allegations in paragraph 48 of the Cross-Complaint, no response is required.

31. As cross-complainants make no allegations against these cross-defendants in paragraph 49 and 50 of the Cross-Complaint, no response is required.

## NINTH CAUSE OF ACTION

32. As cross-complainants make no allegations in paragraph 51 of the Cross-Complaint, no response is required.

33. As cross-complainants make no allegations against these cross-defendants in paragraph 52, 53, 54 and 55 of the Cross-Complaint, no response is required.

## TENTH CAUSE OF ACTION

34. As cross-complainants make no allegations in paragraph 56 of the Cross-Complaint, no response is required.

35. As cross-complainants make no allegations against these cross-defendants in paragraph 57 and 58 of the Cross-Complaint, no response is required.

## ELEVENTH CAUSE OF ACTION

36. As cross-complainants make no allegations in paragraph 59 of the Cross-Complaint, no response is required.

37. As cross-complainants make no allegations against these cross-defendants in paragraph 60 and 61 of the Cross-Complaint, no response is required.

## TWELFTH CAUSE OF ACTION

38. As cross-complainants make no allegations in paragraph 62 of the Cross-Complaint, no response is required.

39. As cross-complainants make no allegations against these cross-defendants in paragraph 63 and 64 of the Cross-Complaint, no response is required.

## AFFIRMATIVE DEFENSES

1. As cross-defendants' first distinct and separate affirmative defense to the Cross-Complaint herein, cross-defendants assert that cross-complainants' Cross-Complaint fails to state facts sufficient to constitute a Cause of Action against these answering cross-defendants under CCP § 430.10(e) in that cross-complainant cannot demonstrate that any of said alleged conduct of responding cross-defendants proximately caused any of cross-complainants' alleged damages, and if so, per Munoz v. Davis (1983) 141 Cal. App. 3d 420 and other applicable case law, cross-complainants as a matter of law are not entitled to indemnity against these answering cross-defendants.

2. As cross-defendants' second distinct and separate affirmative defense to the Cross-Complaint herein, cross-defendants assert that cross-complainants are barred by the equitable doctrines of waiver, estoppel and unclean hands.

3. As cross-defendants' third distinct and separate affirmative defense to the Cross-Complaint herein, cross-defendants assert that said action is brought without any legal and factual basis and request monetary sanctions against cross-complainants, and their attorney of record as set forth within California Code of Civil Procedure Section 128.7. Under Zamos v. Stroud (2004) 32 Cal. 4th 958 this action by cross-complainants and their counsel and is without factual and legal basis and is with malicious intent and ill will.

4. As cross-defendants' fourth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that cross-complainants are barred from any recovery on the basis that their own negligence was a sole and proximate cause of any damages they have

MODO REALTY, INC. AND ROYAL CROWN MORTGAGE, INC.'S ANSWER TO CROSS-COMPLAINT
7

sustained or will sustain.

5. As cross-defendants' fifth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that each allegation and every cause of action alleged against these answering cross-defendants are barred under the Doctrine of Laches.

6. As cross-defendants' sixth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the damages alleged in each cause of action were exclusively caused or contributed to by negligence or other acts or omissions of other cross-defendants, persons or entities, whether parties to this action or not, and that said negligence or other omissions were intervening actions breaking the chain of causation and barring recovery by the cross-complainants and as such, the claims against these answering cross-defendants were not the proximate cause of cross-complainants' damages as alleged herein. As such, cross-complainants have no "out of pocket" damages as a matter of law let alone actual damages in that cross-complainants' damage claims are speculative.

7. As cross-defendants' seventh distinct and affirmative defense, cross-defendants assert that had cross-complainants taken reasonable steps toward mitigating their losses, they would not have suffered the damages they allegedly sustained by reason of cross-defendants' alleged acts and omissions and cross-complainants' rights to recover damages is barred or diminished accordingly.

8. As cross-defendants' eighth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants are estopped from seeking relief therein due to her own acts or omissions with reference to the subject matter of the Cross-Complaint consisting of, but not limited to, their own comparative negligence, delay and waiver.

