

1  DOUGLAS W. DAL CIELO (SBN 157109)
   GREGORY M. GENTILE (SBN 142424)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   80 North First Street
3  San Jose, CA 95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501

5  Attorneys for Defendant
   and Cross-Complainant
6  ROBERT A. RASHEED

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 LARRY TYRONE BRANTLEY, SR.,          CASE NO.  07-CV-06139-SC
   ELLEN BRANTLEY,
12
              Plaintiff,
13                                       **CROSS-DEFENDANT ROBERT A.**
   v.                                    **RASHEED'S VERIFIED ANSWER TO THE**
14                                       **VERIFIED CROSS-COMPLAINT**
   GARRETT BOYD, ROBERT A.              **OF PRAVEEN CHANDRA AND**
15 RASHEED, MODO REALTY, INC.,          **SCHWARTZ & FENSTER, P.C.**
   PRAVEEN CHANDRA, ACADEMY
16 ESCROW, SCHWARTZ & FENSTER,
   P.C., and DOES 1-10,
17                                       Complaint Filed:  December 4, 2007
              Defendants.
18

19

20 PRAVEEN CHANDRA, SCHWARTZ &
   FENSTER, P.C.,
21
              Cross-Complainants,
22
   v.
23
   LARRY TYRONE BRANTLEY, SR.,
24 ELLEN BRANTLEY; GARRETT BOYD,
   ROBERT A. RASHEED, ACADEMY
25 ESCROW, INC., MODO REALTY, INC.,
   ROYAL CROWN MORTGAGE, INC.,
26 and ROES 1-50,

27            Cross-Defendants.

28     Comes now, Cross-Defendant ROBERT A. RASHEED, separating himself from all other

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5097181.1/BL1                - 1 -        **ROBERT A. RASHEED'S VERIFIED ANSWER TO
                                             VERIFIED CROSS-COMPLAINT OF CHANDRA —
                                             CASE NO. 07-CV-01639-SC**

Cross-Defendants and parties herein, and hereby answers the Verified Cross-Complaint of Cross-Complainants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C., as follows:

1.    As to the allegations in paragraph 1, 2, and 3 Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

2.    As to the allegations in paragraph 4, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

3.    As to the allegations in paragraph 5, Cross-Defendant admits the first part of the first sentence of said paragraph, to wit: that RASHEED is a real estate broker licensed with the California Department of Real Estate, but denies that RASHEED is the employing broker for GARRETT BOYD.  Cross-Defendant admits he does business as PTI Realty and Acquisitions.

4.    As to the allegations in paragraph 6, 7, 8 and 9 Cross-Defendant lack sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

5.    As to the allegations in paragraphs 10, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Cross-Defendants and therefore denies and further denies that Cross-Defendant BOYD was his agent or employee as alleged in said paragraph.

6.    As to the allegations in paragraphs 11-19, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations..

7.    As to the allegations in paragraph 20, Cross-Defendant lacks sufficient information to admit or deny and therefore denies the allegations.  As to himself, Cross-Defendant denies the allegations.

8.    As to the allegations in paragraph 21, Cross-Defendant admits.

**FIRST CAUSE OF ACTION**

9.    As to the allegations in paragraph 22, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

10.    As to the allegations in paragraphs 23 and 24, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

## SECOND CAUSE OF ACTION

11.    As to the allegations in paragraph 25, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

12.    As to the allegations in paragraphs 26, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## THIRD CAUSE OF ACTION

13.    As to the allegations in paragraph 27, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

14.    As to the allegations in paragraphs 28-29, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies.

## FOURTH CAUSE OF ACTION

15.    As to the allegations in paragraph 30, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

16.    As to the allegations in paragraphs 31, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Cross-Defendants and therefore denies.  As to himself, Cross-Defendant denies the allegations.

17.    As to the allegations in paragraphs 32, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies.

18.    As to the allegations in paragraphs 33, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Cross-Defendants and therefore denies.  As to himself, Cross-Defendant denies the allegations.

