DOUGLAS W. DAL CIELO (SBN 157109)
GREGORY M. GENTILE (SBN 142424)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Defendant
and Cross-Complainant
ROBERT A. RASHEED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10,<br><br>Defendants.<br><br>ROBERT A. RASHEED AND PREMIER TEAM INC.,<br><br>Cross-Complainants,<br><br>v.<br><br>GARRETT BOYD and ROES 1-20, inclusive,<br><br>Cross-Defendant. | CASE NO. 07-CV-06139-SC<br><br>**ROBERT A. RASHEED AND PREMIER TEAM INC.'S CROSS-COMPLAINT** |

Comes now, Cross-Complainants ROBERT A. RASHEED and PREMIER TEAM INC. ("Cross-Complainants") and cross-complains against Cross-Defendant GARRETT BOYD ("BOYD"), as follows:

1. Cross-Complainant ROBERT A. RASHEED ("RASHEED") is and at all relevant times was, an individual residing in Danville, California.

2. Cross-Complainant PREMIER TEAM INC. ("PREMIER") is, and at all relevant times was, a corporation duly licensed in the State of California. On or about August 18, 2006, PREMIER succeeded to the debts, rights, and obligations of the California corporation previously known as PTI Realty and Business Acquisition Inc. ("PTI"). PTI was the original contracting party with Cross-Defendant GARRETT BOYD herein

3. Cross-Complainants are informed and believe and thereon allege that Cross-Defendant GARRETT BOYD ("BOYD") is and at all times mentioned herein was, a real estate sales person licensed with the California Department of Real Estate.

4. Cross-Complainants are ignorant of the true names and capacities of Cross-Defendants sued herein as ROES 1-20. These unknown Cross-Defendants, and each of them, are by their acts and conduct as further herein pled, complicit and liable for the wrongdoing of which Cross-Complainant complains. At such time and occasion as Cross-Complainants discover and determine the identities and capacities of such persons, Cross-Complainants shall seek leave to amend this Cross-Complaint to include said persons and/or entities as named Cross-Defendants herein.

5. Cross-Complainants are further informed and believe and on that basis allege that each Cross-Defendant, named and unnamed, was the agent, servant, or employee of each other Cross-Defendant and acted within the scope of such agency, service, or employment in performing the acts hereinafter alleged.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6. Cross-Complainants incorporate by reference Paragraphs 1 through 5 as though each was fully set forth herein.

///

///

///

7. On or about June 14, 2006, BOYD entered into a written Independent Contractor Agreement with PREMIER's predecessor corporation, PTI, under which BOYD was to perform or otherwise conduct certain real estate sales person business on behalf of PTI. At all relevant times, said Agreement required BOYD to comply with all applicable local, State, Federal laws and regulations.

8. As part of the Contract, BOYD acknowledged, understood and agreed that he would abide by all policies and procedures, rules and regulations promulgated by PTI and further agreed to keep informed about and to comply with all policies therein. As part of said Contract, BOYD also agreed not to compete with PTI or accept any compensation from or for real estate transactions originated other than from PTI during the duration of the Contract.

9. Further, BOYD acknowledged and agreed to diligently and vigorously guard against loan fraud of any type, including the submission of any inaccurate information, false statements, or falsification of documents.

10. Further, BOYD agreed that he would not engage, condone, aid, abet, or assist others in perpetrating a loan fraud against any lending source and/or PTI.

11. As part of said Agreement, BOYD agreed to indemnify and hold harmless PTI and all officers, directors, or employees of PTI " . . . from any and all liability, claims, demands, suits, actions, causes of action, proceedings, obligations, assessments, losses, costs, damages, and expenses of any nature whatsoever . . ." and to indemnify and hold PTI harmless from any and all liability from loss, damage, or injury to persons or property resulting from his negligence or misconduct.

12. BOYD also agreed to represent PTI mortgage products and services exclusively and warranted that he would not represent any other mortgage banker/broker or other related mortgage banking individual, firm, company, or corporation during the term of his Independent Contractor Agreement.

13. In consideration for the aforementioned promises, BOYD was to be paid a certain commission percentage with respect to loan transactions as to PTI products.

