DOUGLAS W. DAL CIELO (SBN 157109)
GREGORY M. GENTILE (SBN 142424)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Defendant
and Cross-Complainant
ROBERT A. RASHEED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10,<br><br>Defendants. | CASE NO. 07-CV-06139-SC<br><br>**DEFENDANT ROBERT A. RASHEED'S VERIFIED ANSWER TO PLAINTIFFS LARRY TYRON BRANTLEY, SR. AND ELLEN BRANTLEY'S VERIFIED COMPLAINT** |

Comes now, Defendant ROBERT RASHEED, separating himself from all other Defendants and parties herein, and hereby answers the Verified Complaint of Plaintiffs, as follows:

1. As to the allegations in paragraph 1, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies.

2. As to the allegations in paragraph 2, Defendant lacks sufficient information and belief to admit or deny the first part of the sentence as to BOYD's license status and up to the word "agent." Defendant denies the remainder of the paragraph.

3. As to the allegations in paragraph 3, Defendant denies that he is the "employing broker" for BOYD, but admits he does business in Alameda County.

4. As to the allegations in paragraphs 4-8, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies.

5. As to the allegations in paragraphs 9, Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Defendants and therefore denies. Defendant denies that any Co-Defendant, including Defendant BOYD, was his agent or employee as alleged in said paragraph.

6. As to the allegations in paragraphs 10-25, Defendant lacks sufficient information and belief to admit or deny the allegations as to Co-Defendants and therefore denies.

7. As to the allegations in paragraph 26, Defendant lacks sufficient information or belief to admit or deny the allegations as to Co-Defendants. Defendant denies paragraph 26 as it pertains to him.

8. As to the allegations in paragraphs 27, Defendant lacks sufficient information and belief to admit or deny the allegations as it pertains to Co-Defendants and therefore denies. As to himself, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

9. As to the allegations in paragraph 28 Defendant makes no averment or response that is inconsistent with his previous answers.

10. As to the allegations in paragraphs 29-31, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## SECOND CAUSE OF ACTION

11. As to the allegations in paragraph 32 Defendant makes no averment or response that is inconsistent with his previous answers.

12. As to the allegations in paragraphs 33-34, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## THIRD CAUSE OF ACTION

13. As to the allegations in paragraph 35 Defendant makes no averment or response that is inconsistent with his previous answers.

14. As to the allegations in paragraphs 36-41, Defendant lacks sufficient information

and belief to admit or deny the allegations and therefore denies the allegations.

## FOURTH CAUSE OF ACTION

15. As to the allegations in paragraph 42, Defendant makes no averment or response that is inconsistent with his previous answers.

16. As to the allegations in paragraphs 43-46, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## FIFTH CAUSE OF ACTION

17. As to the allegations in paragraph 47, Defendant makes no averment or response that is inconsistent with his previous answers.

18. As to the allegations in paragraphs 48-51, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## SIXTH CAUSE OF ACTION

19. As to the allegations in paragraph 52, Defendant makes no averment or response that is inconsistent with his previous answers.

20. As to the allegations in paragraphs 53-55, Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## SEVENTH CAUSE OF ACTION

21. As to the allegations in paragraph 56, Defendant makes no averment or response that is inconsistent with his previous answers.

22. As to the allegations in paragraphs 57-59, Defendant lacks sufficient information and belief to admit or deny the allegations as to all Co-Defendants and therefore denies the allegations. As to himself, Defendant denies the allegations.

## EIGHTH CAUSE OF ACTION

23. As to the allegations in paragraph 60, Defendant makes no averment or response that is inconsistent with his previous answers.

24. As to the allegations in paragraphs 61-63, Defendant lacks sufficient information and belief to admit or deny the allegations as to all Co-Defendants and therefore denies the allegations. As to himself, Defendant denies the allegations.

25. As to the allegations in paragraphs 64-65, Defendant denies the allegations.

## NINTH CAUSE OF ACTION

26. As to the allegations in paragraph 66, Defendant makes no averment or response that is inconsistent with his previous answers.

27. As to the allegations in paragraphs 67-70, Defendant lacks sufficient information and belief to admit or deny the allegations as to all Co-Defendants and therefore denies. As to himself, Defendant denies the allegations.

## PLAINTIFFS' REQUEST FOR INJUNTIVE RELIEF

28. As to the allegations in paragraph 71, Defendant makes no averment or response that is inconsistent with his previous answers.

29. As to the allegations in paragraphs 72-72 [Sic], Defendant lacks sufficient information and belief to admit or deny the allegations and therefore denies the allegations.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action.

AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that the Complaint is barred by the Doctrine of Estoppel.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that the Verified Complaint is barred by the Doctrine of Laches.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that the Verified Complaint is

barred by the Doctrine of Unclean Hands.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Verified Complaint.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that that at all times and places mentioned in the Verified Complaint herein, Plaintiffs failed to mitigate the amount of their damages. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part by one acting under similar circumstances. The Plaintiffs' failure to mitigate is a bar to their recovery under the Verified Complaint.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Plaintiffs were careless and negligent in and about the matters alleged in the Verified Complaint, and that said carelessness and negligence on said Plaintiffs' part proximately contributed to the happening of the incidents alleged and to the injuries, loss and damage complained of, if any there were; that should Plaintiffs recover damages, Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiffs' negligence caused or contributed to their injuries, if any.

AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that the alleged causes of action set forth in the Verified Complaint are, and each of them is, barred by the applicable statutes of limitations of the Code of Civil Procedure of the State of California, including but not limited to Sections 335.1 and continuing through 339.4, and more particularly, Sections 337, 338, 339, 340, 353, 359, 583 and all other applicable provisions of the Code of Civil Procedure of the State of California, and California Commercial Code Sections 2607 and 2725, or any other applicable

1  Statue of Limitations.

2      AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED
3  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
4  ACTION CONTAINED THEREIN, this Answering Defendant alleges that Plaintiffs were
5  comparatively negligent by their own conduct, and Defendant prays that any and all damages
6  sustained by Plaintiffs be reduced by the percentage of their negligence.

7      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED
8  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
9  CONTAINED THEREIN, this Answering Defendant alleges that his alleged conduct was not the
10 cause in fact or the proximate cause of any of the losses alleged by Plaintiffs.

11     AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
12 VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
13 ACTION CONTAINED THEREIN, this Answering Defendant alleges on information and belief
14 that the sole and proximate cause of the incidents complained of by Plaintiffs in its Verified
15 Complaint was due to the act and/or omissions of persons and entities other than this Answering
16 Defendant.

17     AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED
18 COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION
19 CONTAINED THEREIN, this Answering Defendant contends that Plaintiffs ratified, consented,
20 and agreed to each and every act undertaken by Defendants.

21     AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
22 VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
23 ACTION CONTAINED THEREIN, this Answering Defendant contends that any alleged reliance
24 by Plaintiffs was unreasonable, unspecified and unjustified and preclude Plaintiffs' claims against
25 this Answering Defendant.

26     AS A FORTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
27 VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF
28 ACTION CONTAINED THEREIN, this Answering Defendant alleges that Plaintiffs' claim is

barred by the statute of frauds.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Plaintiffs' claim is barred because of failure by Plaintiffs to disclose pertinent facts.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED SECOND AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that in the event that this Court finds that there is any performance due on the part of Defendant, that Plaintiffs prevented Defendant from performing its obligations by failing to cooperate and communicate.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that said Verified Complaint, to the extent that it seeks exemplary or punitive damages pursuant to §3294 of the Civil Code, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that said Verified Complaint, to the extent that it seeks punitive or exemplary damages pursuant to §3294 of the Civil Code, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Defendant BOYD was not Defendant's agent or employee and at all times acted outside of Defendant's control or authority.

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Defendant was not and did not act in a fiduciary capacity to Plaintiffs.

AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that Defendant owed no duty to Plaintiffs.

AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE VERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this Answering Defendant alleges that it presently has insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, defenses available. Defendant herein reserve the right to assert such additional affirmative defenses in the event discovery or subsequent events indicate that such defenses are appropriate.

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Verified Complaint against Defendant herein;
2. For costs of suit incurred herein;
3. For attorney's fees; and

4    For such other and further relief as the Court deems proper.

Dated: April 17, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By _____
GREGORY M. GENTILE
Attorneys for Defendant
ROBERT RASHEED

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

<u>VERIFICATION</u>

STATE OF CALIFORNIA )
)
COUNTY OF SANTA CLARA )

I, Robert A. Rasheed, declare:

I am a Defendant in the above-entitled action. I have read the foregoing **DEFENDANT ROBERT RASHEED'S VERIFIED ANSWER TO PLAINTIFFS LARRY TYRON BRANTLEY, SR. AND ELLEN BRANTLEY'S VERIFIED COMPLAINT** and know the contents thereof; and the same is true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at ~~San Jose~~ SAN RAMON, California on April 16, 2008.

_____
Robert A. Rasheed

1 | CASE NAME: BRANTLEY v RASHEED

2 | ACTION NO.: 07-CV-01639-SC

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 80 North First Street, San Jose, CA 95113. I am employed in the County of Santa Clara where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On April 17, 2008, I served the following documents via the United States District Court Electronic Service and Pacer system:

**DEFENDANT ROBERT A. RASHEED'S VERIFIED ANSWER
TO PLAINTIFFS LARRY TYRON BRANTLEY, SR. AND
ELLEN BRANTLEY'S VERIFIED COMPLAINT**

on designated recipients through electronic transmission through the ECF system. Upon completion of said transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by ECF system.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on April 17, 2008 at San Jose, California.

*/s/ Bonnie Langston*
Bonnie Langston