1  Sheryl A. Traum (SBN 139328)
   CHAPMAN & INTRIERI, L.L.P.
2  2236 Mariner Square Drive
   Third Floor, Suite 300
3  Alameda, California 94501-1090
   Telephone: (510) 864-3600
4  Facsimile: (510) 864-3601

5  Attorneys for Defendant and Cross-Complainants
   PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY, | Civil Action No. 3:07-cv-06139-SC |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | Date:    June 13, 2008<br>Time:   10:00 a.m. |
| GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10, | Dept:    Hon. Judge Conti<br><br>Complaint Filed:   December 4, 2007 |
| Defendants. / | |
| AND RELATED CROSS-ACTIONS / | |

The following parties hereby submit their the following joint case management statement: Plaintiffs/Cross-Defendants Larry Tyrone Brantley Sr., and Ellen Brantley; Defendants/Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C.; Defendant/Cross-Defendant/Cross-Complainant Robert A. Rasheed; Cross-Complainant Premier Team Inc., Defendant/Cross-Defendant Academy Escrow; and Defendants/Cross-Defendants Modo Realty, Inc. and Royal Crown Mortgage, Inc. (referred collectively herein as "Modo Realty, Inc.").

RC1/5130485.1/BL1                                                                      - 1 -

## I. JURISDICTION AND SERVICE

The basis for this Court's subject matter jurisdiction over this action is that Plaintiffs' complaint involves federal questions, therefore, this court has original jurisdiction pursuant to United States Code, Title 28, Section 1331. Plaintiffs' complaint includes causes of action alleging violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with 15 USC sections 1601, et seq. and section 1640.

There is no issue regarding personal jurisdiction as all parties reside or have their principal place of business in California.

All parties have been served except Garrett Boyd. The parties have diligently attempted to serve Garrett Boyd, who appears to be evading service. The parties propose that the deadline to serve Garrett Boyd remain open while they continue their investigation and attempts to perfect service.

Plaintiffs, Cross-Defendant Robert A. Rasheed, Cross-Defendant Modo Realty, Inc., Cross-Defendant Royal Crown Mortgage and Cross-Defendant Academy Escrow, Inc. have answered the Cross-Complaint. Robert A. Rasheed and Premier Team Inc. have filed a separate cross- complaint against Garrett Boyd for breach of contract, breach of the covenant of good faith and fair dealing, indemnity and declaratory relief.

## II. FACTS

**A.     Plaintiffs' Allegations**

According to Plaintiffs complaint, during the later part of 2006, "Garrett Boyd approached the Brantley's in person with what he described as an investment opportunity. Boyd represented that he was in the process of acquiring a piece of valuable property, that he had other investors, but needed one more. He further represented that all the Brantleys had to do was to refinance their home for $180,000.00, then hold the $180,000 in escrow for about 60 days. He allegedly assured the Brantleys that the money in escrow would not be touched...and that at the end of escrow, the money would be released back to the Brantleys. He further stated that ...the

Brantleys would get $25,000 for allowing him to use their equity for the acquisition. Boyd further stated that he would acquire the lender, real estate company and escrow company to handle the transaction."

It appears from the facts alleged in Plaintiffs' complaint that Boyd arranged for Academy Escrow, Inc. to serve as the escrow agent for the loan, and MoDo Realty, Inc. to broker the loan.

In May 2007, the Brantleys "signed a Short Form Second Deed of Trust on their home, and a Straight Note for $205,000 which was due on July 1, 2007." "In May 2007, Chandra...with the cooperation of Academy Escrow, bank-wired the monies he was suppose to have placed in escrow for the Brantleys directly to a private bank account at First Bank in Woodland Hills, California. Plaintiffs later learned that Boyd received their loan monies from this account." Boyd admitted to the Brantleys that "he used the loan funds to pay the house notes on 4-5 properties he owns in the Eastbay."

"[I]n October, 2007, Schwartz & Fenster sent the Brantleys a Notice of Default on the loan which the Brantleys never received." "On October 23, 2007, Chandra and Schwartz & Fenster caused to be posted on the door of the Brantleys residence a Notice of Trustee Sale indicating that their home was going to be sold at public auction..." Plaintiffs obtained a temporary restraining order to stop the foreclosure and filed this action in Alameda Superior Court.

**B.     Praveen Chandra and Schwartz & Fenster, P.C.  Allegations**

MoDo Realty, Inc., also known as Royal Crown Mortgage, Inc. (hereinafter the "Broker Defendants") approached Defendant and Cross-Complainant Praveen Chandra (hereinafter "Chandra") about providing a short term real estate loan to Plaintiffs. The Broker Defendants prepared and transmitted to Chandra all the necessary documents for the loan. The loan documents were signed by the Brantleys. The escrow agent for the loan was Academy Escrow, Inc. (hereinafter "Academy"). In and around May 2007, Chandra wired the $180,000 loan monies to Academy Escrow, Inc. Chandra entrusted the loan funds to Academy and the Broker Defendants to transmit them to the Brantleys, who were the borrowers under the loan documents.

