1  Sheryl A. Traum (SBN 139328)
   CHAPMAN & INTRIERI, L.L.P.
2  2236 Mariner Square Drive
   Third Floor, Suite 300
3  Alameda, California 94501-1090
   Telephone: (510) 864-3600
4  Facsimile: (510) 864-3601

5  Attorneys for Defendant and Cross-Complainants
   PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.
6

7

8             UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 LARRY TYRONE BRANTLEY, SR.,              Civil Action No. 3:07-cv-06139-SC
   ELLEN BRANTLEY,
11                                          **JOINT CASE MANAGEMENT
                                            CONFERENCE STATEMENT**
12          Plaintiff,

13     vs.                                  Date:       June 13, 2008
                                            Time:       10:00 a.m.
14 GARRETT BOYD, ROBERT A. RASHEED,         Dept:       Hon. Judge Conti
   MODO REALTY, INC., PRAVEEN
15 CHANDRA, ACADEMY ESCROW,
   SCHWARTZ & FENSTER, P.C., and DOES
16 1-10,                                    Complaint Filed:  December 4, 2007

17          Defendants.
   _____/
18
      AND RELATED CROSS-ACTIONS
19 _____/

20

21        The following parties hereby submit their the following joint case management

22 statement:  Plaintiffs/Cross-Defendants Larry Tyrone Brantley Sr., and Ellen Brantley;

23 Defendants/Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C.;

24 Defendant/Cross-Defendant/Cross-Complainant Robert A. Rasheed; Cross-Complainant Premier

25 Team Inc., Defendant/Cross-Defendant Academy Escrow; and Defendants/Cross-Defendants

26 Modo Realty, Inc. and Royal Crown Mortgage, Inc. (referred collectively herein as "Modo

27 Realty, Inc.").

28

RC1/5130485.1/BL1                    - 1 -

1

2          **I. <u>JURISDICTION AND SERVICE</u>**

3          The basis for this Court's subject matter jurisdiction over this action is that Plaintiffs'

4   complaint involves federal questions, therefore, this court has original jurisdiction pursuant to

5   United States Code, Title 28, Section 1331.  Plaintiffs' complaint includes causes of action

6   alleging violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z

7   and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with

8   15 USC sections 1601, et seq. and section 1640.

9          There is no issue regarding personal jurisdiction as all parties reside or have their

10   principal place of business in California.

11          All parties have been served except Garrett Boyd.  The parties have diligently attempted

12   to serve Garrett Boyd, who appears to be evading service. The parties propose that the deadline to

13   serve Garrett Boyd remain open while they continue their investigation and attempts to perfect

14   service.

15          Plaintiffs, Cross-Defendant  Robert A. Rasheed, Cross-Defendant  Modo Realty, Inc. ,

16   Cross-Defendant Royal Crown Mortgage and Cross-Defendant Academy Escrow, Inc. have

17   answered the Cross-Complaint.  Robert A. Rasheed and Premier Team Inc. have filed a separate

18   cross- complaint against Garrett Boyd for breach of contract, breach of the covenant of good faith

19   and fair dealing, indemnity and declaratory relief.

20          **II. <u>FACTS</u>**

21   **A.        <u>Plaintiffs' Allegations</u>**

22          According to Plaintiffs complaint, during the later part of 2006, "Garrett Boyd

23   approached the Brantley's in person with what he described as an investment opportunity.  Boyd

24   represented that he was in the process of acquiring a piece of valuable property, that he had other

25   investors, but needed one more. He further represented that all the Brantleys had to do was to

26   refinance their home for $180,000.00, then hold the $180,000 in escrow for about 60 days.  He

27   allegedly assured the Brantleys that the money in escrow would not be touched...and that at the

28   end of escrow, the money would be released back to the Brantleys.  He further stated that ...the

1  Brantleys would get $25,000 for allowing him to use their equity for the acquisition.  Boyd

2  further stated that he would acquire the lender, real estate company and escrow company to

3  handle the transaction."

4       It appears from the facts alleged in Plaintiffs' complaint that Boyd arranged for

5  Academy Escrow, Inc. to serve as the escrow agent for the loan, and MoDo Realty, Inc. to broker

6  the loan.

