1
2
3
4
5
6
7

8                    UNITED STATE DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  LARRY TYRONE BRANTLEY, SR.,              )   Civil Action No. 3:07-cv-06139-SC
    ELLEN BRANTLEY,                          )
12                                           )
                        Plaintiffs,          )   **JOINT CASE MANAGEMENT**
13                                           )   **CONFERENCE STATEMENT AND**
    vs.                                      )   **[PROPOSED] ORDER**
14                                           )
    GARRETT BOYD, ROBERT A. RASHEED,         )
15  MODO REALTY, INC., PRAVEEN CHANDRA,      )
    ACADEMY ESCROW, SCHWARTZ & FENSTER,      )
16  P.C., and DOES 1-10,                     )
                                             )
17                      Defendants.          )
                                             )
18  _____     )
                                             )
    AND RELATED CROSS-ACTION(S))             )
19  _____     )

20        The parties to the above-entitled action jointly submit this Case Management Statement and

21  [Proposed] Order and request the Court to adopt it as its Case Management Order in this case.

22  **I.     JURISDICTION AND SERVICE**

23        Plaintiffs LARRY TYRONE BRANTLEY, Sr. and ELLEN BRANTLEY filed an unlimited

24  civil jurisdiction action in the Superior Court of State of California, County of Alameda against

25  Defendants GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN

26  CHANDRA, ACADEMY ESCROW, and SCHWARTZ & FENSTER, P.C. on or about November 3,

27  2007.  Defendants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C. filed a Notice of

28  Removal on or about December 4, 2007, which was granted.

1    All Defendants have been served except for GARRETT BOYD.

2    The parties and pleadings are as follows:

3    Defendants LARRY TYRONE BRANTLEY, Sr. and ELLEN BRANTLEY, Plaintiffs in the

4    Complaint filed against the above-named Defendants.  PRAVEEN CHANDRA and SCHWARTZ &

5    FENSTER, P.C. have filed a Cross-complaint against LARRY TYRONE BRANTLEY, Sr., ELLEN

6    BRANTLEY, GARRETT BOYD, ROBERT A. RASHEED, MODO REALTY, INC., and ACADEMY

7    ESCROW.

8    All parties have stipulated to permit MODO REALTY, INC. to file a Cross-complaint.

9    All parties have stipulated to permit ACADEMY ESCROW ("ACADEMY") to file a Cross-

10   complaint.

11   All Cross-defendants in filed Cross-complaints have been served except BOYD.

12   **II.    FACTS**

13   **A.    <u>Plaintiff's Facts</u>**

14   Plaintiffs file a Complaint for damages containing the following causes of action:

15   1.    Declaratory and Injunctive Relief for violations of the California Elder Abuse

16   Independent Adult Civil Protection Act;

17   2.    Federal Truth in Lending Act;

18   3.    Rosenthal Fair Debt Collection Practices Act;

19   4.    Wrongful foreclosure;

20   5.    Quiet Title;

21   6.    Intentional Infliction of Emotional Distress;

22   7.    Fraud; and

23   8.    Negligence.

24   Plaintiffs' allege they were defrauded out of $180,000 by Defendant, GARRETT BOYD

25   ("BOYD"), a realtor and, at least at the time, boyfriend of their niece.  Per the Complaint, BOYD

26   convinced the Plaintiffs to take a loan out on their home secured by a Deed of Trust, the proceeds of

27   which he appears to have been planning on using to improve his own perceived balance sheet in

28   ///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

1    assisting him on a pending real estate investment. Boyd directed ACADEMY to wire the funds and has

2    acknowledged disbursing those funds in contravention of his agreement with Plaintiffs.

