IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY, <br><br> Plaintiffs, <br> v. <br><br> GARRETT BOYD, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No. 07-6139 SC <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY ADJUDICATION AGAINST ACADEMY ESCROW |

## I. INTRODUCTION

Defendants and Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C. ("Chandra") move the Court for summary judgment or summary adjudication in favor of Chandra on the causes of action in his First Amended Cross-Complaint against Cross-Defendant Academy Escrow. Docket No. 107 ("Motion"). Academy Escrow filed an Opposition and Chandra submitted a Reply. Docket Nos. 118, 120. Upon consideration of all the papers submitted, the Court concludes that the matter is appropriate for decision without oral argument. The Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

### A. Procedural Background

On December 4, 2007, Chandra removed this case from the Alameda County Superior Court. Docket No. 1 ("Notice of Removal"). Larry Brantley and Ellen Brantley ("the Brantleys") sued various parties, including Chandra, after an attempt was made to foreclose on their home due to failure to repay a $180,000 loan. See Notice of Removal, Ex. A ("Compl."). Chandra was the lender. Chandra Decl. ¶¶ 10-13.[1] Chandra filed a Cross-Complaint against various parties, including the escrow holder, Academy Escrow. Docket No. 7 ("Cross-Compl."). The Court granted Chandra leave to file an Amended Cross-Complaint, which was filed on June 30, 2009. Docket Nos. 103, 104 ("First Am. Cross-Compl.").

### B. Factual Background

On April 4, 2007, Garrett Boyd ("Boyd") emailed Sergei Klyazmin ("Klyazmin"), a real estate broker, about obtaining a loan. Traum Decl. Ex. 1(a)("Klyazmin Jan. 22, 2009 Dep.) at 38:4-8, 87:11-88:3, Ex. 12(b)("Apr. 4, 2007 Email").[2] Klyazmin was the broker and owner of Modo Realty, Inc. ("Modo"), and Royal Crown Mortgage ("Royal Crown"). Klyazmin Jan. 22, 2009 Dep. at 44:23-45:5; Traum Decl. Ex. 12(c) ("Klyazmin Email"). Klyazmin forwarded Boyd's email to his employee, Jessica Skiff ("Skiff"), a licensed real estate agent. Traum Decl. Ex. 2 ("Skiff Dep.") at 148:21-149:2; Klyazmin Email.

---

[1] Praveen Chandra filed a declaration in support of the Motion. Docket No. 107.

[2] Sheryl Traum, attorney at the law firm Chapman & Intrieri, LLP, filed a declaration in support of the Motion. Docket No. 108.

2

Skiff was under the impression that Boyd "needed some money to buy a home. His aunt and uncle [the Brantleys] were willing to put up their house and the borrower is going to repay this amount within a certain amount of days." Skiff Dep. at 108:17-20. In fact, Boyd was not related to the Brantleys. Traum Decl. Ex. 5 ("Larry Brantley Dep.") at 52:24-53:7, Ex. 6 ("Ellen Brantley Dep.") at 38:13-16. Boyd was a friend of the Brantleys' niece. Larry Brantley Dep. at 52:1-15. Boyd was telling people that he was related to the Brantleys "[s]o that they would feel a little more comfortable about lending to me." Traum Decl. Ex. 7 ("Traum Excerpts from Boyd Dep.") at 223:14-20. Boyd wanted the Brantleys to borrow $180,000 using their home as security, so that he could use the money to acquire another property. Davenport Decl.[3] Ex. A ("Davenport Excerpts from Boyd Dep.") at 85:3-6, 94:12-15. Boyd never acquired that other property. Id. at 90:8-22.

On April 5, 2007, Skiff contacted Chandra about whether he was interested in providing a short-term loan in the amount of $180,000 in exchange for an interest fee or money loan fee of $30,000. Skiff Dep. at 91:4-10; Chandra Decl. ¶ 2. The fee was eventually reduced to $25,000. Chandra Decl. ¶ 9. The loan was to be made to the Brantleys, who agreed to repay the loan on or before July 1, 2007, and the loan was secured by their real property located at 3120 San Andreas, Union City, California. See Traum Decl. Ex. 9(f) ("Note Secured by Deed of Trust"), Ex. 9(g)("Deed of Trust"). Boyd was not a party to the loan. See id.

