UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., ELLEN BRANTLEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>GARRET BOYD, ROBERT A. RASHEED, MODO REALTY, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, SCHWARTZ & FENSTER, P.C., and DOES 1-10,<br><br>    Defendants.<br>_____<br>AND ALL RELATED ACTIONS.<br>_____ | Case No. 07-6139 SC<br><br>ORDER RE: NOTICE OF <u>BANKRUPTCY FILING</u> |

On November 18, 2009, Larry and Ellen Brantley ("the Brantleys") notified the Court that they filed for Chapter 13 Bankruptcy. Docket No. 128. The automatic stay prohibits the continuation of pending actions against the debtors, the Brantleys. <u>See</u> 11 U.S.C. § 362(a)(1). The automatic stay is a means of preserving the status quo for the trustee or the debtor. <u>In re Merrick</u>, 175 B.R. 333, 336 (9th Cir. BAP 1994). The Ninth Circuit has determined that:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective

proceedings are subject to the bankruptcy stay. <u>Parker v. Bain</u>, 68 F.3d 1131, 1137 (9th Cir. 1995)(quoting <u>Maritime Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1204-05 (3d Cir. 1992)). Therefore, any party filing a future motion in this case must include in the motion an explanation of why it is not subject to the bankruptcy stay.

IT IS SO ORDERED.

Dated: November 23, 2009

UNITED STATES DISTRICT JUDGE