IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR.; and ELLEN BRANTLEY,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>GARRETT BOYD; MODO REALTY, INC.; ROYAL CROWN MORTGAGE, INC.; SERGEI KLYAZMIN; and ACADEMY ESCROW,<br><br>　　　　　Defendants. | Case No. 07-6139 SC<br><br>ORDER DENYING AS MOOT KLYAZMIN DEFENDANTS' MOTION TO STRIKE |

Before the Court is a Motion to Remove Plaintiffs' Counsel's Objection to the Declaration and Written Report of Harold Justman as Untimely, filed by Defendants Modo Realty, Inc., Royal Crown Mortgage, Inc., and Sergei Klyazmin (collectively, "the Klyazmin Defendants").[1] ECF No. 219 ("Mot.").[2] The Motion is fully briefed. ECF Nos. 222 ("Opp'n"), 225 ("Reply"). For the following reasons, the Court DENIES the Motion AS MOOT.

The Court has described the facts of this protracted case previously and does not repeat them here. See ECF No. 129. This Motion arises from events surrounding Plaintiffs' April 2011 motion for partial summary judgment against the Klyazmin Defendants. ECF

---

[1] Sergei Klyazmin ("Klyazmin") is the sole owner of Modo Realty, Inc. and Royal Crown Mortgage, Inc. See ECF No. 197 ("Apr. 1, 2011 Order") at 2.

[2] The document noticing the Motion is incorrectly filed as "Motion" in ECF. See ECF No. 218. The Motion is incorrectly filed as an "Affidavit" in ECF. See ECF No. 219.

1  No. 168 ("Pls.' MSJ").  In support of their opposition to
2  Plaintiffs' MSJ, the Klyazmin Defendants submitted a written report
3  by Harold Justman ("Justman"), with a signature dated January 19,
4  2011, and a proof of service dated January 28, 2011.  ECF No. 181
5  ("2011 Justman Report").  Plaintiffs objected that the report was
6  not disclosed during discovery.  ECF Nos. 194 ("Defs.' Reply to
7  Pls.' MSJ"), 195 ("Guillory Decl.").[3]

8  On April 1, 2011, the Court denied Plaintiffs' MSJ.  ECF No.
9  197 ("Apr. 1, 2011 Order").  In its order, the Court stated that
10 Justman's testimony was inadmissible because no report had been
11 disclosed.  Id. at 20-21.  The inadmissibility of Justman's
12 testimony had no impact on the Court's ruling.  Id.

13 On April 5, 2011, the Klyazmin Defendants filed a declaration
14 attesting that they had in fact served Plaintiffs with an expert
15 report prepared by Justman during discovery.  ECF No. 200.  They
16 attached a copy of a report signed by Justman on June 3, 2009
17 (hereinafter "the 2009 Justman Report"), with proof of service
18 dated June 10, 2009.  Id.  The 2009 Justman Report differs from the
19 2011 Justman Report.

20 The Klyazmin Defendants now request that Plaintiffs' objection
21 to the 2011 Justman report be "stricken from the record."  Mot. at
22 8.  In opposition, Plaintiffs maintain that they never received any
23 report by Justman during discovery.  See Opp'n.  In reply, the
24 Klyazmin Defendants insist that they served the 2009 Justman Report
25 on Plaintiffs, and they contend that it was "essentially the same"
26 as the 2011 Justman Report.  Reply at 3.

---

[3] Dorothy Guillory ("Guillory"), counsel for Plaintiffs, filed a declaration in support of Plaintiffs' MSJ reply.

2

The Court reopened discovery in this case on April 29, 2011. See ECF No. 211. Discovery will now close on December 20, 2011, with trial scheduled to commence on February 20, 2012. Id. The Klyazmin Defendants therefore have ample time to ensure that they have complied with all expert disclosure requirements before trial. Pursuant to Rule 37, expert witnesses will not be permitted to testify at trial to opinions not properly disclosed during discovery.

Accordingly, the Court DENIES AS MOOT the Motion to Remove Plaintiffs' Counsel's Objection to the Declaration and Written Report of Harold Justman as Untimely, filed by Defendants Modo Realty, Inc., Royal Crown Mortgage, Inc., and Sergei Klyazmin.

IT IS SO ORDERED.

Dated: August 9, 2011    

UNITED STATES DISTRICT JUDGE