IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR.; and ELLEN BRANTLEY,<br><br>    Plaintiffs,<br> v.<br><br>GARRETT BOYD; MODO REALTY, INC.; ROYAL CROWN MORTGAGE, INC.; SERGEI KLYAZMIN; and ACADEMY ESCROW,<br><br>    Defendants. | ) Case No. 07-6139 SC<br>)<br>) ORDER GRANTING PLAINTIFFS'<br>) MOTION FOR RELIEF FROM<br>) <u>DISMISSAL</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Before the Court is a Motion for Relief from Dismissal under Federal Rule of Civil Procedure 60 filed by Plaintiffs Larry Brantley and Ellen Brantley ("Plaintiffs" or "the Brantleys"). ECF No. 262 ("Mot."). For the following reasons, the Court GRANTS Plaintiffs' Motion.

  On August 2, 2011, Plaintiffs' former counsel Dorothy Guillory ("Guillory") filed a motion to withdraw as counsel. ECF No. 234. In support of her motion, Guillory submitted a brief and an affidavit explaining that a conflict of interest and irreconcilable differences had arisen that precluded her from continuing to represent Plaintiffs. ECF Nos. 235 ("M. of P. & A."), 236 ("Guillory Decl."). Guillory also sent Plaintiffs a letter via certified mail informing them in bold type that the Court would hold a hearing on the motion to withdraw on September 9, 2011, and that "[t]he Court requires your presence at this hearing." ECF No. 237.

On September 9, 2011, the Court held a hearing on the Guillory's motion. Plaintiffs failed to attend. Guillory presented the Court with a certified mail receipt signed by Plaintiffs demonstrating that they received her letter. Guillory stated that she had spoken with Plaintiffs by telephone the morning of the hearing to remind them to appear, but that Plaintiffs denied any knowledge of the hearing and declared that they would not attend. Due to Plaintiffs' absence, the Court continued the hearing on the Motion until November 18, 2011. The Court issued, and served upon the Brantleys, an order to show cause instructing them that if they did not appear at the November 18 hearing their case would be dismissed. ECF No. 252. Plaintiffs failed to appear at the hearing on November 18, 2011. The Court granted Guillory's motion to withdraw as Plaintiff's lawyer, and the Court dismissed the case. ECF No. 259.

Plaintiffs now ask the Court to set aside the order of dismissal. Mot. at 2. They have submitted declarations stating that they arrived at the November 18 hearing fifteen minutes late because of a ticketing malfunction at the subway station and because of confusion about where the proper courtroom was located once they reached the courthouse. ECF Nos. 263, 264. They ask the Court to find that their failure to appear was due to excusable neglect. Mot. at 3.

Under Federal Rule of Civil Procedure 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] mistake, inadvertence, surprise, or excusable neglect." The Court finds Plaintiffs'

failure to arrive at the November 18 hearing on time excusable neglect and therefore VACATES its order of dismissal.

The Court will provide Plaintiffs one final opportunity to appear personally before the Court to show cause why their case should not be dismissed for failure to prosecute. Accordingly, Plaintiffs are ORDERED to appear personally before the Court on January 27, 2012 at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. If Plaintiffs do not appear on time as ordered, the Court will dismiss their case with prejudice and will not entertain a future motion for relief.

IT IS SO ORDERED.

Dated: December 16, 2011

UNITED STATES DISTRICT JUDGE