UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY TYRONE BRANTLEY, SR., and ELLEN BRANTLEY<br><br>Plaintiffs,<br><br>v.<br><br>GARRETT BOYD, SERGEI KLYAZMIN, MODO REALTY, INC., ROYAL CROWN MORTGAGE, INC., PRAVEEN CHANDRA, ACADEMY ESCROW, and SCHWARTZ & FENSTER P.C.<br><br>Defendants. | Case No. 07-cv-06139 NC<br><br>**ORDER DENYING MOTION TO DISCLOSE TERMS OF CONFIDENTIAL SETTLEMENT AGREEMENTS**<br><br>Re: Dkt. No. 320 |

Third parties Jennine Grigsby and Janay Kennedy ask this Court to order plaintiffs Larry Tyrone Brantley and Ellen Brantley to disclose the terms and amount of the confidential settlement agreements the Brantleys entered into with defendants in this case. The Brantleys oppose the motion. The issue is whether Grigsby and Kennedy have demonstrated a sufficiently compelling need for the Court to abrogate the parties' expectation of confidentiality. Because they have not, the Court DENIES the motion.

## I. BACKGROUND

The Brantleys are husband and wife and owners of the property at 3120 San Andreas Drive, Union City, California. Brantleys' First Amended Complaint ("FAC") ¶ 1, Dkt. No. 125 at 2. They brought suit in state court alleging that defendant Garrett Boyd had

orchestrated a fraudulent real estate scheme, stolen $180,000 from them, and forced them into non-judicial foreclosure. *See generally* Dkt. No. 125. Defendants Sergie Klyazmin, ModoRealty, Inc., Royal Crown Mortgage, Inc., Academy Escrow, Praveen Chandra, and Schwartz & Fenster, P.C., were also named in the action for their roles in the transaction. *Id.* On December 6, 2007, Chandra removed the action to federal court because the Brantleys claimed violations of federal laws over which federal courts would have original jurisdiction. Dkt. No. 1. Judge Conti reassigned the case to this Court on May 24, 2012. Dkt. No. 277.

The Brantleys settled with all defendants except Boyd. Dkt. No. 311 at 1. On January 29, 2013, the Brantleys moved for default judgment against Boyd. Dkt. No. 311.

Grigsby and Kennedy are plaintiffs in a state court action against the Brantleys arising out of a landlord-tenant relationship. Dkt. No. 320 at 3. They allege that their action is related to the property at 3120 San Andreas Drive in Union City, which was the property underlying the fraudulent real estate transaction in this case. *Id.* Grigsby and Kennedy seek punitive damages against Ellen Brantley in their state court action, and thus seek to learn the amount of the settlements the Brantleys entered into with defendants in this suit. *Id.*

The Brantleys oppose the motion arguing that it undermines the strong public policy in favor of promoting settlement through confidentiality and that Grigsby and Kennedy have not identified a justifiable reason to abandon this policy.[1] Dkt. No. 321 at 4.

## II. DISCUSSION

The settlements at issue were not filed with the Court, and thus there is no presumption of public access as there is with other court documents and records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unlike a party to litigation seeking

---

[1] Defendants and cross-claimants Sergei Klyazmin, Modo Realty, Inc., and Royal Crown Mortgage, Inc., have disclosed the amount of the settlement they paid to the Brantleys in their motion for default judgment against defendant Garrett Boyd. Because the Brantleys settled with three other defendants, however, the Court determines that they have not waived their right to maintain the confidentiality of the other settlement agreements.

discovery, who would have to meet the relevance threshold under Federal Rule of Civil Procedure 26, or a party to litigation seeking to seal a confidential agreement, who would have to demonstrate good cause or compelling reasons, Grigsby and Kennedy are not parties to this dispute. Moreover, this Court has no power over the discovery mechanisms of the action to which they are parties and in which they seek to use the settlement agreement. In fact, Grigsby and Kennedy cite no authority that would authorize this Court to compel disclosure of a privately settled, confidential settlement agreement to be used in another proceeding in another court.

In *Flynn v. Portland Gen. Elec. Corp.*, plaintiffs in an age discrimination suit sought to compel discovery of a settlement of another age discrimination case brought against the defendant. Case No. 88-cv-455 FR, 1989 WL 112802, *1 (D. Or. Sept. 21, 1989). The district court found that "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *Id.* *2. In analyzing the plaintiffs' claims, the court concluded that plaintiffs had failed to show a sufficient need for the settlement agreement and that the facts of the instant case were sufficiently distinguishable from the case that settled. *Id.* The plaintiff in the settling case had worked in a different department and was terminated in a different year. *Id.* at *1. Other district courts have similarly adopted this reasoning and denied subpoenas of confidential settlement agreements where the requesting party has not made a sufficient showing of relevance and need. *See Kalinauskas v. Wong*, 151 F.R.D. 363, 366-67 (D. Nev. 1993) (requiring showing of "compelling need to obtain discovery applies to discovery of the specific terms the settlement agreement (i.e., the amount and conditions of the agreement)," but allowing deposition of settlor regarding underlying facts of claim and settlement where lawsuits were near duplicates, deposition would likely lead to relevant evidence of similar conduct, no prejudice or injury likely to result from disclosure, and the agreement provided that a court could order disclosure); *Barbine v. Keystone Quality Transp.*, Case No. 03-cv-3426, 2004 WL 834709, *1 (E.D. Pa. Apr. 16, 2004) (citing *Flynn* and denying subpoena of confidential settlement agreement absent compelling justification

where terms of agreement had "no bearing" on requesting party's claims, employer's decision-making process, or employee experience); *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 461-62 *aff'd sub nom. Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42 (N.D.N.Y. 1999) (denying defendants' motion to compel discovery of the terms and circumstances surrounding settlement "[b]ased upon the strong showing of good cause made by settling parties plaintiff and third party, substantial public interest in maintaining confidentiality of settlements, and the slight, if any, relevance demonstrated by [defendants]").

Here, Grigsby and Kennedy have not shown how the circumstances underlying the Brantleys' settlements with defendants in this case are relevant to their landlord-tenant dispute with the Brantleys. Grigsby and Kennedy assert that they seek the total amount of the settlements in order to calculate punitive damages against Ellen Brantley, but the specific terms and amount of a settlement agreement have been denied by other district courts even where the requesting party has shown that the facts of the cases are similar and disclosure is warranted by the terms of the agreement. In the absence of any compelling reason proffered by Grigsby and Kennedy to order confidential terms of a private agreement disclosed, and in light of the Brantleys' objection, the Court DENIES the motion.

IT IS SO ORDERED.

Date: April 25, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 07-cv-06139 NC
ORDER DENYING MOTION TO
DISCLOSE SETTLEMENT AMOUNTS
4