9. As cross-defendants' ninth distinct and affirmative defense to the Cross-

Complaint herein, cross-defendants assert that at all times and places set forth in the Cross-Complaint, certain parties/defendant(s)/co-defendant(s), other than these answering cross-defendants, named or unnamed herein, whether served or unserved, failed to exercise ordinary care on his behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by cross-complainant in this action. The fault, if any, of these answering cross-defendants should be compared with the fault or contributory negligence of other defendant(s), and damages, if any, should be apportioned among the same in direct relation to each such defendant(s)' comparative fault. These answering cross-defendants should be obligated to pay only such damages, if any, which are directly attributable to their percentage of comparative fault. To require these answering cross-defendants to pay any more than its percentage of comparative fault violates the Equal Protection and Due Process Clauses of the Constitution of the United States and the Constitution of the State of California.

10. As cross-defendants' tenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that these answering cross-defendants are not legally responsible for the acts and/or omissions of those defendant(s) named herein as DOES, inclusive or those specifically named in the Cross-Complaint.

11. As cross-defendants' eleventh distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other tortious conduct, if any, as set forth in the Cross-Complaint.

12. As cross-defendants' twelfth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants should be estopped from

seeking any relief because of their wrongful/willful conduct or unjustifiable conduct.

13.  As cross-defendants' thirteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants are prosecuting this litigation in bad faith and for an improper purpose; in fact, as extortion; the claims of cross-complainants are frivolous and entitle these answering cross-defendants to an award of reasonable expenses and attorneys' fees under CCP § 128.7.

14.  As cross-defendants' fourteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants are prosecuting this litigation without probable cause and with malicious intent.

15.  As cross-defendants' fifteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that any and all damages or injuries alleged by cross-complainants were not and are not the result of acts or injuries alleged by these answering cross-defendants actually causing said damages or injuries.

16.  As cross-defendants' sixteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that any and all damages or injuries alleged by cross-complainants were not and are not the result of acts or omissions by these answering cross-defendants proximately causing said damages or injuries.

17.  As cross-defendants' seventeenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the Cross-Complaint and each cause of action thereof is barred by Code of Civil Procedure §335 et seq., as well as all other applicable statutes of limitations.

18.  As cross-defendants' eighteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that all of the acts and/or omissions alleged in the

Cross-Complaint were solely, entirely, and fully those of other defendant(s) and/or parties named or unnamed therein, other than these answering cross-defendants and, therefore, such parties are fully and solely liable to cross-complainants. As a result, these answering cross-defendants are entitled to total indemnification from said parties including, but not limited to, any and all damages, costs, and attorneys' fees that these answering cross-defendants may sustain as a result of cross-complainants' claims. In the alternative, if it should be found that these answering cross-defendants are in some manner legally responsible for injuries or damages sustained by cross-complainants, if any, and if it should be found that cross-complainants' injuries or damages were proximately caused or contributed to by other defendant(s) in this case, whether served or unserved, and/or other persons or entities not parties to this action, then these answering cross-defendants are entitled to a finding that the negligence and fault of each of the aforesaid person and/or parties, whether parties to this action or not, shall be determined, apportioned and prorated, and that any judgment rendered against this answering defendant shall be reduced not only by the degree of comparative negligence of the cross-complainants, not only by their own conduct or omissions, but also those of his own agents and his own attorneys, but also shall be reduced by the percentage of negligence and/or fault and/or unreasonable conduct attributed to the aforesaid other defendant(s) and/or third persons or entities, whether parties to this action or not. Under the doctrine of Li v. Yellow Cab, cross-complainants' contributory negligence and/or fault shall reduce any and all damages sustained by cross-complainants.

      19.    As cross-defendants' nineteenth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the cross-complainants are barred from asserting each and all of his causes of action by reason of his ratification of the conduct of these answering cross-defendants and failure to mitigate any of his claimed damages.

22. As cross-defendants' twentieth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that these answering cross-defendants at all times acted in a proper, lawful, and legally permitted fashion without malice or oppression. It exercised and possessed that degree of skill, care, and knowledge required of a real estate licensee and, therefore, there is not a basis upon which an award of punitive or exemplary damages against these answering cross-defendants.

21. As cross-defendants' twenty-first distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that upon information and belief, the acts of cross-complainants and/or other parties prevented and precluded these answering cross- defendants from performing its obligations, if any were unperformed at all.

22. As cross-defendants' twenty-second distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that at all times herein mentioned, these answering cross-defendants fully complied with Civil Code §2079 et seq., and these answering cross-defendants are therefore immune from liability for any error, inaccuracy or omission of any information delivered to cross-complainants, which were not within the personal knowledge of these answering cross-defendants.