19.    As to the allegations in paragraphs 34, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Cross-Defendants and therefore denies.  As to himself, Cross-Defendant denies the allegations.

## FIFTH CAUSE OF ACTION

20.    As to the allegations in paragraph 35, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

21.    As to the allegations in paragraphs 36, 37 and 38, Cross-Defendant lacks sufficient

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

information and belief to admit or deny the allegations as to Co-Cross-Defendants and therefore denies the allegations.  As to himself, Cross-Defendant denies the allegations.

### SIXTH CAUSE OF ACTION

22.    As to the allegations in paragraph 39, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

23.    As to the allegations in paragraphs 40, 41, 42, 43, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

### SEVENTH CAUSE OF ACTION

24.    As to the allegations in paragraph 44, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

25.    As to the allegations in paragraphs 45, 46, and 47, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations as to all Co-Defendants and therefore denies the allegations.

### EIGHTH CAUSE OF ACTION

26.    As to the allegations in paragraph 48, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

27.    As to the allegations in paragraphs 49-50, Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

### NINTH CAUSE OF ACTION

28.    As to the allegations in paragraph 51, Defendant makes no averment or response that is inconsistent with his previous answers.

29.    As to the allegations in paragraphs 52, 53, 54, and 55 Cross-Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

### TENTH CAUSE OF ACTION

30.    As to the allegations in paragraph 56, Cross-Defendant makes no averment or response that is inconsistent with his previous answers.

31.    As to the allegations in paragraphs 57 and 58, Cross-Defendant lacks sufficient

1  information and belief to admit or deny the allegations and therefore denies the allegations.

2  **ELEVENTH CAUSE OF ACTION**

3      32.    As to the allegations in paragraph 59, Cross-Defendant makes no averment or

4  response that is inconsistent with his previous answers.

5      33.    As to the allegations in paragraphs 60 and 61, Cross-Defendant lacks sufficient

6  information and belief to admit or deny the allegations as to all Co-Defendants and therefore

7  denies the allegations.  As to himself, Cross-Defendant denies the allegations.

8  **TWELFTH CAUSE OF ACTION**

9      34.    As to the allegations in paragraph 62, Cross-Defendant makes no averment or

10  response that is inconsistent with his previous answers.

11      35.    As to the allegations in paragraphs 63 and 64, Cross-Defendant lacks sufficient

12  information and belief to admit or deny the allegations and therefore denies the allegations.

13  **AFFIRMATIVE DEFENSES**

14      AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

15  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

16  CONTAINED THEREIN, this Answering Cross-Defendant alleges that the Cross-Complaint fails

17  to state facts sufficient to constitute a cause of action.

18      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

19  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

20  CONTAINED THEREIN, this Answering Cross-Defendant alleges that the Cross-Complaint is

21  barred by the Doctrine of Estoppel.

22      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

23  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

24  CONTAINED THEREIN, this Answering Cross-Defendant alleges that the Verified Cross-

25  Complaint is barred by the Doctrine of Laches.

26      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

27  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

28  CONTAINED THEREIN, this Answering Cross-Defendant alleges that the Verified Cross-

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

ROBERT A. RASHEED'S VERIFIED ANSWER TO
VERIFIED CROSS-COMPLAINT OF CHANDRA —
CASE NO. 07-CV-01639-SC

1    Complaint is barred by the Doctrine of Unclean Hands.

2    　　　　AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

3    CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

4    CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-Complainants have

5    waived and are estopped and barred from alleging the matters set forth in the Verified Cross-

6    Complaint.

7    　　　　AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

8    CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

9    CONTAINED THEREIN, this Answering Cross-Defendant alleges that that at all times and

10   places mentioned in the Verified Cross-Complaint herein, Cross-Complainants failed to mitigate

11   the amount of their damages.  The damages claimed by Cross-Complainants could have been