///

14. On or about November 8, 2007, Plaintiffs LARRY TYRONE BRANTLEY, SR. and ELLEN BRANTLEY ("BRANTLEY"), filed as Plaintiffs a lawsuit in the Superior Court of the State of California, County of Alameda, against BOYD alleging certain improprieties, including fraud, perpetrated by BOYD with respect to the placement and/or procurement of a loan/investment for BRANTLEY. Also named as a Defendant in said lawsuit was PTI's principal, ROBERT A. RASHEED ("RASHEED"), a Cross-Complainant herein.

15. On or about December 4, 2007, said Superior Court Complaint was removed from the Superior Court of the State of California, County of Alameda, to the Federal District Court, Northern District of California, San Francisco Division. Concurrently with said removal, a Cross-Complaint was filed by two named Defendants in the *Brantley* action, PRAVEEN CHANDRA, and SCHWARTZ & FENSTER, P.C. (the "CHANDRA Cross-Complaint"), seeking indemnity, declaratory relief, general negligence, fraud, deceit, and misrepresentation against numerous Defendants, including BOYD and RASHEED.

16. RASHEED had no involvement or knowledge in the procurement of any investment and/or loan by BOYD to BRANTLEYS. BOYD's activities with BRANTLEY was done outside of his contractual parameters and in breach of the Independent Contractor Agreement in that BOYD failed to follow the policies and procedures of PTI, failed to prevent against loan fraud and falsification of documents, and worked outside the agency and products of PTI. Moreover, BOYD has refused to defend and indemnify PTI and its successor corporation and RASHEED. All of the above actions by BOYD constitute a breach of contract.

17. Cross-Complainant has performed all of its obligations under said Contract.

18. Cross-Complainant has been damaged in an amount to be proven at trial, with said damages including its attorney's fees and costs incurred in defending this matter as to the BRANTLEY Complaint and the CHANDRA Cross-Complaint.

WHEREFORE, Cross-Complainants pray for judgment, as hereinafter set forth below.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

19. Cross-Complainants incorporate by reference Paragraphs 1 through 18, as through

1  each as fully set forth herein.

2  20. At all times there was a valid and existing contract between Cross-Complainant and BOYD, the material terms of which are stated above.

4  21. California law implies into each and every contract a covenant of good faith and fair dealing. This covenant requires that neither party to a contract will take any action to deprive any other party to the contract from receiving the benefits of that contract.

7  22. BOYD failed to follow the policies and procedures of PTI, failed to prevent against loan fraud and falsification of documents, and worked outside the agency and products of PTI. Moreover, BOYD has refused to defend and indemnify PTI and its successor corporation and RASHEED. All of the above actions by BOYD constitute a breach of contract and a breach of the covenant of good faith and fair dealing. At all times, BOYD acted in bad faith and/or dealt unfairly with Cross-Complainant to its damage and said conduct was willful, wanton and malicious, thereby justifying punitive damages.

14  23. As a proximate result of the above-mentioned acts of BOYD, Cross-Complainant has sustained damage, according to proof.

WHEREFORE, Cross-Complainants pray for judgment as hereinafter set forth below.

### THIRD CAUSE OF ACTION
### (Equitable Indemnity)

24. Cross-Complainants incorporate by reference Paragraphs 1 through 23, as through each as fully set forth herein.

25. Cross-Complainants are informed and believe and thereon allege that if Cross-Complainants are determined to be liable to any party herein, as a result of the incident described in either Plaintiffs' (the BRANTLEYS) Complaint or the CHANDRA Cross-Complaint, which liability Cross-Complainants deny, Cross-Complainants' liability would be based solely on a derivative form of liability not resulting from their conduct but only from the obligation imposed by law based on the direct and primary acts or omissions of one or more Cross-Defendants. Accordingly, each of the Cross-Defendants is obligated to indemnify Cross-Complainants herein for costs incurred in defending this action and for any other sum which Cross-Complainants

herein become obligated to pay to any party in the event of judgment against Cross-Complainants or settlement.

26. Cross-Complainants further allege that in the event Cross-Complainants are held liable to any party in this action, which liability Cross-Complainants deny, such liability would be predicated upon concurrent acts and omissions of Cross-Defendants, and each of them. Thus, Cross-Complainants are entitled to partial or total equitable indemnity from Cross-Defendants, and each of them, in the amount proportionate to their share of respective fault in connection with the underlying alleged damage.