RC1/5130485.1/BL1                                              - 3 -

Academy Escrow, Inc. released the funds to Garrett Boyd. The loan became due on July 1, 2007; however, the Plaintiffs did not and have not repaid the loan. Soon thereafter, Chandra hired Schwartz & Fenster, P.C. to assist in the non-judicial foreclosure process and the related trustee's sale proceeding of the Plaintiffs' real property, which was used as security for the loan. Although the trustee's sale was commenced, it has been stayed pursuant to a temporary restraining order related to the lawsuit filed by Plaintiffs, who claim they did not receive the loan funds.

**C.      Robert A. Rasheed and Premier Team Inc.'s Allegations**

Garrett Boyd entered into a contract with Premier Team Inc. It is alleged that Boyd breached that contract in a number of ways including but not limited to acting outside of the agency agreement. At all times, Boyd was acting on his own and outside of any agency of Robert A. Rasheed and Premier Realty Inc.

**D.      Modo Realty Inc.'s Allegations**

Modo Realty, Inc., solely represented defendant/cross-complainant Praveen Chandra, the hard money lender in connection with the Brantley plaintiffs' refinance of their property. Modo Realty, Inc., was not the fiduciary for the Brantley plaintiffs and had no contact with them. Modo Realty, Inc., contends that there is no evidence to suggest that it provided wiring instructions to defendant/cross-complainant Praveen Chandra. Modo Realty, Inc., disputes the validity of the Brantley plaintiffs contentions and that of defendants/cross-complainants Praveen Chandra and Schwartz & Fenster, P.C and believes that all of these parties claims against it are without factual and legal support.

**E.      Academy Escrow's Allegations**

Academy Escrow released funds from escrow, as instructed by Boyd, acting within the scope of his disclosed agency.

### III. PRINCIPAL FACTUAL ISSUES

The principal factual issues in dispute are:

1) Who is responsible for the misappropriation of the funds loaned by Mr. Chandra.

2) Did Academy negligently cause the loan monies to be released to Garrett Boyd.

3) Did the Broker Defendants intentionally or negligently cause the loan monies to be released to Garrett Boyd.

4) Did Plaintiffs intentionally or negligently cause the loan monies to be released to Garrett Boyd.

5) When will funds be repaid to Chandra.

6) Did anyone participant in "Elder Financial Abuse" during the course of this transactions.

7) Did the Broker Defendants prepare appropriate loan documents.

8) Did Garrett Boyd operate as an agent of Robert A. Rasheed so that the doctrine of respondeat superior is applicable to impose liability on Robert A. Rasheed.

### IV. LEGAL ISSUES

A.  <u>Federal Truth in Lending Act</u>

Plaintiffs complaint includes causes of action against Chandra alleging violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with 15 USC sections 1601, et seq. and section 1640 ("TILA").  A legal issue exists as to whether Chandra is a "lender" or "creditor" subject to TILA.  A legal issue also exists as to whether the loan transaction, which was for investment purposes, is regulated by TILA.

B.  <u>Rosenthal Fair Debt Collection Practices Act</u>

Plaintiffs have alleged that Chandra and Schwartz & Fenster, P.C. have violated California Civil Code section 1788 et. seq., known as the Rosenthal Fair Debt Collections Practices Act ("FDCPA").  A legal issue exists as to whether Chandra and Schwartz & Fenster, P.C. are "debt collectors" or "creditors" as defined by FDCPA and therefore whether they are

subject to the Act.  An additional legal issue exists as to whether the FDCPA applies to this loan transaction and whether it meets the definition of "consumer credit."

C.    <u>California Elder Abuse and Dependent Adult Civil Protection Act</u>

Plaintiff Larry Brantley, Sr. has alleged that he is a victim of elder abuse as defined by California Welfare and Institutions Code sections 15600, et seq. Plaintiff alleges that Cross-Complainants had a fiduciary relationship with Plaintiff such that there is a presumption of fraud. A legal issue exists as to whether a fiduciary relationship existed between Plaintiff and Cross-Complainants, and therefore, whether fraud may be presumed.

D.    <u>The issue of Respondeat Superior and its applicability to Robert A. Rasheed</u>

The applicability of agency law and whether the doctrine of Respondeat Superior applies under the facts such that there would be imposition of liability on Robert A. Rasheed.

E.    Whether Garrett Boyd was acting within the scope of his disclosed agency when he instructed Academy Escrow to release funds from escrow.

## V.  MOTIONS

There are no prior or pending motions.  Cross-Complainants anticipate filing a motion for summary judgment at sometime in the future.  Defendant and Cross-Defendant Robert A. Rasheed and Premier Team Inc., also intends on filing a motion for summary judgment.

## VI.  AMENDMENT OF PLEADINGS

It is presently unknown if the pleadings need to be amended.