7       In May 2007, the Brantleys "signed a Short Form Second Deed of Trust on their home,

8  and a Straight Note for $205,000 which was due on July 1, 2007."  "In May 2007, Chandra...with

9  the cooperation of Academy Escrow, bank-wired the monies he was suppose to have placed in

10  escrow for the Brantleys directly to a private bank account at First Bank in Woodland Hills,

11  California.  Plaintiffs later learned that Boyd received their loan monies from this account."

12  Boyd admitted to the Brantleys that "he used the loan funds to pay the house notes on 4-5

13  properties he owns in the Eastbay."

14       "[I]n October, 2007, Schwartz & Fenster sent the Brantleys a Notice of Default on the

15  loan which the Brantleys never received."  "On October 23, 2007, Chandra and Schwartz &

16  Fenster caused to be posted on the door of the Brantleys residence a Notice of Trustee Sale

17  indicating that their home was going to be sold at public auction..." Plaintiffs obtained a

18  temporary restraining order to stop the foreclosure and filed this action in Alameda Superior

19  Court.

20  **B.**      **Praveen Chandra and Schwartz & Fenster, P.C.  Allegations**

21       MoDo Realty, Inc., also known as Royal Crown Mortgage, Inc. (hereinafter the "Broker

22  Defendants") approached Defendant and Cross-Complainant Praveen Chandra (hereinafter

23  "Chandra")  about providing a short term real estate loan to Plaintiffs.  The Broker Defendants

24  prepared and transmitted to Chandra all the necessary documents for the loan.  The loan

25  documents were signed by the Brantleys.  The escrow agent for the loan was Academy Escrow,

26  Inc. (hereinafter "Academy").  In and around May 2007, Chandra wired the $180,000 loan

27  monies to Academy Escrow, Inc.  Chandra entrusted the loan funds to Academy and the Broker

28  Defendants to transmit them to the Brantleys, who were the borrowers under the loan documents.

Academy Escrow, Inc. released the funds to Garrett Boyd.  The loan became due on July 1, 2007; however, the Plaintiffs did not and have not repaid the loan.  Soon thereafter, Chandra hired Schwartz & Fenster, P.C. to assist in the non-judicial foreclosure process and the related trustee's sale proceeding of the Plaintiffs' real property, which was used as security for the loan.  Although the trustee's sale was commenced, it has been stayed pursuant to a temporary restraining order related to the lawsuit filed by Plaintiffs, who claim they did not receive the loan funds.

**C.      Robert A. Rasheed and Premier Team Inc.'s Allegations**

Garrett Boyd entered into a contract with Premier Team Inc.   It is alleged that Boyd breached that contract in a number of ways  including but not limited to acting outside of the agency agreement.  At all times, Boyd was acting on his own and outside of any agency of Robert A. Rasheed and Premier Realty Inc.

**D.      Modo Realty Inc.'s Allegations**

Modo Realty, Inc., solely represented defendant/cross-complainant Praveen Chandra, the hard money lender in connection with the Brantley plaintiffs' refinance of their property. Modo Realty, Inc., was not the fiduciary for the Brantley plaintiffs and had no contact with them. Modo Realty, Inc., contends that there is no evidence to suggest that it provided wiring instructions to defendant/cross-complainant Praveen Chandra. Modo Realty, Inc., disputes the validity of the Brantley plaintiffs contentions and that of defendants/cross-complainants Praveen Chandra and Schwartz & Fenster, P.C and believes that all of these parties claims against it are without factual and legal support.

**E.      Academy Escrow's Allegations**

Academy Escrow released funds from escrow, as instructed by Boyd, acting within the scope of his disclosed agency.

### III.  PRINCIPAL FACTUAL ISSUES

The principal factual issues in dispute are:

1)  Who is responsible for the misappropriation of the funds loaned by Mr. Chandra.

2)  Did Academy negligently cause the loan monies to be released to Garrett Boyd.

3)  Did the Broker Defendants intentionally or negligently cause the loan monies to be released to Garrett Boyd.

4)  Did Plaintiffs intentionally or negligently cause the loan monies to be released to Garrett Boyd.

5)  When will funds be repaid to Chandra.

6)  Did anyone participant in "Elder Financial Abuse" during the course of this transactions.

7)  Did the Broker Defendants prepare appropriate loan documents.