**B.    Cross-Complainants PRAVEEN CHANDRA and SCHWARTZ & FENSTER, P.C.'S Facts**

5    PRAVEEN CHANDRA ("CHANDRA") the lender, and SCHWARTZ & FENSTER, P.C.

6    ("SCHWARTZ") (CHANDRA and SCHWARTZ sometimes collectively referred to as

7    "Cross-Complainants"), the law firm he retained to move forward with the foreclosure when the

8    Plaintiffs failed to repay the loan and filed a cross-complaint containing the following cause of actions:

9       1.    Equitable Indemnity

10      2.    Apportionment of Fault;

11      3.    Declaratory Relief;

12      4.    General Negligence;

13      5.    Fraud, Deceit and Misrepresentation;

14      6.    Violation of Financial Code 17000;

15      7.    Professional Negligence;

16      8.    Conversion;

17      9.    Quiet Title;

18      10.    Equitable Lien;

19      11.    Unjust Enrichment; and

20      12.    Breach of Contract.

21   CHANDRA loaned Plaintiffs $180,000 secured by a Note and Deed of Trust on their residence.

22   It has not been paid pursuant to the terms of the Note and therefore CHANDRA seeks repayment of the

23   Note, plus interest and attorney fees, or leave to move forward with foreclosure proceedings on the

24   security interest.

**C.    Cross-Complainant MODO REALTY, INC.'s Facts**

26   MODO REALTY ("MODO") was the mortgage broker who solely represented

27   Defendant/Cross-Complainant PRAVEN CHANDRA, the hard money lender in connection with the

28   BRANTLEYS' refinance of their property. While BOYD may have initially contacted MODO for

-3-                D:\docsdata\mls\00 MLS\Brantley v. Boyd\Pleadings\JtCMCStmnt&PropOrd.wpd

assistance with seeking financing for certain real estate ventures, MODO located and put CHANDRA

in contact with the BRANTLEYS and BOYD and opened escrow with ACADEMY. MODO contends

that BOYD was the source of any misinformation or misrepresentation any party attributes to MODO.

**D.**     **Cross-Complainant ACADEMY'S Facts**

Defendant ACADEMY contends that they were informed by MODO that BOYD was the

BRANTLEYS' nephew, that the BRANTLEYS agreed to permit the Note and Deed of Trust to be

placed on their residence for purposes of securing the $180,000.00 loan for BOYD, that the loan

proceeds were ultimately for BOYD's use, that BOYD was represented to be the Plaintiff's designated

agent, constructive agent, and further acting with the knowledge and consent of Plaintiffs in dealings

with and issuing disbursement instructions to ACADEMY.

**E.**     **Defendant ROBERT A. RASHEED'S Facts**

RASHEED was a licensed California real estate broker working through PREMIER TEAM

INC., ("PTI"). RASHEED is both a defendant and Cross-Claimant and has named BOYD in a separate

Cross-claim for breach of contract and for express and implied indemnity. It is alleged at the time of

BOYD's dealings with BRANTLEY, BOYD was working under RASHEED's license. However,

RASHEED contends BOYD **was not** working as an agent for RASHEED at the time of BOYD's

alleged business dealings with Plaintiffs. At no time did RASHEED know anything about BOYD's

alleged interaction or business dealings with Plaintiffs. BOYD never used any of RASHEED's or PTI's

facilities or office to facilitate the "investment opportunity" and at all times was working on his own

and for his own benefit to facilitate his personal investment interests. Neither RASHEED nor PTI knew

anything about the BRANTLEYs until this lawsuit was served on him and never received any

commission. RASHEED fully intends upon filing a motion for summary judgment should he not be

dismissed from this lawsuit."