---

[3] Scott Wm. Davenport, an attorney at the law firm of Manning and Marder, submitted a declaration in support of Academy Escrow's Opposition. Docket No. 119.

3

Skiff contacted Academy Escrow about being the escrow agent for the loan. Skiff Dep. at 106:14-107:14; Traum Decl. Ex. 3 ("Lyon Dep.") at 68:18-21.[4] The escrow number assigned to the Brantley transaction was 020615-AL. Traum Decl. Ex. 4 ("Nguyen Dep.") at 81:16-22. Academy Escrow prepared the Refinance Escrow Instructions, and the Additional Escrow Conditions and Instructions, dated April 24, 2007, which were initialed and signed by Larry Brantley and Ellen Brantley. Lyon Dep. at 203:21-204:11; Traum Decl. Ex. 9(d) ("Escrow Instructions").

Under Additional Escrow Conditions and Instructions, it states:

> 2. All funds received in this escrow shall be deposited with a State or National bank with other funds. Make disbursements by your check . . . . All documents and funds due the respective parties herein are to be mailed to the addresses set out below their respective signatures, unless otherwise instructed. . . .
>
> 3. Your duties hereunder shall be limited to the safekeeping of such money and documents received by you as escrow holder, and for the disposition of the same in accordance with the written instructions accepted by you in this escrow. . . .
>
> 7. NO NOTICE, DEMAND OR CHANGE OF INSTRUCTIONS SHALL BE OF ANY EFFECT IN THIS ESCROW UNLESS GIVEN IN WRITING BY ALL PARTIES AFFECTED THEREBY.

Id. at 2 (block capitals in original). At the end of the Escrow Instructions, Larry and Ellen Brantley signed as the borrowers, and the borrowers' address is listed as 3120 San Andreas Drive, Union City, CA 94587. Id. at 3.

Academy Escrow prepared the Note. Lyon Dep. at 203:21-204:11. It is dated April 26, 2007, and signed by Larry and

---

[4] Angelique Lyon worked for Academy Escrow and her deposition was taken in April 2009. See Traum Decl. Ex. 3.

Ellen Brantley, who promised to pay Chandra $180,000 with a one-time-only interest payment of $25,000 on or before July 1, 2007. See Note Secured by Deed of Trust.

Academy Escrow prepared the Deed of Trust. Lyon Dep. at 203:21-204:11. The Deed of Trust identifies the Brantleys as the Trustor, Academy Escrow as the Trustee, and Chandra as the Beneficiary. See Deed of Trust. It states that the Trustor irrevocably grants, transfers, and assigns to Trustee, with power of sale, the property known as 3120 San Andreas Drive, Union City, CA 94587. Id.

On May 3, 2007, Ann Nguygen ("Nguyen"), an Academy Escrow employee, emailed the wiring instructions to Chandra. Nguygen Dep. at 124:21-126:10; Traum Decl. Ex. 14 ("Nguygen May 3, 2007 Email"). The wiring instructions instructed Chandra to wire the funds to Bank of the West. Nguygen May 3, 2007 Email at 2. Chandra wired the funds for this escrow, and received confirmation. Nguygen Dep. at 127:7-17; Lyon Dep. at 95:7-9; Traum Decl. Ex. 9(h)("Funds Wired In"), Ex. 9(j)("Incoming Wire Report").

According to Boyd, he, Ellen Brantley, and Lyon of Academy Escrow had a telephone conversation shortly before the funds were transferred out of escrow. Davenport Excerpts from Boyd Dep. at 116:19-117:1; 117:8-118:6. According to Boyd, he instructed Lyon of Academy Escrow to wire the $180,000 into his account, and Ellen Brantley did not say the money was not supposed to be wired into Boyd's account. Id. at 292:4-16.

On May 4, 2007, after deducting fees, Academy Escrow wired $174,157 to Garrett Boyd's bank account. Lyon Dep. at

224:19-225:16; Traum Decl. Ex. 9(m)("Detail Report May 4, 2007"), Ex. 9(n)("Wire Detail Report"). Lyon, of Academy Escrow, had received verbal instructions from Boyd to wire the funds to his account, and was always under the impression that the money was going to Boyd. Lyon Dep. at 85:3-6, 217:12-21, 224:12-14, 240:24-25. A receipt entitled "Funds Wired Out," states that the funds were wired to "Larry Brantley and Ellen Brantley C/O GARRETT BOYD." Traum Decl. Ex. 9(l)("Funds Wired Out").