23. As cross-defendants' twenty-third distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that cross-complainants' causes of action are barred by the statue of limitations provisions contained in, but not limited to Civil Code § 2079.4.

24. As cross-defendants' twenty-fourth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that Code of Civil Procedure §128.7 provides that an attorney or party who presents a document (including Cross-Complaint) to the Court certifies, to the best of his/her knowledge, that after a reasonable inquiry, that certain conditions

have been met, namely, that this action is not totally and completely without merit, the sole purpose of harassing an opposing party. As such, *sanctions* under §128.7 of the Code of Civil Procedure are appropriate in an amount sufficient to deter repetition, and further, the subject Court herein should award to these answering cross-defendants, if they are the prevailing parties, the *reasonable expenses* and *attorneys' fees* incurred in presenting any such motion contemplated under said statute.

25.   As cross-defendants' twenty-fifth distinct and affirmative defense to the Cross-Complaint herein, cross-defendants assert that the fraud, breach of contract or other tortious conduct of all other cross-defendants including DOES constitutes a supervening and intervening factor with respect to cross-complainants' damages and as such, precludes cross-complainants' claims for damages against these answering cross-defendants.

26.   As cross-defendants' twenty-sixth distinct and affirmative defense to the Cross-Complaint herein, the breach of contract by the other cross-defendants including DOES with respect to cross-complainants constitutes a supervening and intervening factor with respect to the cross-complainants' claims for damages against these answering cross-defendants.

27.   As cross-defendants' twenty-seventh distinct and affirmative defense to the Cross-Complaint herein, cross-defendants reserve their right to amend their answer to the Cross-Complaint to assert additional defenses as they may become warranted through discovery.

28.   As cross-defendants' twenty-eighth distinct and affirmative defense to the Cross-Complaint herein, assert that cross-complainants' claims herein are barred by the Parole Evidence Rule and the Statutes of Frauds per CCP § 1856 et. seq. and Civil Code § 1624.

29.   As cross-defendants' twenty-ninth distinct and affirmative defense to the Cross-Complaint herein, cross-complainants' claims herein are subject to "out of pocket loss" with

respect to the subject real property. As a result of cross-complainants' claims herein, he has suffered no compensable damages as a matter of law.

30.  As cross-defendants' thirtieth distinct and affirmative defense to the Cross-Complaint herein, upon information and belief, cross-complainants received money or will receive money regarding the claims in this action. Therefore, these answering cross-defendants are entitled to an offset as to such monies of cross-complainants' claims against these answering cross-defendants.

WHEREFORE, these answering cross-defendants pray for judgment in their favor and against cross-complainants as follows:

1.  That cross-complainants take nothing by way of their Cross-Complaint;

2.  For all costs of suit herein;

3.  For reasonable attorneys' fees; and,

4.  For such other and further relief as the Court may deem just and proper.

Date: March 10, 2008
April

SUNDERLAND | McCUTCHAN, LLP

_____
Edward McCutchan
Michael D. Maloney
Attorneys for Defendants/Cross-Defendants
MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On April 10, 2008, I served the foregoing documents described as **MODO REALTY, INC. AND ROYAL CROWN MORTGAGE, INC.'S ANSWER TO CROSS-COMPLAINT** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__XX__   By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

____   By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

____   By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

____   By Certified Mail, Return Receipt Requested, to the addressee(s) as stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 10, 2008, at Santa Rosa, California.

Kathleen M. Dahl

*Brantley v. Boyd, et al.*
Northern District of California Court Case No. C 07-06139 SC

Attorney for Cross-complainants/Cross-Defendants: Larry Tyrone Brantley, Sr., Ellen Brantley

Dorothy D. Guillory, Esq.
1271 Washington Avenue, Suite 380
San Leandro, CA 94577

Tel: (510) 639-2959
Fax: (510) 639-2961

Attorneys for Defendants/Cross-Complainants: Praveen Chandra, Schwartz & Fenster, P.C.

Sheryl A. Traum, Esq.
Chapman & Intrieri, LLP
2236 Mariner Square Drive, Suite 300
Alameda, CA 94501

Tel: (510) 864-3600
Fax: (510) 864-3601