12   mitigated by due diligence on its part by one acting under similar circumstances.  The Cross-

13   Complainants' failure to mitigate is a bar to their recovery under the Verified Cross-Complaint.

14   　　　　AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

15   CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

16   CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-Complainants

17   were careless and negligent in and about the matters alleged in the Verified Cross-Complaint, and

18   that said carelessness and negligence on said Cross-Complainants' part proximately contributed

19   to the happening of the incidents alleged and to the injuries, loss and damage complained of, if

20   any there were; that should Cross-Complainants recover damages, Cross-Defendant is entitled to

21   have the amount thereof abated, reduced or eliminated to the extent that Cross-Complainants'

22   negligence caused or contributed to their injuries, if any.

23   　　　　AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

24   CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

25   CONTAINED THEREIN, this Answering Cross-Defendant alleges that the alleged causes of

26   action set forth in the Verified Cross-Complaint are, and each of them is, barred by the applicable

27   statutes of limitations of the Code of Civil Procedure of the State of California, including but not

28   limited to Sections 335.1 and continuing through 339.4, and more particularly, Sections 337, 338,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  339, 340, 353, 359, 583 and all other applicable provisions of the Code of Civil Procedure of the

2  State of California, and California Commercial Code Sections 2607 and 2725, or any other

3  applicable Statue of Limitations.

4       AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

5  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

6  CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-Complainants

7  were comparatively negligent by their own conduct, and Cross-Defendant prays that any and all

8  damages sustained by Cross-Complainants be reduced by the percentage of their negligence.

9       AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

10  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

11  CONTAINED THEREIN, this Answering Cross-Defendant alleges that his conduct was not the

12  cause in fact or the proximate cause of any of the losses alleged by Cross-Complainants.

13       AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

14  VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

15  ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges on information and

16  belief that the sole and proximate cause of the incidents complained of by Cross-Complainants in

17  their Verified Cross-Complaint was due to the act and/or omissions of persons and entities other

18  than this Answering Cross-Defendant.

19       AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

20  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

21  CONTAINED THEREIN, this Answering Cross-Defendant contends that Cross-Complainants

22  ratified, consented, and agreed to each and every act undertaken by Cross-Defendants.

23       AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

24  VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

25  ACTION CONTAINED THEREIN, this Answering Cross-Defendant contends that any alleged

26  reliance by Cross-Complainants was unreasonable, unspecified and unjustified and precludes

27  Cross-Complainants' claims against this Answering Cross-Defendant.

28       AS A FORTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

ROBERT A. RASHEED'S VERIFIED ANSWER TO
VERIFIED CROSS-COMPLAINT OF CHANDRA —
CASE NO. 07-CV-01639-SC

1  VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

2  ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-

3  Complainants' claim is barred by the statute of frauds.

4  AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

5  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

6  CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-Complainants'

7  claim is barred because of failure by Cross-Complainants to disclose pertinent facts.

8  AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED

9  CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

10  CONTAINED THEREIN, this Answering Cross-Defendant alleges that in the event that this

11  Court finds that there is any performance due on the part of Cross-Defendant, that Cross-

12  Complainants prevented Cross-Defendant from performing his obligations by failing to cooperate

13  and communicate.

14  AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

15  VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

16  ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that said Verified

17  Cross-Complaint, to the extent that it seeks exemplary or punitive damages pursuant to §3294 of

18  the Civil Code, violates Cross-Defendant's right to procedural due process under the Fourteenth

19  Amendment of the United States Constitution, and the Constitution of the State of California, and

20  therefore fails to state a cause of action upon which either punitive or exemplary damages can be

21  awarded.