WHEREFORE, Cross-Complainants pray for judgment, as hereinafter set forth below.

### FOURTH CAUSE OF ACTION
(Apportionment of Fault)

27. Cross-Complainants incorporate by reference Paragraphs 1 through 26, as through each as fully set forth herein.

28. Cross-Complainants are informed and believe and thereon allege that each Cross-Defendant was responsible, in whole or in part, for the claimed injuries, if any, suffered by BRANTLEY or Cross-Complainant CHANDRA. If BRANTLEY or CHANDRA recover a judgment against the Cross-Complainants and Cross-Defendants herein named, or any of them in the principal action, such judgment should be apportioned among Cross-Complainants and the Cross-Defendants, and each of them, on theories of relative fault, equitable indemnity, partial and total indemnity.

WHEREFORE, Cross-Complainants pray for judgment, as hereinafter set forth below.

### FIFTH CAUSE OF ACTION
(Declaratory Relief)

29. Cross-Complainants incorporate by reference Paragraphs 1 through 28, as through each as fully set forth herein.

30. A dispute has arisen and an actual controversy exists between Cross-Complainants herein and Cross-Defendants, and each of them. Cross-Complainants contend that responsibility, if any, for the damages alleged in the underlying BRANTLEY Complaint and the CHANDRA

1  Cross-Complaint, rest entirely or partially on Cross-Defendants herein, and each of them, and
2  thus Cross-Defendants are obligated to partially or fully indemnify Cross-Complainants herein for
3  sums Cross-Complainants may expend in defense of this matter and/or may be compelled to pay
4  to any party herein, including all attorney's fees and costs incurred.

5      31.    Cross-Complainants desire a judicial determination of the respective rights and
6  duties of Cross-Defendants in connection with the matters herein alleged, and a judgment in
7  Cross-Complainants' favor, as to any obligations by said Cross-Defendants, and each of them, to
8  Cross-Complainants herein.

9      WHEREFORE, Cross-Complainants pray for judgment, as hereinafter set forth below.

## SIXTH CAUSE OF ACTION
(Express Indemnity)

12      32.    Cross-Complainants incorporate by reference Paragraphs 1 through 31, as through
13  each as fully set forth herein.

14      33.    On or about June 14, 2006, BOYD executed a written agreement whereby he
15  agreed to defend and/or indemnify Cross-Complainant PREMIER's predecessor PTI resulting
16  from his negligence or misconduct, whether or not losses occurred in connection with his
17  performance of his obligations as an independent contractor.

18      34.    Cross-Complainant RASHEED, an agent and officer of the Corporation, has been
19  named in the aforementioned lawsuits filed by BRANTLEY and the aforementioned Cross-
20  Complaint filed by CHANDRA as a direct result of BOYD's activities and Cross-Complainants
21  herein hereby seek express contractual indemnity from BOYD and, by virtue of this Cross-
22  Complaint, seek express indemnity from BOYD for any and all attorney's fees, costs, settlement,
23  or judgment that may be incurred and/or rendered against Cross-Complainants herein, and also
24  under CCP §1021.6 and the "tort of another" doctrine.

25      WHEREFORE, Cross-Complainants pray for judgment, as hereinafter set forth below:

26      1.    For general and special damages in an amount according to proof;
27      2.    For interest upon said damages at the maximum rate allowed by law;
28      3.    For attorney's fees and costs of suit pursuant to Contract;

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

4. For attorney's fees and costs of suit pursuant to CCP §1021.6;

5. For punitive damages; and

6. For such other and further relief as the Court may deem proper.

Dated: April 17, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By_____
GREGORY M. GENTILE
Attorneys for Defendant
ROBERT RASHEED

CASE NAME:   **BRANTLEY v RASHEED**

ACTION NO.:   **07-CV-01639-SC**

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 80 North First Street, San Jose, CA 95113. I am employed in the County of Santa Clara where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On April 17, 2008, I served the following documents via the United States District Court Electronic Service and Pacer system:

**ROBERT A. RASHEED AND PREMIER TEAM INC.'S CROSS-COMPLAINT**

on designated recipients through electronic transmission through the ECF system. Upon completion of said transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by ECF system.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on April 17, 2008 at San Jose, California.

_____
Bonnie Langston