## VII.  EVIDENCE PRESERVATION

The parties have taken steps to preserve relevant evidence, including obtaining paper copies all relevant e-mails.  On April 21, 2008, counsel for Cross-Complainants wrote to all counsel and informed them of the need to preserve electronically-saved information, including e-mails.

## VIII.  DISCLOSURES

All parties herein have made a disclosure pursuant to Fed. R. Civ. P. 26(f).

### IX. DISCOVERY

The parties have engaged in Disclosure. Chandra and Schwartz & Fenster wish to take depositions of Plaintiffs and of persons most knowledgeable from Academy Escrow before mediation. It is their position that without these depositions, the mediation will not be fruitful. No depositions have been scheduled.

### X. RELATED CASES

Chandra and Schwartz & Fenster have initiated a non-judicial foreclosure and trustee's sale proceeding of the Plaintiffs' real property which was used to secure the loan that is the subject of this litigation. Plaintiffs caused the proceeding to be stayed pursuant to a temporary restraining order issued by the Family Law Division of Alameda Superior Court, in case number RF07355570.

### XI. RELIEF

A.  Plaintiffs

Actual damages in a sum not yet calculated, non-economic damages up to $250,000, treble or punitive damages according to proof, injunctive and declaratory relieve preventing foreclosure, and attorney's fees and costs.

B.  Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C.

1) Compensatory damages not less than $180,000, plus attorneys' fees, and contractual and prejudgment interest. These damages are calculated on the basis of the amount Chandra loaned to the Brantleys and which has not been repaid.

2) Equitable lien on all real property owned by Garrett Boyd as security to assure that Garrett Boyd repays the funds loaned by Chandra to Plaintiffs.

3) Equitable indemnity and/or contribution from all cross-defendants including attorneys fees and costs.

4) Declaratory Relief to determine Cross-Complainants' rights to equitable indemnity and/or contribution according to the principals of comparative fault; and to declare the rights, duties and obligations of the parties.

5) Attorneys fees and costs pursuant to *Prentice v. North Am Title Guar. Corp.* 59 Cal.2d.618.

6) Exemplary and punitive damages.

7) Enforcement of lien on Brantley's property as provided in the Deed of trust relating to the subject loan as soon as appropriate and/or as court allows.

C.    Cross-Complainant Robert A. Rasheed and Premier Team Inc.

1) Damages for breach of contract and breach of the covenant of good faith and fair dealing.

2) Damages under equitable, implied and express indemnity, punitive damages and attorney's fees and costs.

3) Declaratory Relief.

## XII. SETTLEMENT

The parties are participating in a court sponsored mediation. Pursuant to the order of the court, that mediation was to be completed by June 2, 2008 with attorney Richard Warren. However, the mediation could not be completed in light of conflicting schedules and the need to obtain and analyze additional disclosure documents so that the mediation could be fruitful. A mediation date of July 31, 2008 is now set with Mr. Warren. In order to position the parties to negotiate a potential resolution, the following discovery may be necessary: 1) discovery regarding the involvement of Academy Escrow, Inc. and the Broker Defendants in the loan transaction and escrow of the loan; and, 2) Plaintiffs involvement in and understanding of the loan transaction and escrow of the loan.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge for all purposes, but are willing to work with a magistrate for settlement negotiations.

## XIV. NARROWING OF ISSUES

The legal issues discussed above may be resolved by way of motion or agreement allowing one or more cause(s) of action to be dismissed.

### XV. EXPEDITED SCHEDULE

The parties believe at this time that this case can be handled on an expedited basis.

### XVI. SCHEDULING

The parties request that the proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial be postponed until after the July 31, 2008 mediation.

### XVII. TRIAL

Plaintiffs and Cross-Complainants have requested a jury trial. Trial will require six to ten court days.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L. R. 3-16, other than the named parties, the parties know of no other interested entities or persons.

DATED: June 5, 2008                    LAW OFFICE OF DOROTHY GUILLORY

By:   /s/
      DOROTHY GUILLORY
      Attorneys for Plaintiffs

DATED: June 5, 2008                    CHAPMAN & INTRIERI, L.L.P.

By:   /s/
      SHERYL A. TRAUM
      Attorneys for Defendants and Cross-Complainants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.

DATED: June 5, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

By:   /s/
      GREGORY M. GENTILE
      Attorneys for Defendant/Cross-Complainant/Cross-Defendant ROBERT RASHEED and Cross-Complainant PREMIER TEAM INC.

| | |
|---|---|
| DATED: June 5, 2008 | MANNING & MARDER KASS ELLROD RAMIREZ LLP |
| | |
| | By:   /s/ |
| | MICHAEL LLOYD SMITH, ESQ. |
| | Attorneys for Defendant/Cross-Defendant |
| | ACADEMY ESCROW |
| | |
| DATED: June 5, 2008 | SUTHERLAND \| MCCUTCHAN, LLP |
| | |
| | By:   /s/ |
| | EDWARD MCCUTCHAN |
| | Attorneys for Defendants/Cross-Defendants |
| | MODO REALTY, ROYAL CROWN MORTGAGE |