8)  Did Garrett Boyd operate as an agent of Robert A. Rasheed so that the doctrine of respondeat superior is applicable to impose liability on Robert A. Rasheed.

### IV.  LEGAL ISSUES

A.  Federal Truth in Lending Act

Plaintiffs complaint includes causes of action against Chandra alleging  violations of Federal Truth in Lending Act, 15 USC section 1601, et seq., Regulation Z and Supp. 1 of Regulation Z at 12 CFR part 226, et seq., and seeking damages in accordance with 15 USC sections 1601, et seq. and section 1640 ("TILA").  A legal issue exists as to whether Chandra is a "lender" or "creditor" subject to TILA.  A legal issue also exists as to whether the loan transaction, which was for investment purposes, is regulated by  TILA.

B.  Rosenthal Fair Debt Collection Practices Act

Plaintiffs have alleged that Chandra and Schwartz & Fenster, P.C. have violated California Civil Code section 1788 et. seq., known as the Rosenthal Fair Debt Collections Practices Act ("FDCPA").  A legal issue exists as to whether Chandra and Schwartz & Fenster, P.C. are "debt collectors" or "creditors" as defined by FDCPA and therefore whether they are

1  subject to the Act.   An additional legal issue exists as to whether the FDCPA applies to this loan

2  transaction and whether it meets the definition of "consumer credit."

3  C.        California Elder Abuse and Dependent Adult Civil Protection Act

4          Plaintiff Larry Brantley, Sr. has alleged that he is a victim of elder abuse as defined by

5  California Welfare and Institutions Code sections 15600, et seq. Plaintiff alleges that Cross-

6  Complainants had a fiduciary relationship with Plaintiff such that there is a presumption of fraud.

7  A legal issue exists as to whether a fiduciary relationship existed between Plaintiff and Cross-

8  Complainants, and therefore, whether fraud may be presumed.

9  D.        The issue of Respondeat Superior and its applicability to Robert A. Rasheed

10         The applicability of agency law and whether the doctrine of Respondeat Superior applies

11  under the facts such that there would be imposition of liability on Robert A. Rasheed.

12  E.        Whether Garrett Boyd was acting within the scope of his disclosed agency when he

13  instructed Academy Escrow to release funds from escrow.

14                              **V.  MOTIONS**

15         There are no prior or pending motions.  Cross-Complainants anticipate filing a motion

16  for summary judgment at sometime in the future.  Defendant and Cross-Defendant Robert A.

17  Rasheed and Premier Team Inc., also intends on filing a motion for summary judgment.

18                      **VI.  AMENDMENT OF PLEADINGS**

19         It is presently unknown if the pleadings need to be amended.

20                      **VII.  EVIDENCE PRESERVATION**

21         The parties have taken steps to preserve relevant evidence, including obtaining paper

22  copies all relevant e-mails.  On April 21, 2008, counsel for Cross-Complainants wrote to all

23  counsel and informed them of the need to preserve electronically-saved information, including

24  e-mails.

25                              **VIII.  DISCLOSURES**

26         All parties herein have made a disclosure pursuant to Fed. R. Civ. P.  26(f).

27

28

RC1/5130485.1/BL1                        - 6 -

1

### IX.  DISCOVERY

2    The parties have engaged in Disclosure.  Chandra and Schwartz & Fenster wish to take

3    depositions of Plaintiffs and of persons most knowledgeable from Academy Escrow before

4    mediation.  It is their position that without these depositions, the mediation will not be fruitful.

5    No depositions have been scheduled.

6

### X.  RELATED CASES

7    Chandra and Schwartz & Fenster have initiated a non-judicial foreclosure and trustee's

8    sale proceeding of the Plaintiffs' real property which was used to secure the loan that is the

9    subject of this litigation.   Plaintiffs caused the proceeding to be stayed pursuant to a temporary

10   restraining order issued by the Family Law Division of Alameda Superior Court, in case number

11   RF07355570.

12

### XI.  RELIEF

13   A.    Plaintiffs

14   Actual damages in a sum  not yet calculated, non-economic damages up to $250,000,

15   treble or punitive damages according to proof, injunctive and declaratory relieve preventing

16   foreclosure, and attorney's fees and costs.