**III.    PRINCIPAL FACTUAL ISSUES**

1.     Whether BOYD was the Plaintiffs' express designated agent;

2.     Whether BOYD was the Plaintiffs' constructive agent;

3.     Whether BOYD was acting with knowledge and consent of the Plaintiffs in dealing with

ACADEMY;

D:\docsdata\mls\00 MLS\Brantley v. Boyd\Pleadings\JtCMCStmnt&PropOrd.wpd

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

4.      Whether BOYD was authorized by the Plaintiffs to direct and provide instruction to ACADEMY;

5.      Who is responsible for the misappropriation of the funds loaned by CHANDRA;

6.      Did ACADEMY negligently cause the loan monies to be released to BOYD;

7.      Did the broker Defendants negligently cause the loan monies to be released to BOYD;

8.      Did the Plaintiffs negligently cause the loan monies to be released to BOYD;

9.      When will funds be repaid to the lender CHANDRA;

10.     Did anyone participate in Elder Financial Abuse;

11.     Did the broker Defendants prepare appropriate loan documents;

12.     Was BOYD acting with the express or implied consent and authorization of the BRANTLEYS; and

13.     As BOYD had possession, custody, and control of the $180,000.00 loan proceeds, whether any other Defendant or Cross-defendant breached any duties to Plaintiff, or engaged in any acts or omissions which as a matter of law caused harm or damage to Plaintiff or other parties.

14.     Was BOYD operating as an agent of RASHEED so that the doctrine of respondeat superior is applicable to impose liability on RASHEED for any alleged misdeeds of BOYD.

## IV.    LEGAL ISSUES

Whether CHANDRA is a lender or creditor subject to TILA;

Whether this loan transaction is regulated by TILA;

Whether CHANDRA or SCHWARTZ are debt collectors or creditors as defined by the FDCPA;

Whether the FDCPA implies that this loan transaction meets the definition of consumer credit;

Whether a fiduciary relationship existed between Plaintiff LARRY TYRONE BRANTLEY, SR. and Defendants or Cross-defendants;

Whether BOYD was LARRY TYRONE BRANTLEY, SR.'S agent as a matter of law;

The applicability of agency law and whether the doctrine of Respondeat Superior applies under the facts such that there would be imposition of liability as to RASHEED;

Whether MODO had any duties to the BRANTLEYS and ACADEMY with respect to the distribution of monies out of escrow at any time pre close of escrow;

-5-

1    Whether MODO had any duties to any party with respect to the distribution of monies out of

2    escrow at any time post close of escrow; and

3    Whether MODO breached any duty owed to any party with respect to the distribution of monies

4    out of escrow at any time pre or post close of escrow.

5    **V.    MOTIONS**

6    None filed at this time.

7    RASHEED intends on filing a motion for summary judgment if not dismissed from this lawsuit.

8    **VI.    AMENDMENT OF PLEADINGS**

9    ACADEMY and MODO are in the process of  filing Cross-complaints against BOYD and

10   others.

11   **VII.    EVIDENCE PRESERVATION**

12   All parties who have appeared have served their initial disclosures and will supplement those

13   disclosures based upon additional investigation and discovery if they uncover additional responsive

14   documents and information.

15   **VIII.    DISCLOSURES**

16   All parties who have appeared in this case have served their Rule 26 Disclosures.

17   **IX.    DISCOVERY**

18   **The parties agree to the following plan:**

19   (a)    All parties agree to stay formal discovery until the [proposed] continued Case

20   Management Conference in December 2008, with the following exception: ACADEMY ESCROW is

21   authorised to serve Special interrogatories, Requests for Production of Documents, Requests for

22   Admissions on GARRETT BOYD, and notice and complete the deposition of Defendant and Cross-

23   Defendant, GARRETT BOYD, subpoena records from non-parties relevant to GARRETT BOYD, to

24   be completed prior to the continued Mediation session on December 3, 2008.

25   A revised Joint Case management Conference Statement will be submitted for the Court's

26   review prior to the [proposed] December 2008 continued Case Management Conference which will

27   include a specific discovery plan for the balance of the parties.

28   ///

D:\docsdata\mls\00 MLS\Brantley v. Boyd\Pleadings\JtCMCStmnt&PropOrd.wpd

(b)    <u>Close of Discovery</u>:    The revised Joint Case Management Conference Statement submitted for the proposed December 2008 continued Case Management Conference will address the parties' request for close of discovery.