The loan came due on July 1, 2007. See Note Secured by Deed of Trust. The Brantleys refused to repay the loan claiming they never received the loan funds. Larry Brantley Dep. at 102:4-11; Ellen Brantley Dep. at 89:6-11. The Brantleys filed suit in Alameda County Superior Court after an attempt was made to foreclose on their property. See Compl.

### III. LEGAL STANDARD

"The standards and procedures for granting partial summary judgment, also known as summary adjudication, are the same as those for summary judgment." Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of demonstrating the absence of a genuine issue of fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To

6

survive a motion for summary judgment, the responding party must present competent evidence that creates a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

**IV. DISCUSSION**

    **A. Chandra's Fourth, Sixth, and Seventh Causes of Action**

Chandra contends he is entitled to summary adjudication regarding his fourth, sixth, and seventh causes of action. Mot. at 17. Chandra's fourth cause of action is for general negligence, the sixth cause of action is for statutory violations/negligence per se, and the seventh cause of action is for professional negligence. First Am. Cross-Compl. ¶¶ 33-38, 45-51, 52-56.

With regard to Chandra's cause of action for negligence per se, California law creates a rebuttable presumption of failure to exercise due care if a person violates a statute, the violation proximately causes an injury, the injury is of the type the statute is designed to prevent, and the injured party is a type of person the statute was meant to protect. Cal. Evid. Code § 669(a); see Newhall Land and Farming Co. v. Super. Ct., 19 Cal. App. 4th 334, 347 (Ct. App. 1993); see also Short v. State Comp. Ins. Fund, 52 Cal. App. 3d 104, 110 (Ct. App. 1975).

Chandra alleges that Academy Escrow violated California Financial Code section 17414, which regulates escrow agents, and which provides, in part, that:

> (a) It is a violation for any person subject to this division or any director, stockholder, trustee, officer, agent, or employee of any such person to do any of the following:
>
> (1) Knowingly or recklessly disburse or cause the disbursal of escrow funds otherwise than in accordance with escrow instructions, or knowingly or recklessly to direct, participate in, or aid or abet in a material way, any activity which constitutes theft or fraud in connection with any escrow transaction.
>
> (2) Knowingly or recklessly make or cause to be made any misstatement or omission to state a material fact, orally or in writing, in escrow books, accounts, files, reports, exhibits, statements, or any other document pertaining to an escrow or escrow affairs.

Cal. Fin. Code § 17414(a). Chandra contends that Academy Escrow knowingly disbursed the escrow funds otherwise than in accordance with the escrow instructions. Mot. at 17.

Here, there can be no dispute that Larry and Ellen Brantley were the borrowers of the money loaned by Chandra. See Escrow Instructions; Traum Decl. Ex. 9(e)("Amended Escrow Instructions"); Note Secured by Deed of Trust. The escrow instructions provide that all "funds due the respective parties herein are to be mailed to the addresses set out below their respective signatures, unless otherwise instructed." Escrow Instructions at 2. The same document identifies Larry Brantley and Ellen Brantley as the borrowers, and it provides their mailing address. Id. at 3.

Academy Escrow did not follow this instruction, but instead wired the funds into Boyd's bank account. Klyazmin Apr. 8, 2009 Dep. at 56:21-57:5; Lyon Dep. at 224:19-225:16;

Detail Report May 4, 2007; Wire Detail Report.  Academy Escrow did so knowingly because their software would have automatically entered the Brantleys as the recipients of the escrow funds, but someone at Academy Escrow manually entered Boyd as the recipient.  Lyon Dep. at 216:13-217:21.  Academy Escrow suggests that it was otherwise instructed because Boyd told them to wire the funds into his bank account.  Opp'n at 9-10.  According to Boyd, Ellen Brantley was on the line when Boyd told Angie Lyon to wire the funds to him and Ellen Brantley did not object.  See Davenport Excerpts from Boyd Dep. at 292:4-16.  Even if this claim is true, the instructions provide, in block capitals, that "NO NOTICE, DEMAND OR CHANGE OF INSTRUCTIONS SHALL BE OF ANY EFFECT IN THIS ESCROW UNLESS GIVEN IN WRITING BY ALL PARTIES AFFECTED THEREBY."  Escrow Instructions at 2.  Neither Chandra, the lender, nor the Brantleys, the borrowers, instructed Academy Escrow to wire the funds into Boyd's account.  Chandra Decl. ¶ 13; Lyon Dep. at 94:4-95:21, 220:24-221:1.  Nor did any of them do so in writing.  Therefore, the Court finds that Academy Escrow violated California Financial Code section 17414(a)(1).