22  AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

23  VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

24  ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that said Verified

25  Cross-Complaint, to the extent that it seeks punitive or exemplary damages pursuant to §3294 of

26  the Civil Code, violates Cross-Defendant's rights to protection from "excessive fines" as provided

27  in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the

28  Constitution of the State of California, and violates Defendant's rights to substantive due process

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5097181.1/BL1                           - 8 -                    ROBERT A. RASHEED'S VERIFIED ANSWER TO
                                                                     VERIFIED CROSS-COMPLAINT OF CHANDRA —
                                                                     CASE NO. 07-CV-01639-SC

1    as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the

2    Constitution of the State of California, and therefore fails to state a cause of action supporting the

3    punitive or exemplary damages claimed.

4         AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

5    VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

6    ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that Defendant

7    BOYD was not Cross-Defendant's agent or employee and at all times BOYD acted outside of

8    Cross-Defendant's control or authority.

9         AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

10   VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

11   ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that Cross-

12   Defendant owed no duty to Cross-Complainants.

13        AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

14   VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

15   ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that he was not a

16   fiduciary and did act in that capacity as to any party herein.

17        AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18   VERIFIED CROSS-COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF

19   ACTION CONTAINED THEREIN, this Answering Cross-Defendant alleges that he presently

20   has insufficient knowledge or information to form a belief as to whether it has additional, as yet

21   unstated, defenses available.  Cross-Defendant herein reserve the right to assert such additional

22   affirmative defenses in the event discovery or subsequent events indicate that such defenses are

23   appropriate.

24        WHEREFORE, this Answering Cross-Defendant prays for judgment as follows:

25        1.    That Cross-Complainants take nothing by their Verified Cross-Complaint against

26   Cross-Defendant herein;

27        2.    For costs of suit incurred herein;

28        3.    For attorney's fees; and

ROBERT A. RASHEED'S VERIFIED ANSWER TO
VERIFIED CROSS-COMPLAINT OF CHANDRA —
CASE NO. 07-CV-01639-SC

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   4  For such other and further relief as the Court deems proper.

2 Dated: April 17, 2008     ROPERS, MAJESKI, KOHN & BENTLEY

3

4          By _____

5            GREGORY M. GENTILE
            Attorneys for Defendant

6            ROBERT RASHEED

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5097181.1/BL1

ROBERT A. RASHEED'S VERIFIED ANSWER TO
VERIFIED CROSS-COMPLAINT OF CHANDRA —
CASE NO. 07-CV-01639-SC

**VERIFICATION**

STATE OF CALIFORNIA          )

                                  )

COUNTY OF SANTA CLARA      )

      I, Robert A. Rasheed, declare:

      I am a Cross-Defendant in the above-entitled action. I have read the foregoing **CROSS-DEFENDANT ROBERT A. RASHEED'S VERIFIED ANSWER TO THE VERIFIED CROSS-COMPLAINT OF PRAVEEN CHANDRA AND SCHWARTZ & FENSTER, P.C.** and know the contents thereof; and the same is true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe it to be true.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed at ~~San Jose~~ SAN RAMON, California on April 16, 2008.

                                           Robert A. Rasheed

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5097181.1/BL1             - 11 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

CASE NAME:    **BRANTLEY v RASHEED**

ACTION NO.:    **07-CV-01639-SC**

### PROOF OF SERVICE

I am a citizen of the United States.  My business address is 80 North First Street, San Jose, CA 95113.  I am employed in the County of Santa Clara where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

On April 17, 2008, I served the following documents via the United States District Court Electronic Service and Pacer system:

**CROSS-DEFENDANT ROBERT A. RASHEED'S VERIFIED
ANSWER TO THE VERIFIED CROSS-COMPLAINT
OF PRAVEEN CHANDRA AND SCHWARTZ & FENSTER, P.C.**

on designated recipients through electronic transmission through the ECF system.  Upon completion of said transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by ECF system.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on April 17, 2008 at San Jose, California.

_Bonnie Langston_
Bonnie Langston

RC1/5097181.1/BL1

- 12 -

ROBERT A. RASHEED'S VERIFIED ANSWER TO
VERIFIED CROSS-COMPLAINT OF CHANDRA —
CASE NO. 07-CV-01639-SC