17   B.    Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C.

18   1)    Compensatory damages not less than $180,000,  plus attorneys' fees, and

19   contractual and prejudgment interest.  These damages are calculated on the basis of the amount

20   Chandra loaned to the Brantleys and which has not been repaid.

21   2)    Equitable lien on all real property owned by Garrett Boyd as security to assure

22   that Garrett Boyd repays the funds loaned by Chandra to Plaintiffs.

23   3)    Equitable indemnity and/or contribution from all cross-defendants including

24   attorneys fees and costs.

25   4)    Declaratory Relief to determine Cross-Complainants' rights to equitable

26   indemnity and/or contribution according to the principals of comparative fault; and to declare the

27   rights, duties and obligations of the parties.

28

RC1/5130485.1/BL1                               - 7 -

5)      Attorneys fees and costs pursuant to *Prentice v. North Am Title Guar. Corp.* 59 Cal.2d.618.

6)      Exemplary and punitive damages.

7)      Enforcement of lien on Brantley's property as provided in the Deed of trust relating to the subject loan as soon as appropriate and/or as court allows.

C.      <u>Cross-Complainant Robert A. Rasheed and Premier Team Inc.</u>

1)      Damages for breach of contract and breach of the covenant of good faith and fair dealing.

2)      Damages under equitable, implied and express indemnity, punitive damages and attorney's fees and costs.

3)      Declaratory Relief.

## XII.  <u>SETTLEMENT</u>

The parties are participating in a court sponsored mediation. Pursuant to the order of the court, that mediation was to be completed by June 2, 2008 with attorney Richard Warren. However, the mediation could not be completed in light of conflicting schedules and the need to obtain and analyze additional disclosure documents so that the mediation could be fruitful. A mediation date of July 31, 2008 is now set with Mr. Warren. In order to position the parties to negotiate a potential resolution, the following discovery may be necessary: 1) discovery regarding the involvement of Academy Escrow, Inc. and the Broker Defendants in the loan transaction and escrow of the loan; and, 2) Plaintiffs involvement in and understanding of the loan transaction and escrow of the loan.

## XIII.  <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>

The parties do not consent to a magistrate judge for all purposes, but are willing to work with a magistrate for settlement negotiations.

## XIV.  <u>NARROWING OF ISSUES</u>

The legal issues discussed above may be resolved by way of motion or agreement allowing one or more cause(s) of action to be dismissed.

## XV.  EXPEDITED SCHEDULE

The parties believe at this time that this case can be handled on an expedited basis.

## XVI.  SCHEDULING

The parties request that the proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial be postponed until after the July 31, 2008 mediation.

## XVII.  TRIAL

Plaintiffs and Cross-Complainants have requested a jury trial. Trial will require six to ten court days.

## XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L. R. 3-16, other than the named parties, the parties know of no other interested entities or persons.

DATED: June 5, 2008                    LAW OFFICE OF DOROTHY GUILLORY


By:     /s/
        DOROTHY GUILLORY
        Attorneys for Plaintiffs

DATED: June 5, 2008                    CHAPMAN & INTRIERI, L.L.P.


By:     /s/
        SHERYL A. TRAUM
        Attorneys for Defendants and Cross-
        Complainants PRAVEEN CHANDRA and
        SCHWARTZ & FENSTER, P.C.


DATED: June 5, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY


By:     /s/
        GREGORY M. GENTILE
        Attorneys for Defendant/Cross-
        Complainant/Cross-Defendant ROBERT
        RASHEED and Cross-Complainant
        PREMIER TEAM INC.

1   DATED: June 5, 2008                    MANNING & MARDER KASS ELLROD
                                           RAMIREZ LLP
2

3

4                                          By:  ___/s/_____
                                                MICHAEL LLOYD SMITH, ESQ.
5                                               Attorneys for Defendant/Cross-Defendant
                                                ACADEMY ESCROW
6

7

8   DATED: June 5, 2008                    SUTHERLAND | MCCUTCHAN, LLP

9

10
                                           By:  ___/s/_____
11                                              EDWARD MCCUTCHAN
                                                Attorneys for Defendants/Cross-Defendants
12                                              MODO REALTY, ROYAL CROWN
                                                MORTGAGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5130485.1/BL1                          - 10 -