(c)    <u>Expert Witness Disclosure</u>: The revised Joint Case Management Conference Statement submitted for the proposed December 2008 continued Case Management Conference will address the parties' request for the timing of the expert witness disclosure.

(d)    <u>Dispositive Motions</u>:    The revised Joint Case Management Conference Statement submitted for the proposed December 2008 continued Case Management Conference will address the parties' request for the deadline for dispositive motions.

**X.    RELATED CASES**

CHANDRA filed an action seeking to foreclose on the Deed of Trust on the BRANTLEY'S residence used to secure the original loan.

**XI.    RELIEF**

See pleadings.

**XII.    SETTLEMENT**

All parties who have appeared participated in private mediation with mediator Rick Warren on July 31, 2008. BOYD has been served with the CHANDRA Cross-complaint but has not appeared in the action and did not participate in the mediation. Loan proceeds were transferred to BOYD, and therefore he is a necessary party for resolution of this matter. ACADEMY agreed to the following: serve BOYD with a Cross-complaint, Notice of Deposition and Production of Documents, and aggressively endeavor to bring BOYD actively into the lawsuit, and engage in all necessary investigation and discovery needed to identify BOYD'S assets and ability to contribute towards settlement.

The mediation was continued to December 3, 2008 to permit ACADEMY time to complete its investigation, discover, and either serve BOYD with a Cross-complaint and Deposition Notice or, at a minimum, take his default.

///

///

-7-

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties do not consent to a Magistrate Judge for all purposes.

**XIV.  NARROWING OF ISSUES**

None at this time.

**XV.  EXPEDITED SCHEDULE**

None at this time.

**XVI.  SCHEDULING**

All parties request the Case Management Conference be continued to a date after December 3, 2008 to enable ACADEMY time to serve BOYD, complete his deposition, obtain his documents, and participate in the continued December 3, 2008 mediation session with Rick Warren.

**XVII. TRIAL**

All parties who have appeared in the case request a jury trial.  All parties request a trial be set at the continued [proposed] Case Management Conference in December 2008.

**XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no knowledge of any other interested persons.

///

///

///

///

///

///

///

///

///

///

///

///

///

D:\docsdata\mls\00 MLS\Brantley v. Boyd\Pleadings\JtCMCStmnt&PropOrd.wpd

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

## XIX.    ALTERNATIVE DISPUTE RESOLUTION

The parties have stipulated to and are participating in mediation with Rick Warren.

Dated:  August 1 , 2008

**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP

By: _____
    Michael L. Smith, Esq.

Attorneys for Defendant and Cross-Defendant,
ACADEMY ESCROW, INC.

Dated:  August 13, 2008

**LAW OFFICE OF DOROTHY GUILLORY**

By: _____/ S /_____
    Dorothy David Guillory, Esq.

Attorneys for Plaintiffs and Cross-Defendants,
LARRY TYRONE BRANTLEY, SR., and
ELLEN BRANTLEY

Dated:  August 13, 2008

**CHAPMAN & INTRIERI, L.L.P.**

By: _____/ S /_____
    Sheryl A. Traum, Esq.
    Karen M. St. Onge, Esq.

Attorneys for Defendants and
Cross-Complainants, PRAVEEN CHANDRA
and SCHWARTZ & FENSTER, P.C.

Dated:  August 13, 2008

**SUNDERLAND - McCUTHAN**

By: _____/ S /_____
    Edward McCutchan, Esq.
    Michael D. Maloney, Esq.

Attorneys for Defendant and
Cross-Defendant, MODO REALTY, INC.

Dated:  August 13, 2008

**ROPERS, MAJESKI, KOHN & BENTLEY**

By: _____/ S /_____
    Gregory M. Gentile, Esq.

Attorneys for Defendant and
Cross-Defendant, ROBERT A. RASHEED

-9-