In response, Academy Escrow contends that it was reasonable for Academy Escrow to assume that Boyd was the Brantley's agent.  Opp'n at 8-10.  This contention does nothing to rebut the Court's presumption that Academy Escrow failed to use reasonable care.  Even assuming, for the sake of argument, that Boyd was the Brantley's agent, the escrow instructions clearly state that any changes must be in

writing. See Escrow Instructions at 2. An escrow holder must comply strictly with the instructions. Amen v. Merced County Title Co., 58 Cal. 2d 528, 531-32 (1962). Boyd's request to have the instructions wired to him was not in writing. See Lyon Dep. at 85:3-6. Hence, even if Boyd was the Brantleys' agent, then Academy Escrow still knowingly disbursed the escrow funds otherwise than in accordance with the instructions. By doing so, Academy Escrow violated California Financial Code section 17414(a)(1).

It is also clear that Academy Escrow's violation of the statute injured Chandra. When Chandra sought to have his loan repaid from the borrowers, they were unable to do so, because the loan funds had never been sent to them. Larry Brantley Dep. at 102:4-11; Ellen Brantley Dep. at 89:6-11. The statute regulating escrow agents is designed to prevent this type of situation, and the statute clearly requires escrow agents to strictly comply with the escrow instructions in order to prevent harm to borrowers and lenders. Pursuant to California Evidence Code Section 669(a), the Court therefore presumes that Academy Escrow failed to exercise reasonable care and is liable for negligence per se.

Academy Escrow points out that escrow instructions do not always have to be in writing. Opp'n at 7. However, the cases Academy Escrow cites in support of that proposition hurt, rather than help, its case. In Kirk Corporation v. First American Title Company, the court noted that escrow instructions can be oral. 220 Cal. App. 785, 807 (Ct. App. 1990). However, in that case, the court also noted that in

the event of a conflict or apparent error in instructions, the escrow holder is obliged to take corrective steps before obeying questionable instructions. Id. Here, prior to disbursing the funds to Boyd's bank account, Academy Escrow did not check with the lender or the borrowers to see if they authorized Boyd to receive the escrow funds. Lyon Dep. at 94: 13-17.

Academy Escrow relies on Claussen v. First America Title Guaranty Company, 186 Cal. App. 3d 429 (Ct. App. 1986). In that case, the Court determined that an oral inquiry concerning whether a down payment had been received in escrow did not constitute an escrow instruction. Id. at 437. Similarly here, Boyd's oral instruction should not have been followed, particularly since it conflicted with the written instructions, and the instructions required any change to be provided by the parties in writing.

Academy Escrow cites to other cases in support of the general proposition that escrow instructions can be oral as well as written. Opp'n at 7; Whiteman v. Leonard Realty Co., 189 Cal. App. 2d 373, 376 (Ct. App. 1961); Zang v. Northwestern Title Co., 135 Cal. App. 3d 159, 167-68 (Ct. App. 1982); Kelly v. Steinberg, 148 Cal. App. 2d 211, 217 (Ct. App. 1957); Kern v. Henry, 138 Cal. App. 46, 52 (Ct. App. 1934). However, in this case, the instructions clearly provided that any changes to the instructions had to be given in writing by all the parties affected thereby. See Escrow Instructions at 2. Academy Escrow failed to comply with this instruction. Therefore, the Court GRANTS summary adjudication in favor of

Chandra and against Academy Escrow on Chandra's sixth cause of action for negligence per se and his fourth cause of action for negligence.[5]

### B. Chandra's Twelfth Cause of Action for Breach of Contract

Chandra moves for summary adjudication on his twelfth cause of action for breach of contract. Mot. at 18. If the escrow instructions are in writing and the escrow holder accepts them or if the escrow holder prepares the instructions, offers to perform them, and the buyer and seller accept the offer, an action for failure to comply with the instructions is on a written contract. Amen v. Merced County Title Co., 58 Cal. 2d 528, 532 (1962). If the escrow holder violates the instructions, then liability attaches for breach of contract. Garton v. Title Ins. & Trust Co., 106 Cal. App. 3d 365, 381 (Ct. App. 1980).

Here, Academy Escrow failed to follow its own instructions, which required the money in escrow to be disbursed to the borrowers. Instead, Academy Escrow deposited the money in escrow into Boyd's bank account. See Part IV(A), supra. Academy Escrow prepared the instructions, see Lyon

---

[5] While proof of a statutory violation creates a presumption of negligence, Chandra has not cited any authority showing that violation of a statute creates a presumption of professional negligence. A professional has a duty to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise. See Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1199 (2001); Barragan v. Lopez, 156 Cal. App. 4th 997, 1004 (Ct. App. 2007). Chandra's brief contains no discussion of that standard and no discussion of how and whether it applies to escrow agents. The Court DENIES the motion for summary adjudication on the seventh cause of action for professional negligence.

12

Dep. at 101:3-5, and there is nothing ambiguous about the terms of this contract. The instructions state that escrow funds were to be mailed to the borrowers' address. See Escrow Instructions at 2. There is no dispute that Academy Escrow failed to comply with this clear instruction. Therefore the Court finds that Academy Escrow is liable to the lender for breach of contract. The Court GRANTS Chandra's motion for summary adjudication on his twelfth cause of action for breach of contract.

### C. Chandra's Thirteenth Cause of Action for Breach of Fiduciary Duty

Chandra moves for summary adjudication on his thirteenth cause of action for breach of fiduciary duty. Mot. at 19. Escrow holders owe fiduciary duties to the parties to the escrow, including the duty to strictly comply with the escrow instructions. Kangarlou v. Progressive Title Co., Inc., 128 Cal. App. 4th 1174, 1179 (Ct. App. 2005). Here, there is no genuine issue that Academy Escrow failed to comply with the escrow instructions. See Part IV(A), supra. Chandra is entitled to summary adjudication in his favor and against Academy Escrow on his thirteenth cause of action for breach of fiduciary duty.

### D. Chandra's Fifth Cause of Action for Fraud

Chandra contends that Academy Escrow engaged in fraud. Mot. at 21. Fraud is an intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Cicone v. URS Corp., 183

13

Cal. App. 3d 194, 200 (Ct. App. 1986). Chandra's motion contains no discussion of how or whether Academy Escrow intended to defraud Chandra. The Court DENIES Chandra's motion for summary adjudication on his fifth cause of action for fraud.

### E. Chandra's Third Cause of Action

Chandra's third cause of action seeks declaratory relief in the form of a judicial determination that "Cross-Defendants are obligated to partially or fully indemnify [Chandra] for sums [Chandra] may expend in the defense of this matter and/or may be compelled to pay to any party herein, including all attorney's fees and costs incurred." First Am. Cross-Compl. ¶¶ 30-32. Now, Chandra seeks summary judgment on his claim for attorney's fees. Mot. at 21-23. As this "cause of action" is ultimately a request for relief, in order to weigh it the Court must look to the underlying claims. See, e.g., Weiner v. Klais and Co., Inc., 108 F.3d 86, 92 (6th Cir.1997) ("With regard to Count IV, in which plaintiff seeks declaratory relief, plaintiff has merely asserted a form of relief, not a cause of action. Plaintiff is not entitled to this relief in the absence of a viable claim."). The Court has addressed Chandra's viable claims in other sections of this Order, and the Court addresses Chandra's request for attorney's fees below. The Court therefore DENIES Chandra's motion for summary adjudication on the third cause of action.

### F. Chandra's Eighth Cause of Action for Conversion

Chandra moves for summary adjudication on his eighth cause of action for conversion. Mot. at 23. California

14

courts generally identify three elements required to establish a cause of action for conversion: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. See e.g., PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (Ct. App. 2007). Chandra alleges that Academy Escrow exercised dominion over Chandra's funds and participated in Boyd's theft of the loan funds. Mot. at 23. The Court finds that there are genuine issues of material fact as to whether Academy Escrow participated in Boyd's theft of the funds because Boyd has not been found guilty of theft and the evidence suggests Academy Escrow had no prior knowledge that Boyd would spend the money. See Lyon Dep. at 96:5-99:16. The Court DENIES Chandra's motion for summary adjudication on the eighth cause of action for conversion against Academy Escrow.

### G.   Chandra's Second Cause of Action

Chandra's second cause of action states that "[i]f Plaintiffs recover a judgment against [Chandra] and Cross-Defendants . . . such judgment should be apportioned between [Chandra] and the Cross-Defendants, and each of them, on theories of relative fault, equitable indemnity, partial or total indemnity." First Am. Cross-Compl. ¶ 29. Now Chandra moves for summary judgment on the grounds that he is entitled to apportionment of fault against Academy Escrow. Mot. at 23-4. This motion is premature because the Plaintiffs have not recovered a judgment against Chandra and the Cross-Defendants
15

in this action. The Court DENIES Chandra's request for summary adjudication on the second cause of action.

### H. Superceding Cause

Academy Escrow contends that Boyd's conduct is a superseding cause of harm which precludes a grant of summary adjudication. Id. at 12-13. The Court rejects this contention. Here, Academy Escrow's failure to comply with the escrow instructions makes Academy Escrow liable for negligence, negligence per se, breach of contract, and breach of fiduciary duty. Courts can find escrow holders liable even though other parties may also be at fault. See Lee v. Escrow Consultants, Inc., 210 Cal. App. 3d 915, 918-20, 923-24 (Ct. App. 1989)(finding escrow holder can be liable for breach of its duties where sellers misrepresented their property interest to induce plaintiff to put money in escrow and where escrow amendment authorizing release of funds bore forged signature of plaintiff).

### I. Chandra's Damages

Having found that Chandra is entitled to summary adjudication against Academy Escrow on his claim for negligence per se, negligence, breach of contract, and breach of fiduciary duty, the Court finds that Academy Escrow is liable for Chandra's losses. See Amen, 58 Cal. 2d at 532 ("if the escrow holder acts negligently, 'it would ordinarily be liable for any loss occasioned by its breach of duty.'" (quoting Rianda v. San Benito Title Guar. Co., 35 Cal. 2d 170, 173 (1950))). The Court finds Academy Escrow is liable for Chandra's loss of the $180,000 that he wired in accordance

with the instructions provided by Academy Escrow. While Chandra contends that Academy Escrow should also be held liable for the $25,000 interest fee, the Brantleys were supposed to pay the interest fee, not Academy Escrow. See Note Secured by Deed of Trust. In his Reply, Chandra contends that:

> ACADEMY is free to seek indemnity or reimbursement from the others who may have contributed to this loss, but CHANDRA should not be dragged through that litigation simply because ACADEMY suspects it can show that other parties might be found to have contributed to the loss.

Reply at 11.

The Court agrees. However, based on the other causes of action, Chandra prays for forms of relief that go beyond getting back his $180,000, such as his request for punitive damages. See id. at 30-31. At this time, therefore, the Court will not enter a judgment in favor of Chandra and against Academy Escrow.

However, if within the next thirty (30) days, Chandra and Schwartz & Fenster P.C. move the Court for voluntary dismissal of the other causes of action in the First Amended Cross-Complaint, and if they move the Court for voluntary dismissal of the fourth, sixth, twelfth, and thirteenth causes of action against all parties other than Academy Escrow, and if the motion for voluntary dismissal is granted, then the Court will enter a judgment in favor of Cross-Complainant Chandra and against Cross-Defendant Academy Escrow in the amount of $180,000. Otherwise, Chandra will have to wait until this case is disposed of in its entirety before the Court will

enter a judgment.  Once judgment is entered, Chandra will have fourteen (14) days to file a motion for an award of pre-judgment interest and attorney's fees.

**V.  CONCLUSION**

For the reasons stated above, the Motion for Summary Judgment or Summary Adjudication against Academy Escrow filed by Defendants and Cross-Complainants Praveen Chandra and Schwartz & Fenster, P.C. is GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED in favor of Cross-Complainant Praveen Chandra with respect to the fourth cause of action for negligence, the sixth cause of action for negligence per se, the twelfth cause of action for breach of contract, and the thirteenth cause of action for breach of fiduciary duty against Academy Escrow in the First Amended Cross-Complaint of Praveen Chandra and Schwartz & Fenster, P.C.  The Motion is DENIED with respect to the first, second, third, fifth, seventh, eighth, ninth, tenth, and eleventh causes of action against Academy Escrow.

IT IS SO ORDERED.

Dated: November 19, 2009

UNITED STATES DISTRICT JUDGE